## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICHELLE DEULEY, Individually, and in her** ) | |
| **Capacities as Surviving Spouse of John Deuley,** ) | |
| **as Executrix of the Estate of John Deuley, Deceased** ) | |
| **And as Mother, Guardian and/or Next Friend of** ) **C. A. No.** | |
| **Amberyle Marie Deuley, Justin Andrew Deuley, and** ) | |
| **Jordan Aubrey Deuley, Minor Children of John Deuley;**) | |
| **JOSEPH AND KIM DICKINSON; KATHY** ) | |
| **GIBSON, Individually, and in her Capacities as** ) | |
| **Surviving Spouse of Gerald Gibson and as** ) | |
| **Executrix of the Estate of Gerald Gibson, Deceased** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DYNCORP INTERNATIONAL, INCORPORATED,** ) | |
| **a Delaware Corporation, Parent of the co-defendant** ) | |
| **DYNCORP entities, formerly known as** ) | |
| **DI Acquisition Corp.; DYNCORP INTERNATIONAL** ) | |
| **LLC; a Delaware Limited Liability Corporation; and** ) | |
| **CSC APPLIED TECHNOLOGIES LLC, formerly** ) | |
| **known as Dyncorp Technical Services, LLC, a** ) | |
| **Delaware Limited Liability Corporation,** ) | |
| ) | |
| **Defendants**. ) | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that Defendants DynCorp International, Inc., DynCorp

International LLC, and CSC Applied Technologies LLC (hereinafter collectively referred to as

"Defendants"), by and through their attorneys, Smith, Katzenstein & Furlow LLP, submit this

Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446.  In support of this

removal, Defendants state the following:

1.      On August 22, 2006, Plaintiffs Michelle Deuley, individually and in her capacities

as surviving spouse of John Deuley, as executrix of the estate of John Deuley, Deceased, and as

mother, guardian, and/or next friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, minor children of John Deuley ("Deuley"); Joseph and Kim Dickinson ("Dickinson"); and Kathy Gibson, individual and in her capacities as surviving spouse of Gerald Gibson and as executrix of the estate of Gerald Gibson, deceased ("Gibson") [hereinafter collectively referred to as "Plaintiffs"], filed a Complaint in the Superior Court of the State of Delaware, In and For New Castle County, captioned Deuley et al. v. DynCorp International, Inc., et al., C.A. No. 06C-08-188 RRC ("the Complaint").

2.      In the Complaint, Plaintiffs Deuley and Gibson allege survival and wrongful death actions against Defendants. Plaintiff Dickinson alleges personal injury claims against Defendants.

3.      It is alleged that this action arises out of a car bombing that occurred on or about August 29, 2004, in Kabul, Afghanistan. Complaint, ¶¶ 1, 45

4.      It is alleged that Defendants contracted with the U.S. Department of State to provide personnel for various functions in support of the United States' Civilian Police ("CIVPOL") mission in Afghanistan ("CIVPOL Government Contract"). Complaint, ¶ 1.

5.      It is alleged that John Deuley, Gerald Gibson, and Joseph Dickinson were employed by subcontractor DynCorp International FZ-LLC ("DI-FZ") to provide services pursuant to a subcontract to the CIVPOL Government Contract. Complaint, ¶¶ 2-4, 11-14.

6.      It is alleged that John Deuley and Gerald Gibson were killed during the course of their employment with DI-FZ as a result of a Vehicle-Borne Improvised Explosive Device ("IED") bombing in Kabul, Afghanistan on or about August 29, 2004.

7.      It is alleged that Joseph Dickinson was injured during the course of his employment with DI-FZ as a result of the same IED bombing in Kabul, Afghanistan on or about August 29, 2004.  Complaint, ¶¶ 2-4.

8.      It is alleged that DI-FZ was the employer of decedents Deuley and Gibson and plaintiff Dickinson.  Complaint, ¶¶ 12-14.

9.      It is alleged that DI-FZ properly secured Defense Base Act ("DBA") coverage for decedents Deuley and Gibson and plaintiff Dickinson.  Complaint, ¶ 15.

10.     It is alleged that Defendants were not the employers of decedents Deuley and Gibson and plaintiff Dickinson.  Complaint, ¶ 16.

11.     It is alleged that Defendants were, at all relevant times, the general contractors with regard to the CIVPOL Government Contract.  Complaint, ¶ 10.

12.     It is alleged that Defendants were required to perform their duties in accordance with the CIVPOL Government Contract requirements.  Complaint, ¶¶ 18-21.

13.     Defendants' performance under the CIVPOL Government Contract was directed and monitored by the United States Department of State ("DOS").  The CIVPOL Government Contract dictated, for example, the hiring qualifications and training requirements for personnel and what equipment was to be issued to all personnel.  In addition, the Contracting Officer ("CO") for the CIVPOL Government Contract at the State Department has the authority to direct Defendants to remove any personnel.

14.     Plaintiffs allege in their Complaint that a warning of a possible bomb attack in Kabul, Afghanistan was issued by the International Security Assistance Force ("ISAF"), an organization based in Kabul.  The Complaint further alleges that ISAF is organized by the United

Nations and commanded by the North Atlantic Treaty Organization ("NATO").  Complaint, ¶ 42.

15.     Pursuant to standard operating procedure and established protocol, warnings issued by ISAF are relayed to the U.S. Embassy's Resident Security Officer ("RSO") in Kabul. The RSO then disseminates the warning to all American personnel in Kabul, including government contractors, with appropriate security levels that may include orders to lockdown all American facilities.

16.     The United States District Courts have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1442(a)(1), which provides a civil action originally filed in a State court may be removed if it is against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office," because, as a CIVPOL government contractor, at all relevant times to this Complaint, Defendants were acting under the direction and color of law of  the United States Government.

17.     Defendants will assert, and have a colorable basis for asserting, *inter alia*, federal common law defenses, including the Government Contractor Defense established in <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 504-505 (1988) (holding that tort liabilities arising out of the performance of a federal government contract and "the civil liability of federal officials for actions taken in the course of their duty" are areas of "uniquely federal interests" that are "so committed by the Constitution and laws of the United States to federal control that state law is pre-empted" and replaced by federal common law), as well as a defense that the claims as pled are not justiciable under the political question doctrine because they concern decisions and acts

implicating or involving policy decisions and value determinations made by the Executive

Branch, through its U.S. Department of State and/or the U.S. armed forces.

18.    In addition, Defendants will assert, *inter alia*, a defense based on the exclusivity

of remedies for decedents' deaths and Plaintiff Dickinson's injuries as established by the

Defense Base Act, 42 U.S.C. § 1651, *et seq.*, and the Longshore and Harbor Workers'

Compensation Act., 33 U.S.C. §§ 901, *et seq.*, a federal statute.

19.    All Defendants have been served in this action.

20.    All Defendants consent to this removal.

21.    None of the Defendants has filed a responsive pleading in this matter.

22.    Pursuant to 20 U.S.C. § 1446(a), all copies of all process, pleadings, and orders

served on Defendants are attached to this Notice of Removal and undersigned counsel certifies

that a copy of this Notice of Removal will be served promptly on plaintiffs and filed with the

Clerk of the Superior Court of the State of Delaware in and for New Castle County.

23.    Accordingly, removal of this action is proper under 28 U.S.C. §§ 1331, 1441,

1442, and 1446 because Defendants are "persons" acting under an officer of the United States or

an agency thereof and are being sued in its individual capacity for acts performed under color of

office of such officer or agency and because Defendants intends to assert defenses based on

federal statutory and common law.

**WHEREFORE**, Defendants DynCorp International, Inc., DynCorp International, LLC, and CSC Applied Technologies LLC hereby remove the above-captioned action from the Superior Court of the State of Delaware, In and For New Castle County, to the U.S. District Court for the District of Delaware.

                                    SMITH, KATZENSTEIN & FURLOW LLP

*Of Counsel*:
Robert B. Wallace
Kevin P. Ferrell                          _____/s/_____*Robert K. Beste*_____.
Yoora Pak                                 Robert J. Katzenstein (Del. ID No. 378)
WILSON, ELSER, MOSKOWITZ,                 Robert K. Beste, III (Del. ID No. 3931)
EDELMAN & DICKER LLP                      800 Delaware Avenue, 7th Floor
The Colorado Building                     P.O. Box 410
1341 G Street, N.W., 5th Floor            Wilmington, DE 19899 (Courier 19801)
Washington, DC 20005                      Telephone:    302.652.8400
Telephone:    (202) 626-7660              Facsimile:    302.652.8405
Facsimile:    (202) 628-3606

                                          *Attorneys for defendants*
                                          *CSC Applied Technologies LLC, DynCorp*
                                          *International, Inc., and DynCorp International LLC*

September 27, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that 2 true and correct copies of the **NOTICE OF REMOVAL** was sent,

via first class U.S. Mail, on the 27th day of September, 2006, to:


Neilli Mullen Walsh
Ben T. Castle
Young Conawat Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Dionysios G. Rassias
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103


                    /s/     *Robert K. Beste*          .
                        Robert K. Beste, III

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/07/2006
Log Number 511455995

**TO:**  R.Y. Morrel, Sr. V.P & General Counsel
DynCorp International LLC
3190 Fairview Park Road, 3190 Fairview Park Drive
Suite 350
Falls Church, VA, 22042

**RE:**  **Process Served in Delaware**

**FOR:**  DynCorp International Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michelle Deuley, Individually, and in her capacities as Surviving Spouse of John Deuley, as Executris of the Estate of John Deuley, Deceased, et al., Pltfs. vs. Dyncorp International, Incorporated, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Instructions, Complaint, Certification, Application, Order, Affidavit, Answers, Responses |
| **COURT/AGENCY:** | New Castle County Delaware Superior Court, DE Case # 06C-08-188 |
| **NATURE OF ACTION:** | Employee Litigation - Fatal Injury/Wrongful Death - Injuries and Damages due to failure to provide basic security |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/07/2006 at 10:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Neili Mullen Walsh Young Conaway Stargatt & Taylor, LLP The Brandywine Building 1000 West Street, 17th Floor Wilmington, DE, 19801 302-571-6603 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790553087474 Image SOP - Page(s): 33 Email Notification, R.Y. Morrel ruth.morrel@dyn-intl.com Email Notification, H. Montgomery Hougen monty.hougen@dyn-intl.com Email Notification, Allanna Carter allanna.carter@dyn-intl.com Email Notification, Elaine Rubino elaine.rubino@dyn-intl.com Email Notification, Larry Grayer larry.grayer@dyn-intl.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**SUMMONS**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, and As Mother, Guardian, and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. *06C-08-188 (RRC)* ) |
| DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, | ) NON-ARBITRATION CASE ) ) ) TRIAL BY JURY DEMANDED ) ) ) ) ) |
| Defendants. | ) |

## THE STATE OF DELAWARE
## TO THE SHERIFF OF NEW CASTLE COUNTY:
## YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendant shall serve upon Neilli Mullen Walsh/Ben T. Castle, Esquires, plaintiffs' attorneys, whose address is 1000 West Street, 17th Floor, Wilmington, DE 19899-0391, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof, of the complaint and of the affidavit of demand, if any has been filed by plaintiff.

Dated: **9|5|06**

SHARON D. AGNEW
Prothonotary

Per Deputy

## TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorney named above an answer to the complaint and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint or in the affidavit of demand, if any.

Dated:

SHARON D. AGNEW
Prothonotary

Per Deputy

DB02:5448098.1

065122.1001

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

**COUNTY:**     <u>N</u>     K     S     **CIVIL ACTION NUMBER:** _06C-08-188 (RRC)_

**Civil Case Code:** <u>CPIN</u>          **Civil Case Type:** <u>PERSONAL INJURY</u>

(See Reverse Side For Code And Type)

| | |
|---|---|
| CAPTION:<br>MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, and As Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Adrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased,<br><br>          Plaintiffs,<br><br>     v.<br><br>DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation,<br><br>          Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br><u>MICHELLE DEULEY, JOSEPH AND KIM DICKINSON, AND KATHY GIBSON – ESTATES OF JOHN DEULEY AND GERALD GIBSON - PLAINTIFFS</u><br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><u>COMPLAINT, FORM 30 ANSWERS TO INTERROGATORIES, RULE 3 RESPONSES, CIS, SUMMONS, PRAECIPE</u><br><br>NON-ARBITRATION ☒          eFILE ☒<br><br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>ARBITRATION ☐     MEDIATION ☐     NEUTRAL ASSESSMENT ☐<br><br>DEFENDANT (CIRCLE ONE)     **ACCEPT     REJECT**<br><br>JURY DEMAND     YES ☒     NO ☐<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>Expedited     <u>Standard</u>     Complex |
| ATTORNEY NAME(S):<br>NEILLI MULLEN WALSH/BEN T. CASTLE; DIONYSIOS G. RASSIAS<br><br>ATTORNEY ID(S):<br>2707/520/2829<br><br>FIRM NAME:<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP; THE BEASLEY FIRM<br><br>ADDRESS:<br>THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391;<br><br>1125 WALNUT STREET<br>PHILADELPHIA, PA 19103<br><br>TELEPHONE NUMBER:<br>302-571-6603/6618; 215-592-1000<br><br>FAX NUMBER:<br>302-576-3343/3284<br>E-MAIL ADDRESS:<br>nwalsh@ycst.com; bcastle@ycst.com | Identify Any Related Cases Now Pending In The Superior Court By Caption And Civil Action Number Including Judge's Initials<br><br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR THE SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

### CIVIL CASE TYPE

*Please select the appropriate civil case code and case type (e.g., CODE - AADM and TYPE - Administrative Agency) from the list below. Enter this information in the designated spaces on the Case Information Statement* APPEALS

AADM - Administrative Agency
ACER – Certiorari
ACCP – Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Ser No vice Commission
AUIB - Unemployment Insurance Appeal Board

*COMPLAINTS*

CASB – Asbestos
CAAA - Auto Arb Appeal *
CMIS – Civil Miscellaneous
CACT - Class Action
CCON – Condemnation
CDBT - Debt/Breach of Contract *
CDEF - Defamation *
CDEJ – Declaratory Judgment
CEJM – Ejectment
CATT - Foreign & Domestic Attachment
CFJG – Foreign Judgment *
CFRD - Fraud Enforcement
CINT – Interpleader
CLIB – Libel *
CMAL - Malpractice *
CPIN - Personal Injury *
CPIA - Personal Injury Auto *
CPRL - Products Liability *
CPRD – Property Damage *
CRPV – Replevin
CSBI - Silicone Breast Implant
CSPD - Summary Proceedings Dispute
CTAX - Tax Appeal
CCCP - Transfer from CCP *
CCHA – Transfer from Chancery *

*INVOLUNTARY COMMITMENTS*

INVC - Involuntary Commitment

*MISCELLANEOUS*

MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON – Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MCRO - Complaint Requesting Order
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena/Material Witness
MMAN - Mandamus
MOUT - Out of State Deposition
MROP - Petition for Return of Property
MROD - Road Resolution
MSAM - Satisfy Mortgage
MSEL - Sell Real Estate for Property Tax
MSEM – Set Aside Satisfaction of Mortgage
MSSS – Set Aside Sheriff's Sale
MSET – Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG – Tax Lagoons
MVAC - Vacate Public Road
MPOS – Writ of Possession
MPRO – Writ of Prohibition

*MORTGAGES*

MORT - Mortgage

*MECHANICS LIENS*

LIEN - Mechanics Lien *

**\*Case Types Subject To Arbitration Rule 16.1 – Alternative Dispute Resolution**

## DUTY OF THE PLAINTIFF

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

## DUTY OF THE DEFENDANT

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her          )
Capacities as Surviving Spouse of John Deuley,     )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of      )
Amberlye Marie Deuley, Justin Andrew Deuley, and   )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY                    )
GIBSON, Individually, and in her Capacities as     )
Surviving Spouse of Gerald Gibson and as           )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                   )
          Plaintiffs,                              )
                                                   )
     v.                                            )     C.A. No. 06C-08-188 (RRC)
                                                   )
DYNCORP INTERNATIONAL, INCORPORATED,               )     NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as                )
DI Acquisition Corp; DYNCORP INTERNATIONAL         )     TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly             )
known as Dyncorp Technical Services, LLC, a        )
Delaware Limited Liability Corporation,            )
                                                   )
          Defendants.                              )

## **COMPLAINT**

## NATURE OF THE CASE

1.      Plaintiffs' decedents and plaintiff Joseph Dickinson are former civilian

police officers who were killed or seriously injured in an attack by Al Qaeda while performing

their employment duties in support of the United States Department of State Civilian Police

("CIVPOL") mission in Afghanistan.  Plaintiffs assert these claims against the general

contractors to the CIVPOL mission, defendants DYNCORP International, Incorporated

("DYNCORP"), DYNCORP International LLC ("DI LLC"), and CSC Applied Technologies

LLC ("CSC") regarding the housing, logistical support, protection, and supervision plaintiffs received. Plaintiffs seek compensatory and punitive damages for the injuries, damages, and losses they suffered as a proximate result of defendants' negligent, intentional, reckless, and willful and wanton conduct.

PARTIES

2.     Plaintiff Michelle Deuley is a resident of the State of Arkansas. She is the surviving spouse and Executrix of the Estate of decedent John Deuley, and mother, guardian and next friend of Justin Andrew Deuley and Jordan Aubrey Deuley and next friend of Amberlye Marie Deuley, the minor children of John Deuley. John Deuley was killed on August 29, 2004 in Kabul, Afghanistan, while performing employment duties derived from a subcontract with respect to a contract awarded by the Department of State in support of the CIVPOL mission in Afghanistan. Plaintiff John Deuley was killed when the building where he was stationed, a highly symbolic target for Al Qaeda that was formerly used by Osama Bin Laden, was attacked by Al Qaeda operatives through the use of a Vehicle-Borne Improvised Explosive Device ("VBIED") driven up to and detonated in front of the building.

3.     Plaintiffs Joseph and Kim Dickinson are residents of the Commonwealth of Virginia. Plaintiff Joseph Dickinson was seriously and permanently injured in the same incident referenced in the preceding paragraph on August 29, 2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in the preceding paragraph.

4.     Plaintiff Kathy Gibson is a resident of the State of Missouri. She is the surviving spouse and Executrix of the Estate of decedent Gerald Gibson. Decedent Gerald Gibson was killed in the same incident referenced in the preceding two paragraphs on August 29,

2

2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in those paragraphs.

5.       Plaintiffs are joining in one action pursuant to Del. Super. Ct. Civ. R. 20, because each plaintiff individually asserts at least one right to relief arising out of the same series of occurrences as at least one right to relief asserted by all the other plaintiffs individually, and at least one question of law or fact common to all plaintiffs will arise in the action.

6.       Defendant DYNCORP, formerly known as DI Acquisition Corp., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Reston, Virginia. "DYNCORP" refers to DYNCORP International, Inc. and to "DI Acquisition Corp." DYNCORP'S agent for service of process is The Corporation Trust Company.

7.       Defendant DI LLC is a limited liability corporation organized and existing under the laws of the State of Delaware. DI LLC is wholly owned by defendant DYNCORP, and has its principal place of business in Fort Worth, Texas. Defendant DI LLC's Registered Agent for service of process is The Corporation Trust Company.

8.       Defendant CSC, formerly DYNCORP Technical Services, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware. CSC is wholly owned by DYNCORP, and maintains an office in New Castle, Delaware. "CSC" refers to CSC Applied Technologies LLC and to DYNCORP Technical Services, LLC. Its Registered Agent for service of process is The Corporation Trust Company.

9.       Defendants DYNCORP, DI LLC, and CSC, before any plaintiff entered into any agreement with any defendant entity, contracted with the Department of State to provide services, including to recruit, select, equip, and deploy civilian police officers in support of a

3

CIVPOL mission to help the democratic government of Afghanistan develop a modern, indigenous police force to maintain peace and stability.

10.     Defendants DYNCORP, DI LLC, and CSC were, at all times relevant hereto, the general contractors with regard to the CIVPOL contract.

11.     Defendants DYNCORP, DI LLC, and CSC subcontracted with a Dubai corporation, DynCorp International FZ-LLC (hereinafter "FZ-LLC Dubai") to hire personnel and provide services in support of the CIVPOL contract.

12.     At all times relevant hereto, FZ-LLC Dubai was the employer of decedent John Deuley.

13.     At all times relevant hereto, FZ-LLC Dubai was the employer of plaintiff Joseph Dickinson.

14.     At all times relevant hereto, FZ-LLC Dubai was the employer of decedent Gerald Gibson.

15.     Pursuant to 42 U.S.C. § 1651(a)(4) of the Defense Base Act ("DBA"), which applies 33 U.S.C. § 904(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") to any employment under a contract (or subcontract with respect to such contract) entered into by the United States for engaging in public works abroad, subcontractor employer FZ-LLC Dubai secured DBA coverage for its employees, John Deuley, Joseph Dickinson, and Gerald Gibson.

16.     Pursuant to 33 U.S.C. § 905(a) of the LHWCA, because subcontractor employer FZ-LLC Dubai did not fail to secure DBA coverage, general contractor defendants DYNCORP, DI LLC, and CSC cannot be deemed the employers of John Deuley, Joseph

4

Dickinson, or Gerald Gibson. Thus, pursuant to 33 U.S.C. § 904(a), defendants DYNCORP, DI LLC, and CSC have none of the immunities of an employer under the DBA or LHWCA.

      17.     Each and every defendant is liable for the acts of its agents, servants, and/or employees, such as Herbert Lloyd and Richard Cashon, who, at all times relevant hereto, were acting in the course and scope of their employment.

FACTS

    A.     Defendants' CIVPOL Contract And the Use Of Foreign Company
            FZ-LLC Dubai For Liability, Tax, And Business Purposes.

      18.     Defendants DYNCORP, DI LLC and CSC were awarded contracts with the Department of State in support of the CIVPOL mission to assist the democratic government of Afghanistan in developing a modern, indigenous police force to maintain peace and stability.

      19.     Upon information and belief, the CIVPOL contracts included requirements provided by the Department of State for defendants to follow as they recruited, selected, equipped, and deployed civilian police officers from the United States.

      20.     Upon information and belief, the CIVPOL contract included provisions relating to employment agreements, including but not limited to, requirements that subcontractor employers secure Defense Base Act coverage for their employees. Upon information and belief, the CIVPOL contract explicitly paid for such coverage.

      21.     Upon information and belief, said contract also included provisions relating to employee safety, including but not limited to, requirements that the general contractor and any subcontractors maintain a minimal standard of security described by the contract.

      22.     Upon information and belief, the general contractor defendants DYNCORP, DI LLC, and CSC transferred some or all of the duties under the CIVPOL contract to subcontractor FZ-LLC Dubai for liability, tax, and business purposes.

5

23.     In support of said contract, defendants conducted a nationwide recruitment effort to hire experienced civilian police officers in the United States for work in support of the CIVPOL contract.  The recruitment materials represented that FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that FZ-LLC Dubai would supply housing, logistics support, and supervision.  Defendants named their support of the CIVPOL mission the Afghanistan International Police Program ("AIPP").

B.      Plaintiffs' Recruitment, Defendants' Misrepresentation As To The Nature Of The Work, And Plaintiffs' Employment Agreements.

24.     Plaintiff Joseph Dickinson and Decedents John Deuley and Gerald Gibson became aware of the AIPP through the above-mentioned recruitment.  Per the recruitment materials, they submitted their applications to defendant DI LLC.

25.     Defendants repeatedly represented to plaintiff Dickinson and decedents that subcontractor FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that subcontractor FZ-LLC Dubai would supply housing, logistics support, and supervision.

26.     Defendants presented to the plaintiff Dickinson and decedents pre-printed Employment Agreements which represented that subcontractor FZ-LLC Dubai was the employer and that FZ-LLC Dubai, as their employer, would provide housing, logistics support, and supervision.

27.     In reliance upon such representations and others, plaintiff Joseph Dickinson and decedents signed their respective Employment Agreements.

6

28.     In violation of 33 U.S.C. § 915(b), the Employment Agreements purported to waive "any claim for death, injury or disability against Employer and its affiliates" in consideration for an Additional Death and Dismemberment policy ("AD&D policy") referred to in the Employment Agreement as "Attachment A."

C.     Defendants' Improper Bidding Of Security Costs For The CIVPOL Contract And Subsequent Intentional Failure To Provide Adequate Security.

29.     Upon information and belief, defendants DYNCORP, DI LLC, and CSC, when negotiating for the contracts with the Department of State, which was originally billed on a "cost plus" basis, represented to the Department of State a cost for security purchases and personnel below what they knew or should have known would be required for adequate security.

30.     Upon information and belief, such misrepresentation regarding security purchases and personnel was intentionally made to induce the Department of State to award defendants DYNCORP, DI LLC, and CSC the CIVPOL contracts on defendants' mistaken belief the DBA would shield them and their subcontractor from liability for any harm which resulted from intentionally providing inadequate security.

31.     Upon information and belief, after plaintiff Joseph Dickinson and decedents entered into an Employment Agreement with  subcontractor employer FZ-LLC Dubai, defendants DYNCORP, DI LLC, and CSC's contracts with the Department of State were modified, in part or in whole, from billing on a "cost plus" basis to a more lucrative "time and materials" basis.

32.     In Afghanistan, the security employees, who were paid annual salaries, typically worked in excess of 16 hours every day, far more than defendants had represented would be required. Despite defendants' representations that employer FZ-LLC Dubai would provide supervision, defendants had not prepared any security guidelines, forcing decedents and plaintiff Dickinson to create their own.

33.     Defendants maximized profits by initiating new projects under the "time and materials" contract terms while keeping as profit funds which should have been used for security arrangements.

34.     After the contract was modified, several CIVPOL and other projects for the United States were begun. Defendants chose to "secure" these projects by spreading the security personnel thinner and denying all requests, until after the attack, for significant security purchases.

35.     Upon information and belief, defendants, through their agents, servants and/or employees such as Herbert Lloyd and Richard Cashon, acted together to allow the AIPP to suffer major setbacks, including the injury or death of its employees, to extend the time and materials needed to fulfill the contract, which were then billed to the Department of State.

36.     Upon information and belief, despite all previous representations made by defendants that subcontractor employer FZ-LLC Dubai would provide housing, logistical support, and supervision, FZ-LLC Dubai's budget for the AIPP was sufficient only to cover employee payroll.

37.     Upon information and belief, all other costs, including costs for security measures, had to be specifically approved by defendants through their respective employees, Richard Cashon, then employed as a Senior Vice President, and Herbert Lloyd, then employed as Program Manager.

38.     In every instance, defendants chose the cheapest and least secure option available. Defendants headquartered the AIPP's operations in a dense urban area on a little patch of ground that had in it no benefit but the name: the apartment was formerly used by Osama Bin Laden to house visitors. Al Qaeda's former logistics center was adjacent. Defendants renamed the apartment "DynHouse."

39.     Decedent John Deuley, who supervised the Close Protection Unit, and plaintiff Joseph Dickinson, who was the Program Security Manager, repeatedly warned, in writing and in person, defendants, through their respective employees Richard Cashon and Herbert Lloyd, of the insecure nature of DynHouse and recommended moving operations to a more secure location and, if such relocation was not possible, deploying specific cost-effective measures, such as vehicle barriers, in order to provide basic security for the employees.

40.     Each time, defendants rebuffed the recommendations and chose the less secure option, which was usually to allow DynHouse to remain insecure while continuing to bill the Department of State for time and materials on other projects less open to Department of State auditing and/or more likely to have larger costs approved by the Department of State.

41.     For example, decedent John Deuley and plaintiff Joseph Dickinson attempted to protect DynHouse by deploying vehicles in strategic locations outside the building but defendants demanded they be moved, thus providing Al Qaeda direct and unfettered access to complete their threatened attack with a VBIED.

9

D.   Defendants' Substantial Certainty Of An Imminent Attack
     And Their Failure to Implement Minimal Precautions.

42.   On August 28, 2004, the International Security Assistance Force ("ISAF") based in Kabul, which was organized by the United Nations and commanded by the North Atlantic Treaty Organization, issued a warning for an attack on coalition targets in downtown Kabul over the next 48 hours utilizing either a Body-Borne or Vehicle-Borne Improvised Explosive Device.  Defendants received this warning, as did Herbert Lloyd.

43.   As part of the procedures the security employees had developed without guidance from any of the defendants, decedent Deuley and plaintiff Joseph Dickinson canceled all unnecessary movements and alerted the foreign guards and all employees of the possibility of an attack.

44.   Despite the substantial certainty of an imminent attack on a symbolic coalition target lacking basic building security measures, defendants, through their agents, servants, and/or employees such as Herbert Lloyd and Richard Cashon, still did not allow the security employees to take even minimal measures to protect DynHouse, including closing the adjacent street and/or deploying vehicle barricades.

45.   Said defendants rejected the use of any additional security measures or changes in procedure, despite their awareness of the insecurity of DynHouse and the substantial certainty of an attack in the next 48 hours.  On August 29, 2004, within 24 hours of the ISAF warning, an Al Qaeda operative detonated a VBIED immediately adjacent to the entrance to DynHouse, severely injuring plaintiff Joseph Dickinson and severely injuring and killing John Deuley and Gerald Gibson.

065122.1001

E.    <u>Allegations Of Wrongdoing On The Part Of Defendants.</u>

46.    The injuries sustained by plaintiff Dickinson, and the deaths of decedents John Deuley and Gerald Gibson, were the direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants DYNCORP, DI LLC, and CSC, which acted negligently, intentionally, willfully, wantonly, and recklessly, in that they:

(a)    Unreasonably denied its employees' requests for security purchases;

(b)    Failed to provide basic security to its employees;

(c)    Failed to heed its employees' warnings that the location of the headquarters of the AIPP's operations was dangerous and should be moved;

(d)    Instructed that vehicle barriers which were deployed in strategic locations outside AIPP headquarters be moved;

(e)    Refused to allow its employees to take even minimal steps to protect DynHouse, including closing the adjacent street and/or deploying vehicle barriers, despite awareness of the insecurity of DynHouse and the substantial certainty of an imminent attack in the area where DynHouse was located; and

(f)    Disregarded credible warnings of an imminent attack in the area where DynHouse was located.


## SURVIVAL AND WRONGFUL DEATH ACTIONS
## <u>ON BEHALF OF PLAINTIFF DEULEY</u>

47.    Plaintiffs incorporate by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

065122.1001

48.     A claim for damages sufficient to compensate decedent John Deuley for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Michelle Deuley, as Surviving Spouse and Executrix of the Estate of John Deuley.

49.     Plaintiff Michelle Deuley has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

50.     Plaintiffs Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, as decedent John Deuley's surviving children, hereby bring this claim for the wrongful death of their father, and for their past and future loss of parental services, pecuniary support, and mental anguish.

WHEREFORE, plaintiff Michelle Deuley, individually, and in her capacities as Surviving Spouse, mother, Guardian, and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley, and Executrix of the Estate of John Deuley, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## SURVIVAL AND WRONGFUL DEATH ACTIONS
## ON BEHALF OF PLAINTIFF GIBSON

51.     Plaintiffs incorporate by reference Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

12

52.    A claim for damages sufficient to compensate decedent Gerald Gibson for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Kathy Gibson, as Surviving Spouse and Executrix of the Estate of Gerald Gibson.

53.    Plaintiff Kathy Gibson has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

WHEREFORE, plaintiff Kathy Gibson, individually, and in her capacities as Surviving Spouse and Executrix of the Estate of Gerald Gibson, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## PERSONAL INJURY CLAIMS ON BEHALF OF
## PLAINTIFFS JOSEPH AND KIM DICKINSON

54.    Plaintiffs incorporate by reference Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.    As a direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson sustained severe personal injuries.

DB02:5445368.1                                                            065122.1001

56.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has endured, and will in the future continue to endure, pain, suffering, and discomfort, both mental and physical in nature.

57.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has incurred, and will continue to incur, medical expenses for the treatment of his injuries.

58.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has suffered, and will in the future continue to suffer, a loss of earnings and/or earning capacity.

59.     As a consequence of her husband's injuries, plaintiff Kim Dickinson has suffered, and will in the future continue to suffer, a loss of her husband's society, comfort, companionship, and consortium.

WHEREFORE, plaintiffs Joseph and Kim Dickinson demand judgment against defendants, individually, jointly and severally, for their general and special damages, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neill Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06          Attorneys for Plaintiffs

DB02:5445368.1

065122.1001

CERTIFICATION OF VALUE

I hereby certify in good faith at this time in my opinion that the sum of damages

of the plaintiffs is in excess of $100,000, exclusive of interest and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618
Attorneys for Plaintiffs

Dated: 8/22/06

16

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
                 )
         Plaintiffs, )
               )
       v. )    C.A. No. *O6C-08-188(RRC)*
               )
DYNCORP INTERNATIONAL, INCORPORATED, )   NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )   TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
               )
       Defendants. )

### APPLICATION FOR APPOINTMENT OF NEXT FRIEND

STATE OF DELAWARE    )
                      ) SS.
NEW CASTLE COUNTY   )

BEN T. CASTLE, ESQUIRE, being duly sworn, does depose and say that:

1.    I am a member of the bar of the Supreme Court of the State of Delaware

and of the law firm of Young Conaway Stargatt & Taylor, LLP, attorneys for plaintiffs in this

action.

                                                                   065122 1001

2.    I am submitting this Affidavit in support of the Complaint which is being filed on behalf of plaintiffs contemporaneously herewith.

3.    Michelle Deuley is the parent and Next Friend of Justin Andrew Deuley and Jordan Aubrey Deuley, and they reside in Van Buren, Arkansas.  She brings this action on their behalf.

4.    Plaintiff Michelle Deuley is the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such brings this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

5.    Plaintiff Michelle Deuley brings this action on behalf of these individuals, and the Estate of John Deuley for damages arising out of the conduct of defendants.

6.    Plaintiff Michelle Deuley has no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, in this action.

7.    Plaintiff Michelle Deuley requests the Court enter an Order appointing her Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above-captioned action.

_____
BEN T. CASTLE


SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this 22 day of Aug, 2006.

_____(SEAL)
Notary Public
My Commission Expires: _____
KAREN C. KOCHANSKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 19, 2008


DB02:5462244 1                                                                065122 1001

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. _O6C-08-188(RRC)_ ) |
| DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, | ) ) NON-ARBITRATION CASE ) ) ) TRIAL BY JURY DEMANDED ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

AND NOW, to wit this 29th day of August _____, 2006, upon reviewing the

attached Application for Appointment of Next Friend,

IT IS HEREBY ORDERED, that plaintiff Michelle Deuley is appointed as Next

Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the

prosecution of the above-captioned action.

_____
                    J.

FILED
2006 AUG 31 PM 1:43
PROTHONOTARY

DB02:5462244.1                                    065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased,<br>And as Mother, Guardian and/or Next Friend of<br>Amberlye Marie Deuley, Justin Andrew Deuley, and<br>Jordan Aubrey Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased,<br><br>       Plaintiffs,<br><br>    v.<br><br>DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. *06C-08-188(RRC)*<br><br>NON-ARBITRATION CASE<br><br>TRIAL BY JURY DEMANDED |

**AFFIDAVIT OF CONSENT**

STATE OF *Arkansas* )
               ) SS.
COUNTY OF *Crawford* )

MICHELLE DEULEY, being duly sworn, does depose and say that:

1.    I am the parent and Next Friend of Justin Andrew Deuley, and Jordan

Aubrey Deuley and reside in Van Buren, Arkansas and bring this action on their behalf.

2.    I am the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such I bring this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

3.    I bring this action on behalf of these individuals, for damages arising out of the conduct of defendants.

4.    I have no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley in this action.

5.    I consent to the filing of this action and the Application for Appointment of Next Friend to which this Affidavit is attached.

6.    I request that the Court enter an order appointing me Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above captioned action.

MICHELLE DEULEY

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this ⅃o day of August, 2006.

(SEAL)

Notary Public
My Commission Expires: Aug 10, Do1

DB02:5462269.1

065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
)
     Plaintiffs, )
)
    v. )    C.A. No. *06C-08-188(RRC)*
)
DYNCORP INTERNATIONAL, INCORPORATED, )   NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )   TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
)
    Defendants. )

## PLAINTIFFS' ANSWERS TO FORM 30 INTERROGATORIES

    1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

    ANSWER:

    At this stage of the litigation, this information is better known to

defendants than to plaintiffs, and upon receipt of this information, this response will be

supplemented.

1

                                     

By way of further answer, plaintiff Joseph Dickinson, 203 Dillwyn Drive, Chesapeake, VA 23322, was a witness to the event in question.

2.     Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:

See answer to Interrogatory No. 1.

For further answer:

The following former or current agents, servants, and employees of the defendant's Afghanistan International Police Program, the addresses and phone numbers of whom are available to the defendants, may have knowledge of the facts relating to the litigation:

Herbert Lloyd (unknown management rank);

Thomas Cashon (unknown management rank);

Jerry Majewski (unknown position);

William Mailer (unknown position);

Charles Fellers (unknown position);

Charles Clark (unknown position);

Ben Dolan (unknown position);

Tom Moselle (SAIC Senior Police Training Advisor);

Vern Perlinger (Business Ops Public Affairs);

Jerry Farr (RTC Construction Task Force);

Scott Simpson (Medical);

2

Andrew Sheen (Site Operations);

Shanuj Sherief (Finance);

Chris Betz (Management Assistant);

Rozana Shyti (Human Resources);

Ron Thomas (Engineering);

David Franck (Logistics);

Richard Douthit (Communications);

Bill Naylor (Tactical Operations Center);

Gam Bdr Gurung (Gurkha Force);

Tyrone Gardner (WWNS / RTT);

Larry Richards (Liason Officer Bagram Air Base);

Kevin Van Zyl (Central Training Kabul Site Coordinator);

James Marlowe (Regional Training Mazar-e-Sharif Site Coordinator);

Laurence White (RTC Konduz Site Coordinator);

Ronald Jones (RTC Bamiyan Site Coordinator);

John DeMont (RTC Gardez Site Coordinator);

Robert Bates (RTC Jalalabad Site Coordinator);

Michael Lum (RTC Kandahar Site Coordinator);

Toby Jordan (Force Protection Security);

Herbert Ward (Force Protection Security);

Glen Lewis (Force Protection Security);

Jon Tegtmeier (Force Protection Security);

Gary Bristol (Force Protection Security);

3

065122.1001

Jack House (Force Protection Security);

William Grieshaber (Force Protection Security);

Bikram Rai (Gurkha Contingent);

Damber Sing Dewan (Gurkha Contingent);

Saliendra Khadka (Gurkha Contingent);

Dawa Sherpa (Gurkha Contingent);

B K Rana (Gurkha Contingent);

Mahendra Rai (Gurkha Contingent);

Surya Gurung (Gurkha Contingent);

Jay Smith (Lead Police Training Advisor);

Del Harner (Lead Police Training Advisor);

Chris Squittieri (Lead Police Training Advisor);

Vernon Blevins (Lead Police Training Advisor);

Alfred Saucier (Lead Police Training Advisor);

Paul Scheppf (Lead Police Training Advisor).

 

3.     Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, or information protected by attorney work product or attorney-

client privileges, it is objected to as calling for information beyond the scope of Rule 26.

    4.    Identify all photographs, diagrams or other representations made in
connection with the matter in litigation, giving the name and present or last known
residential and employment address and telephone number of the person having the
original and copies thereof. (In lieu thereof, a copy can be attached.)

ANSWER:

Documents will be provided to defense counsel when their identity is

known.

    5.    Give the name, professional address and telephone number of all
expert witnesses presently retained by the party together with the dates of any written
opinions prepared by said expert. If an expert is not presently retained, describe by type
the experts whom the party expects to retain in connection with the litigation.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, it is objected to as calling for information beyond the scope of

Rule 26. However, without waiving this objection, counsel for plaintiffs anticipate

retaining security experts, medical experts, and treating physicians.

Plaintiffs have not yet decided whom they will call as trial experts; these

identities will be made known in accordance with this Court's scheduling order.

    6.    Give a brief description of any insurance policy, including excess
coverage, that is or may be applicable to the litigation, including:

        (a)    The name and address of all companies insuring the risk;

5

(b)     The policy number(s);

(c)     The type of insurance;

(d)     The amounts of primary, secondary and excess coverage.

ANSWER:

Unknown to plaintiffs.


7.     Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

ANSWER:

To be provided.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Ben T. Castle (520)
Neilli MullenWalsh (2707)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: 8/22/06                 Attorneys for Plaintiffs

DB02:5462193.1                                           065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
)
      Plaintiffs, )
)
      v. )   C.A. No. 06C-08-188(RRC)
)
DYNCORP INTERNATIONAL, INCORPORATED, )   NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )   TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
)
      Defendants. )

## PLAINTIFFS' RESPONSES UNDER RULE 3

    1.    Photocopies of existing documentary evidence relating to special damages

(or, in lieu thereof, a brief sworn statement as to any item not included as to the reason of its non-

availability and a specific undertaking as to when it will be made available);

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants

    2.    Photocopies of pertinent portions of plaintiffs' income tax returns.

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

Nelli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06          Attorneys for Plaintiffs

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/07/2006
Log Number 511455710

**TO:**  R.Y. Morrel, Sr. V.P & General Counsel
DynCorp International LLC
3190 Fairview Park Road, 3190 Fairview Park Drive
Suite 350
Falls Church, VA, 22042

**RE:**  **Process Served in Delaware**

**FOR:**  DynCorp International LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michelle Deuley, Individually, and in her capacities as Surviving Spouse of John Deuley, as Executris of the Estate of John Deuley, Deceased, et al., Pltfs. vs. Dyncorp International, Incorporated, etc., et al. including Dyncorp International LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Instructions, Complaint, Certification, Application, Order, Affidavit, Pltfs.' Answers, Pltfs.' Responses |
| **COURT/AGENCY:** | New Castle County Delaware Superior Court, DE<br>Case # 06C-08-188 |
| **NATURE OF ACTION:** | Employee Litigation - Fatal Injury/Wrongful Death - Injuries and Damages due to failure to provide basic security |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/07/2006 at 10:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Neilli Mullen Walsh<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE, 19801<br>302-571-6603 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790553087474<br>Image SOP - Page(s): 33<br>Email Notification, R.Y. Morrel ruth.morrel@dyn-intl.com<br>Email Notification, H. Montgomery Hougen monty.hougen@dyn-intl.com<br>Email Notification, Allanna Carter allanna.carter@dyn-intl.com<br>Email Notification, Elaine Rubino elaine.rubino@dyn-intl.com<br>Email Notification, Larry Grayer larry.grayer@dyn-intl.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE, 19801<br>302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**SUMMONS**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased, and<br>As Mother, Guardian, and/or Next Friend of<br>Amberlye Marie Deuley, Justin Andrew Deuley, and<br>Jordan Aubrey Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) C.A. No. 06C-08-188 (RRC) |
| DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation, | )<br>) NON-ARBITRATION CASE<br>)<br>)<br>) TRIAL BY JURY DEMANDED<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

  To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendant shall serve upon Neilli Mullen Walsh/Ben T. Castle, Esquires, plaintiffs' attorneys, whose address is 1000 West Street, 17th Floor, Wilmington, DE 19899-0391, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

  To serve upon defendant a copy hereof, of the complaint and of the affidavit of demand, if any has been filed by plaintiff.

Dated: 9/5/06

            SHARON D. AGNEW
            Prothonotary

            Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

  In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorney named above an answer to the complaint and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint or in the affidavit of demand, if any.

Dated:

            SHARON D. AGNEW
            Prothonotary

            Per Deputy

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

**COUNTY:** N  K  S    **CIVIL ACTION NUMBER:** *06C-08-188 (RRC)*

**Civil Case Code:** CPIN    **Civil Case Type:** PERSONAL INJURY

(See Reverse Side For Code And Type)

| | |
|---|---|
| CAPTION:<br>MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased, and<br>As Mother, Guardian and/or Next Friend of Amberlye<br>Marie Deuley, Justin Adrew Deuley, and Jordan Aubrey<br>Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased,<br><br><br>Plaintiffs,<br><br><br>v.<br><br><br>DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation,<br><br><br>Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br>MICHELLE DEULEY, JOSEPH AND KIM DICKINSON, AND KATHY GIBSON —<br>ESTATES OF JOHN DEULEY AND GERALD GIBSON - PLAINTIFFS<br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br>COMPLAINT, FORM 30 ANSWERS TO INTERROGATORIES,<br>RULE 3 RESPONSES, CIS, SUMMONS, PRAECIPE<br><br>NON-ARBITRATION ☒      eFILE ☒<br><br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>ARBITRATION ☐   MEDIATION ☐   NEUTRAL ASSESSMENT ☐<br><br>DEFENDANT (CIRCLE ONE)      **ACCEPT**      **REJECT**<br><br>JURY DEMAND ☐   YES ☒   No ☐<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br><br>Expedited      <u>Standard</u>      Complex |
| ATTORNEY NAME(S):<br>NEILLI MULLEN WALSH/BEN T. CASTLE;<br>DIONYSIOS G. RASSIAS<br><br>ATTORNEY ID(S):<br>2707/520/2829<br><br>FIRM NAME:<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP;<br>THE BEASLEY FIRM<br><br>ADDRESS:<br>THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391;<br><br>1125 WALNUT STREET<br>PHILADELPHIA, PA 19103<br><br>TELEPHONE NUMBER:<br>302-571-6603/6618; 215-592-1000<br><br>FAX NUMBER:<br>302-576-3343/3284<br>E-MAIL ADDRESS:<br>nwalsh@ycst.com; bcastle@ycst.com | Identify Any Related Cases Now Pending In The Superior Court<br>By Caption And Civil Action Number Including Judge's Initials<br><br><br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br><br><br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br>(IF ADDITIONAL SPACE IS NEEDED PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR THE SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

**CIVIL CASE TYPE**

*Please select the appropriate civil case code and case type (e.g., CODE - AADM and TYPE - Administrative Agency) from the list below. Enter this information in the designated spaces on the Case Information Statement* APPEALS

AADM - Administrative Agency
ACER – Certiorari
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Ser No vice Commission
AUIB - Unemployment Insurance Appeal Board

*COMPLAINTS*

CASB – Asbestos
CAAA - Auto Arb Appeal *
CMIS – Civil Miscellaneous
CACT - Class Action
CCON – Condemnation
CDBT - Debt/Breach of Contract *
CDEF - Defamation *
CDEJ - Declaratory Judgment
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment *
CFRD - Fraud Enforcement
CINT – Interpleader
CLIB - Libel *
CMAL - Malpractice *
CPIN - Personal Injury *
CPIA - Personal Injury Auto *
CPRL - Products Liability *
CPRD - Property Damage *
CRPV – Replevin
CSBI - Silicone Breast Implant
CSPD - Summary Proceedings Dispute
CTAX - Tax Appeal
CCCP - Transfer from CCP *
CCHA - Transfer from Chancery *

*INVOLUNTARY COMMITMENTS*

INVC - Involuntary Commitment

*MISCELLANEOUS*

MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON – Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MCRO - Complaint Requesting Order
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena/Material Witness
MMAN - Mandamus
MOUT - Out of State Deposition
MROP - Petition for Return of Property
MROD - Road Resolution
MSAM - Satisfy Mortgage
MSEL – Sell Real Estate for Property Tax
MSEM – Set Aside Satisfaction of Mortgage
MSSS – Set Aside Sheriff's Sale
MSET – Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG – Tax Lagoons
MVAC - Vacate Public Road
MPOS – Writ of Possession
MPRO – Writ of Prohibition

*MORTGAGES*

MORT - Mortgage

*MECHANICS LIENS*

LIEN - Mechanics Lien *

**\*Case Types Subject To Arbitration Rule 16.1 – Alternative Dispute Resolution**

## DUTY OF THE PLAINTIFF

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

## DUTY OF THE DEFENDANT

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                    )
            Plaintiffs,                             )
                                                    )
        v.                                          )     C.A. No. 06C-08-188 (RRC)
                                                    )
DYNCORP INTERNATIONAL, INCORPORATED, )           NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )     TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
                                                    )
            Defendants.                             )

## **COMPLAINT**

### NATURE OF THE CASE

1.      Plaintiffs' decedents and plaintiff Joseph Dickinson are former civilian

police officers who were killed or seriously injured in an attack by Al Qaeda while performing

their employment duties in support of the United States Department of State Civilian Police

("CIVPOL") mission in Afghanistan.  Plaintiffs assert these claims against the general

contractors to the CIVPOL mission, defendants DYNCORP International, Incorporated

("DYNCORP"), DYNCORP International LLC ("DI LLC"), and CSC Applied Technologies

LLC ("CSC") regarding the housing, logistical support, protection, and supervision plaintiffs received. Plaintiffs seek compensatory and punitive damages for the injuries, damages, and losses they suffered as a proximate result of defendants' negligent, intentional, reckless, and willful and wanton conduct.

PARTIES

2.    Plaintiff Michelle Deuley is a resident of the State of Arkansas. She is the surviving spouse and Executrix of the Estate of decedent John Deuley, and mother, guardian and next friend of Justin Andrew Deuley and Jordan Aubrey Deuley and next friend of Amberlye Marie Deuley, the minor children of John Deuley. John Deuley was killed on August 29, 2004 in Kabul, Afghanistan, while performing employment duties derived from a subcontract with respect to a contract awarded by the Department of State in support of the CIVPOL mission in Afghanistan. Plaintiff John Deuley was killed when the building where he was stationed, a highly symbolic target for Al Qaeda that was formerly used by Osama Bin Laden, was attacked by Al Qaeda operatives through the use of a Vehicle-Borne Improvised Explosive Device ("VBIED") driven up to and detonated in front of the building.

3.    Plaintiffs Joseph and Kim Dickinson are residents of the Commonwealth of Virginia. Plaintiff Joseph Dickinson was seriously and permanently injured in the same incident referenced in the preceding paragraph on August 29, 2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in the preceding paragraph.

4.    Plaintiff Kathy Gibson is a resident of the State of Missouri. She is the surviving spouse and Executrix of the Estate of decedent Gerald Gibson. Decedent Gerald Gibson was killed in the same incident referenced in the preceding two paragraphs on August 29,

2

2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in those paragraphs.

5.      Plaintiffs are joining in one action pursuant to Del. Super. Ct. Civ. R. 20, because each plaintiff individually asserts at least one right to relief arising out of the same series of occurrences as at least one right to relief asserted by all the other plaintiffs individually, and at least one question of law or fact common to all plaintiffs will arise in the action.

6.      Defendant DYNCORP, formerly known as DI Acquisition Corp., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Reston, Virginia. "DYNCORP" refers to DYNCORP International, Inc. and to "DI Acquisition Corp." DYNCORP'S agent for service of process is The Corporation Trust Company.

7.      Defendant DI LLC is a limited liability corporation organized and existing under the laws of the State of Delaware. DI LLC is wholly owned by defendant DYNCORP, and has its principal place of business in Fort Worth, Texas. Defendant DI LLC's Registered Agent for service of process is The Corporation Trust Company.

8.      Defendant CSC, formerly DYNCORP Technical Services, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware. CSC is wholly owned by DYNCORP, and maintains an office in New Castle, Delaware. "CSC" refers to CSC Applied Technologies LLC and to DYNCORP Technical Services, LLC. Its Registered Agent for service of process is The Corporation Trust Company.

9.      Defendants DYNCORP, DI LLC, and CSC, before any plaintiff entered into any agreement with any defendant entity, contracted with the Department of State to provide services, including to recruit, select, equip, and deploy civilian police officers in support of a

3

CIVPOL mission to help the democratic government of Afghanistan develop a modern, indigenous police force to maintain peace and stability.

10. Defendants DYNCORP, DI LLC, and CSC were, at all times relevant hereto, the general contractors with regard to the CIVPOL contract.

11. Defendants DYNCORP, DI LLC, and CSC subcontracted with a Dubai corporation, DynCorp International FZ-LLC (hereinafter "FZ-LLC Dubai") to hire personnel and provide services in support of the CIVPOL contract.

12. At all times relevant hereto, FZ-LLC Dubai was the employer of decedent John Deuley.

13. At all times relevant hereto, FZ-LLC Dubai was the employer of plaintiff Joseph Dickinson.

14. At all times relevant hereto, FZ-LLC Dubai was the employer of decedent Gerald Gibson.

15. Pursuant to 42 U.S.C. § 1651(a)(4) of the Defense Base Act ("DBA"), which applies 33 U.S.C. § 904(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") to any employment under a contract (or subcontract with respect to such contract) entered into by the United States for engaging in public works abroad, subcontractor employer FZ-LLC Dubai secured DBA coverage for its employees, John Deuley, Joseph Dickinson, and Gerald Gibson.

16. Pursuant to 33 U.S.C. § 905(a) of the LHWCA, because subcontractor employer FZ-LLC Dubai did not fail to secure DBA coverage, general contractor defendants DYNCORP, DI LLC, and CSC cannot be deemed the employers of John Deuley, Joseph

Dickinson, or Gerald Gibson.  Thus, pursuant to 33 U.S.C. § 904(a), defendants DYNCORP,

DI LLC, and CSC have none of the immunities of an employer under the DBA or LHWCA.

17.    Each and every defendant is liable for the acts of its agents, servants,

and/or employees, such as Herbert Lloyd and Richard Cashon, who, at all times relevant hereto,

were acting in the course and scope of their employment.

## FACTS

A.    Defendants' CIVPOL Contract And the Use Of Foreign Company
FZ-LLC Dubai For Liability, Tax, And Business Purposes.

18.    Defendants DYNCORP, DI LLC and CSC were awarded contracts with

the Department of State in support of the CIVPOL mission to assist the democratic government

of Afghanistan in developing a modern, indigenous police force to maintain peace and stability.

19.    Upon information and belief, the CIVPOL contracts included

requirements provided by the Department of State for defendants to follow as they recruited,

selected, equipped, and deployed civilian police officers from the United States.

20.    Upon information and belief, the CIVPOL contract included provisions

relating to employment agreements, including but not limited to, requirements that subcontractor

employers secure Defense Base Act coverage for their employees.  Upon information and belief,

the CIVPOL contract explicitly paid for such coverage.

21.    Upon information and belief, said contract also included provisions

relating to employee safety, including but not limited to, requirements that the general contractor

and any subcontractors maintain a minimal standard of security described by the contract.

22.    Upon information and belief, the general contractor defendants

DYNCORP, DI LLC, and CSC transferred some or all of the duties under the CIVPOL contract

to subcontractor FZ-LLC Dubai for liability, tax, and business purposes.

23.    In support of said contract, defendants conducted a nationwide recruitment effort to hire experienced civilian police officers in the United States for work in support of the CIVPOL contract.  The recruitment materials represented that FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that FZ-LLC Dubai would supply housing, logistics support, and supervision.  Defendants named their support of the CIVPOL mission the Afghanistan International Police Program ("AIPP").

B.    Plaintiffs' Recruitment, Defendants' Misrepresentation As To The Nature Of The Work, And Plaintiffs' Employment Agreements.

24.    Plaintiff Joseph Dickinson and Decedents John Deuley and Gerald Gibson became aware of the AIPP through the above-mentioned recruitment.  Per the recruitment materials, they submitted their applications to defendant DI LLC.

25.    Defendants repeatedly represented to plaintiff Dickinson and decedents that subcontractor FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that subcontractor FZ-LLC Dubai would supply housing, logistics support, and supervision.

26.    Defendants presented to the plaintiff Dickinson and decedents pre-printed Employment Agreements which represented that subcontractor FZ-LLC Dubai was the employer and that FZ-LLC Dubai, as their employer, would provide housing, logistics support, and supervision.

27.    In reliance upon such representations and others, plaintiff Joseph Dickinson and decedents signed their respective Employment Agreements.

6

28.    In violation of 33 U.S.C. § 915(b), the Employment Agreements

purported to waive "any claim for death, injury or disability against Employer and its affiliates"

in consideration for an Additional Death and Dismemberment policy ("AD&D policy") referred

to in the Employment Agreement as "Attachment A."

C.    Defendants' Improper Bidding Of Security Costs For The
CIVPOL Contract And Subsequent Intentional Failure To
Provide Adequate Security.

29.    Upon information and belief, defendants DYNCORP, DI LLC, and CSC,

when negotiating for the contracts with the Department of State, which was originally billed on a

"cost plus" basis, represented to the Department of State a cost for security purchases and

personnel below what they knew or should have known would be required for adequate security.

30.    Upon information and belief, such misrepresentation regarding security

purchases and personnel was intentionally made to induce the Department of State to award

defendants DYNCORP, DI LLC, and CSC the CIVPOL contracts on defendants' mistaken belief

the DBA would shield them and their subcontractor from liability for any harm which resulted

from intentionally providing inadequate security.

31.    Upon information and belief, after plaintiff Joseph Dickinson and

decedents entered into an Employment Agreement with subcontractor employer FZ-LLC Dubai,

defendants DYNCORP, DI LLC, and CSC's contracts with the Department of State were

modified, in part or in whole, from billing on a "cost plus" basis to a more lucrative "time and

materials" basis.

32.    In Afghanistan, the security employees, who were paid annual salaries, typically worked in excess of 16 hours every day, far more than defendants had represented would be required.  Despite defendants' representations that employer FZ-LLC Dubai would provide supervision, defendants had not prepared any security guidelines, forcing decedents and plaintiff Dickinson to create their own.

33.    Defendants maximized profits by initiating new projects under the "time and materials" contract terms while keeping as profit funds which should have been used for security arrangements.

34.    After the contract was modified, several CIVPOL and other projects for the United States were begun.  Defendants chose to "secure" these projects by spreading the security personnel thinner and denying all requests, until after the attack, for significant security purchases.

35.    Upon information and belief, defendants, through their agents, servants and/or employees such as Herbert Lloyd and Richard Cashon, acted together to allow the AIPP to suffer major setbacks, including the injury or death of its employees, to extend the time and materials needed to fulfill the contract, which were then billed to the Department of State.

36.    Upon information and belief, despite all previous representations made by defendants that subcontractor employer FZ-LLC Dubai would provide housing, logistical support, and supervision, FZ-LLC Dubai's budget for the AIPP was sufficient only to cover employee payroll.

8

37.     Upon information and belief, all other costs, including costs for security measures, had to be specifically approved by defendants through their respective employees, Richard Cashon, then employed as a Senior Vice President, and Herbert Lloyd, then employed as Program Manager.

38.     In every instance, defendants chose the cheapest and least secure option available.  Defendants headquartered the AIPP's operations in a dense urban area on a little patch of ground that had in it no benefit but the name:  the apartment was formerly used by Osama Bin Laden to house visitors.  Al Qaeda's former logistics center was adjacent.  Defendants renamed the apartment "DynHouse."

39.     Decedent John Deuley, who supervised the Close Protection Unit, and plaintiff Joseph Dickinson, who was the Program Security Manager, repeatedly warned, in writing and in person, defendants, through their respective employees Richard Cashon and Herbert Lloyd, of the insecure nature of DynHouse and recommended moving operations to a more secure location and, if such relocation was not possible, deploying specific cost-effective measures, such as vehicle barriers, in order to provide basic security for the employees.

40.     Each time, defendants rebuffed the recommendations and chose the less secure option, which was usually to allow DynHouse to remain insecure while continuing to bill the Department of State for time and materials on other projects less open to Department of State auditing and/or more likely to have larger costs approved by the Department of State.

41.     For example, decedent John Deuley and plaintiff Joseph Dickinson attempted to protect DynHouse by deploying vehicles in strategic locations outside the building but defendants demanded they be moved, thus providing Al Qaeda direct and unfettered access to complete their threatened attack with a VBIED.

9

D.    Defendants' Substantial Certainty Of An Imminent Attack
And Their Failure to Implement Minimal Precautions.

42.    On August 28, 2004, the International Security Assistance Force ("ISAF") based in Kabul, which was organized by the United Nations and commanded by the North Atlantic Treaty Organization, issued a warning for an attack on coalition targets in downtown Kabul over the next 48 hours utilizing either a Body-Borne or Vehicle-Borne Improvised Explosive Device.  Defendants received this warning, as did Herbert Lloyd.

43.    As part of the procedures the security employees had developed without guidance from any of the defendants, decedent Deuley and plaintiff Joseph Dickinson canceled all unnecessary movements and alerted the foreign guards and all employees of the possibility of an attack.

44.    Despite the substantial certainty of an imminent attack on a symbolic coalition target lacking basic building security measures, defendants, through their agents, servants, and/or employees such as Herbert Lloyd and Richard Cashon, still did not allow the security employees to take even minimal measures to protect DynHouse, including closing the adjacent street and/or deploying vehicle barricades.

45.    Said defendants rejected the use of any additional security measures or changes in procedure, despite their awareness of the insecurity of DynHouse and the substantial certainty of an attack in the next 48 hours.  On August 29, 2004, within 24 hours of the ISAF warning, an Al Qaeda operative detonated a VBIED immediately adjacent to the entrance to DynHouse, severely injuring plaintiff Joseph Dickinson and severely injuring and killing John Deuley and Gerald Gibson.

DB02:5445368.1                                                                065122.1001

E.    Allegations Of Wrongdoing On The Part Of Defendants.

46.    The injuries sustained by plaintiff Dickinson, and the deaths of decedents John Deuley and Gerald Gibson, were the direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants DYNCORP, DI LLC, and CSC, which acted negligently, intentionally, willfully, wantonly, and recklessly, in that they:

(a)    Unreasonably denied its employees' requests for security purchases;

(b)    Failed to provide basic security to its employees;

(c)    Failed to heed its employees' warnings that the location of the headquarters of the AIPP's operations was dangerous and should be moved;

(d)    Instructed that vehicle barriers which were deployed in strategic locations outside AIPP headquarters be moved;

(e)    Refused to allow its employees to take even minimal steps to protect DynHouse, including closing the adjacent street and/or deploying vehicle barriers, despite awareness of the insecurity of DynHouse and the substantial certainty of an imminent attack in the area where DynHouse was located; and

(f)    Disregarded credible warnings of an imminent attack in the area where DynHouse was located.


SURVIVAL AND WRONGFUL DEATH ACTIONS
ON BEHALF OF PLAINTIFF DEULEY

47.    Plaintiffs incorporate by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

11

48.    A claim for damages sufficient to compensate decedent John Deuley for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Michelle Deuley, as Surviving Spouse and Executrix of the Estate of John Deuley.

49.    Plaintiff Michelle Deuley has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

50.    Plaintiffs Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, as decedent John Deuley's surviving children, hereby bring this claim for the wrongful death of their father, and for their past and future loss of parental services, pecuniary support, and mental anguish.

WHEREFORE, plaintiff Michelle Deuley, individually, and in her capacities as Surviving Spouse, mother, Guardian, and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley, and Executrix of the Estate of John Deuley, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## SURVIVAL AND WRONGFUL DEATH ACTIONS
## ON BEHALF OF PLAINTIFF GIBSON

51.    Plaintiffs incorporate by reference Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

12

52.    A claim for damages sufficient to compensate decedent Gerald Gibson for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Kathy Gibson, as Surviving Spouse and Executrix of the Estate of Gerald Gibson.

53.    Plaintiff Kathy Gibson has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

WHEREFORE, plaintiff Kathy Gibson, individually, and in her capacities as Surviving Spouse and Executrix of the Estate of Gerald Gibson, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## PERSONAL INJURY CLAIMS ON BEHALF OF
## PLAINTIFFS JOSEPH AND KIM DICKINSON

54.    Plaintiffs incorporate by reference Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.    As a direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson sustained severe personal injuries.

13

56.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has endured, and will in the future continue to endure, pain, suffering, and discomfort, both mental and physical in nature.

57.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has incurred, and will continue to incur, medical expenses for the treatment of his injuries.

58.     As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has suffered, and will in the future continue to suffer, a loss of earnings and/or earning capacity.

59.     As a consequence of her husband's injuries, plaintiff Kim Dickinson has suffered, and will in the future continue to suffer, a loss of her husband's society, comfort, companionship, and consortium.

WHEREFORE, plaintiffs Joseph and Kim Dickinson demand judgment against defendants, individually, jointly and severally, for their general and special damages, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neill Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06        Attorneys for Plaintiffs

15

<u>CERTIFICATION OF VALUE</u>

I hereby certify in good faith at this time in my opinion that the sum of damages of the plaintiffs is in excess of $100,000, exclusive of interest and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618
Attorneys for Plaintiffs

Dated: 8/22/06

16

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. *O6C-08-188(RRC)* |
| DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, | ) ) ) ) ) ) ) ) ) ) | NON-ARBITRATION CASE

TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

APPLICATION FOR APPOINTMENT OF NEXT FRIEND

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| NEW CASTLE COUNTY | ) |

BEN T. CASTLE, ESQUIRE, being duly sworn, does depose and say that:

1.    I am a member of the bar of the Supreme Court of the State of Delaware

and of the law firm of Young Conaway Stargatt & Taylor, LLP, attorneys for plaintiffs in this

action.

2.      I am submitting this Affidavit in support of the Complaint which is being filed on behalf of plaintiffs contemporaneously herewith.

3.      Michelle Deuley is the parent and Next Friend of Justin Andrew Deuley and Jordan Aubrey Deuley, and they reside in Van Buren, Arkansas.  She brings this action on their behalf.

4.      Plaintiff Michelle Deuley is the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such brings this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

5.      Plaintiff Michelle Deuley brings this action on behalf of these individuals, and the Estate of John Deuley for damages arising out of the conduct of defendants.

6.      Plaintiff Michelle Deuley has no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, in this action.

7.      Plaintiff Michelle Deuley requests the Court enter an Order appointing her Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above-captioned action.

_____
BEN T. CASTLE

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this 22 day of Aug . , 2006.

(SEAL)
Notary Public
My Commission Expires:
KAREN C. KOCHANSKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 19, 2008

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her       )
Capacities as Surviving Spouse of John Deuley,  )
As Executrix of the Estate of John Deuley, Deceased,  )
And as Mother, Guardian and/or Next Friend of   )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY              )
GIBSON, Individually, and in her Capacities as  )
Surviving Spouse of Gerald Gibson and as       )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                )
            Plaintiffs,                         )
                                                )
    v.                                          )      C.A. No. 06C-08-188(RRC)
                                                )
                                                )      NON-ARBITRATION CASE
DYNCORP INTERNATIONAL, INCORPORATED,   )
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as            )
DI Acquisition Corp; DYNCORP INTERNATIONAL )      TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly   )
known as Dyncorp Technical Services, LLC, a    )
Delaware Limited Liability Corporation,        )
                                                )
            Defendants.                         )

ORDER

AND NOW, to wit this 29th day of August_____, 2006, upon reviewing the

attached Application for Appointment of Next Friend,

IT IS HEREBY ORDERED, that plaintiff Michelle Deuley is appointed as Next

Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the

prosecution of the above-captioned action.

_____
                    J.

DB02:5462244.1                                              065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her　　　　)
Capacities as Surviving Spouse of John Deuley,　　)
As Executrix of the Estate of John Deuley, Deceased,　)
And as Mother, Guardian and/or Next Friend of　　)
Amberlye Marie Deuley, Justin Andrew Deuley, and　)
Jordan Aubrey Deuley, Minor Children of John Deuley;)
JOSEPH AND KIM DICKINSON; KATHY　　　　　)
GIBSON, Individually, and in her Capacities as　　)
Surviving Spouse of Gerald Gibson and as　　　　)
Executrix of the Estate of Gerald Gibson, Deceased,　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　　　)　C.A. No. *06C-08-188(RRC)*
　　　　　　　　　　　　　　　　　　　　　　)
DYNCORP INTERNATIONAL, INCORPORATED,　　)　NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant　)
DYNCORP entities, formerly known as　　　　　　)
DI Acquisition Corp; DYNCORP INTERNATIONAL　)　TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and　)
CSC APPLIED TECHNOLOGIES LLC, formerly　　)
known as Dyncorp Technical Services, LLC, a　　　)
Delaware Limited Liability Corporation,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　　　)

## AFFIDAVIT OF CONSENT

STATE OF Arkansas　)
　　　　　　　　　　)　SS.
COUNTY OF Crawford)

MICHELLE DEULEY, being duly sworn, does depose and say that:

1.　　　I am the parent and Next Friend of Justin Andrew Deuley, and Jordan

Aubrey Deuley and reside in Van Buren, Arkansas and bring this action on their behalf.

2.    I am the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such I bring this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

3.    I bring this action on behalf of these individuals, for damages arising out of the conduct of defendants.

4.    I have no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley in this action.

5.    I consent to the filing of this action and the Application for Appointment of Next Friend to which this Affidavit is attached.

6.    I request that the Court enter an order appointing me Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above captioned action.

MICHELLE DEULEY

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this ____ day of _____, 2006.

_____ (SEAL)
Notary Public
My Commission Expires: _____

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased,<br>And as Mother, Guardian and/or Next Friend of<br>Amberlye Marie Deuley, Justin Andrew Deuley, and<br>Jordan Aubrey Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. *06C-08-188(RRC)* |
| DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation, | ) ) ) ) ) ) ) ) ) | NON-ARBITRATION CASE<br><br>TRIAL BY JURY DEMANDED |
| Defendants. | ) ) | |

PLAINTIFFS' ANSWERS TO FORM 30 INTERROGATORIES

     1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

    ANSWER:

    At this stage of the litigation, this information is better known to defendants than to plaintiffs, and upon receipt of this information, this response will be supplemented.

1

By way of further answer, plaintiff Joseph Dickinson, 203 Dillwyn Drive, Chesapeake, VA 23322, was a witness to the event in question.

2.     Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:

See answer to Interrogatory No. 1.

For further answer:

The following former or current agents, servants, and employees of the defendant's Afghanistan International Police Program, the addresses and phone numbers of whom are available to the defendants, may have knowledge of the facts relating to the litigation:

Herbert Lloyd (unknown management rank);

Thomas Cashon (unknown management rank);

Jerry Majewski (unknown position);

William Mailer (unknown position);

Charles Fellers (unknown position);

Charles Clark (unknown position);

Ben Dolan (unknown position);

Tom Moselle (SAIC Senior Police Training Advisor);

Vern Perlinger (Business Ops Public Affairs);

Jerry Farr (RTC Construction Task Force);

Scott Simpson (Medical);

2

Andrew Sheen (Site Operations);

Shanuj Sherief (Finance);

Chris Betz (Management Assistant);

Rozana Shyti (Human Resources);

Ron Thomas (Engineering);

David Franck (Logistics);

Richard Douthit (Communications);

Bill Naylor (Tactical Operations Center);

Gam Bdr Gurung (Gurkha Force);

Tyrone Gardner (WWNS / RTT);

Larry Richards (Liason Officer Bagram Air Base);

Kevin Van Zyl (Central Training Kabul Site Coordinator);

James Marlowe (Regional Training Mazar-e-Sharif Site Coordinator);

Laurence White (RTC Konduz Site Coordinator);

Ronald Jones (RTC Bamiyan Site Coordinator);

John DeMont (RTC Gardez Site Coordinator);

Robert Bates (RTC Jalalabad Site Coordinator);

Michael Lum (RTC Kandahar Site Coordinator);

Toby Jordan (Force Protection Security);

Herbert Ward (Force Protection Security);

Glen Lewis (Force Protection Security);

Jon Tegtmeier (Force Protection Security);

Gary Bristol (Force Protection Security);

065122.1001

Jack House (Force Protection Security);

William Grieshaber (Force Protection Security);

Bikram Rai (Gurkha Contingent);

Damber Sing Dewan (Gurkha Contingent);

Saliendra Khadka (Gurkha Contingent);

Dawa Sherpa (Gurkha Contingent);

B K Rana (Gurkha Contingent);

Mahendra Rai (Gurkha Contingent);

Surya Gurung (Gurkha Contingent);

Jay Smith (Lead Police Training Advisor);

Del Harner (Lead Police Training Advisor);

Chris Squittieri (Lead Police Training Advisor);

Vernon Blevins (Lead Police Training Advisor);

Alfred Saucier (Lead Police Training Advisor);

Paul Scheppf (Lead Police Training Advisor).


    3.     Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

065122.1001

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, or information protected by attorney work product or attorney-

client privileges, it is objected to as calling for information beyond the scope of Rule 26.


4.      Identify all photographs, diagrams or other representations made in
connection with the matter in litigation, giving the name and present or last known
residential and employment address and telephone number of the person having the
original and copies thereof.  (In lieu thereof, a copy can be attached.)

ANSWER:

Documents will be provided to defense counsel when their identity is

known.


5.      Give the name, professional address and telephone number of all
expert witnesses presently retained by the party together with the dates of any written
opinions prepared by said expert.   If an expert is not presently retained, describe by type
the experts whom the party expects to retain in connection with the litigation.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, it is objected to as calling for information beyond the scope of

Rule 26.  However, without waiving this objection, counsel for plaintiffs anticipate

retaining security experts, medical experts, and treating physicians.

Plaintiffs have not yet decided whom they will call as trial experts; these

identities will be made known in accordance with this Court's scheduling order.


6.      Give a brief description of any insurance policy, including excess
coverage, that is or may be applicable to the litigation, including:

(a)      The name and address of all companies insuring the risk;

5

    (b)    The policy number(s);

    (c)    The type of insurance;

    (d)    The amounts of primary, secondary and excess coverage.

ANSWER:

Unknown to plaintiffs.

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

ANSWER:

To be provided.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Ben T. Castle (520)
Neilli MullenWalsh (2707)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: 8/22/06

Attorneys for Plaintiffs

DB02:5462193.1

065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
             )
         Plaintiffs, )
             )
      v. )      C.A. No. _06C-08-188(RRC)_
             )
DYNCORP INTERNATIONAL, INCORPORATED, )      NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )      TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
             )
         Defendants. )

## PLAINTIFFS' RESPONSES UNDER RULE 3

     1.     Photocopies of existing documentary evidence relating to special damages

(or, in lieu thereof, a brief sworn statement as to any item not included as to the reason of its non-

availability and a specific undertaking as to when it will be made available);

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants

     2.     Photocopies of pertinent portions of plaintiffs' income tax returns.

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06          Attorneys for Plaintiffs

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/07/2006
Log Number 511455673

**TO:**   Hayward D Fisk, VP Gen. Csl. & Secy.
Computer Sciences Corporation
2100 East Grand Avenue
El Segundo, CA, 90245

**RE:**   **Process Served in Delaware**

**FOR:**   CSC Applied Technologies LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michelle Deuley, Individually, and in her capacities as Surviving Spouse of John Deuley, as Executris of the Estate of John Deuley, Deceased, et al., Pltfs. vs. Dyncorp International, Incorporated, etc., et al. including CSC Applied Technologies LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Instructions, Complaint, Certification, Application, Order, Affidavit, Pltfs.' Answers, Pltfs.' Responses |
| **COURT/AGENCY:** | New Castle County Delaware Superior Court, DE
Case # 06C-08-188 |
| **NATURE OF ACTION:** | Employee Litigation - Fatal Injury/Wrongful Death - Injuries and Damages due to failure to provide basic security |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/07/2006 at 10:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Neilli Mullen Walsh
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE, 19801
302-571-6603 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790061353550
Image SOP - Page(s): 33
Email Notification, Hayward D Fisk hfisk@csc.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street
Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / JW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUMMONS

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, and )
As Mother, Guardian, and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
)
       Plaintiffs, )
)
    v. )   C.A. No. *O6C-08-188(RRC)*
)
)   NON-ARBITRATION CASE
DYNCORP INTERNATIONAL, INCORPORATED, )
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )   TRIAL BY JURY DEMANDED
DI Acquisition Corp; DYNCORP INTERNATIONAL )
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
)
       Defendants. )

## THE STATE OF DELAWARE
## TO THE SHERIFF OF NEW CASTLE COUNTY:
## YOU ARE COMMANDED:

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendant shall serve upon Neilli Mullen Walsh/Ben T. Castle, Esquires, plaintiffs' attorneys, whose address is 1000 West Street, 17th Floor, Wilmington, DE 19899-0391, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof, of the complaint and of the affidavit of demand, if any has been filed by plaintiff.

Dated: **9/5/06**

                            SHARON D. AGNEW
                            Prothonotary

                            Per Deputy

## TO THE ABOVE NAMED DEFENDANT:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorney named above an answer to the complaint and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint or in the affidavit of demand, if any.

Dated:

                            SHARON D. AGNEW
                            Prothonotary

                            Per Deputy

                                                065122.1001

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

**COUNTY:** <u>N</u>   K   S   **CIVIL ACTION NUMBER:** *O6C-08-188 (RRC)*

**Civil Case Code:** <u>CPIN</u>   **Civil Case Type:** <u>PERSONAL INJURY</u>

(See Reverse Side For Code And Type)

| | |
|---|---|
| CAPTION:<br>MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased, and<br>As Mother, Guardian and/or Next Friend of Amberlye<br>Marie Deuley, Justin Adrew Deuley, and Jordan Aubrey<br>Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation,<br><br>Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br><u>MICHELLE DEULEY, JOSEPH AND KIM DICKINSON, AND KATHY GIBSON –<br>ESTATES OF JOHN DEULEY AND GERALD GIBSON - PLAINTIFFS</u><br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><u>COMPLAINT, FORM 30 ANSWERS TO INTERROGATORIES,<br>RULE 3 RESPONSES, CIS, SUMMONS, PRAECIPE</u><br><br>NON-ARBITRATION ☒        eFILE ☒<br><br>(CERTIFICATE OF VALUE MAY BE  REQUIRED)<br><br>ARBITRATION ☐   MEDIATION ☐   NEUTRAL ASSESSMENT ☐<br><br>DEFENDANT (CIRCLE ONE)   **ACCEPT**      **REJECT**<br><br>JURY DEMAND ☒ YES   No ☐<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>Expedited      <u>Standard</u>      Complex |
| ATTORNEY NAME(S):<br>NEILLI MULLEN WALSH/BEN T. CASTLE;<br>DIONYSIOS G. RASSIAS<br><br>ATTORNEY ID(S):<br>2707/520/2829<br><br>FIRM NAME:<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP;<br>THE BEASLEY FIRM<br><br>ADDRESS:<br>THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE  19801<br>P.O. BOX 391<br>WILMINGTON, DELAWARE  19899-0391;<br><br>1125 WALNUT STREET<br>PHILADELPHIA, PA 19103<br><br>TELEPHONE NUMBER:<br>302-571-6603/6618; 215-592-1000<br><br>FAX NUMBER:<br>302-576-3343/3284<br><br>E-MAIL ADDRESS:<br>nwalsh@ycst.com; bcastle@ycst.com | Identify Any Related Cases Now Pending In The Superior Court<br>By Caption And Civil Action Number Including Judge's Initials<br><br><br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br><br><br><br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br><br><br>(IF ADDITIONAL SPACE  IS NEEDED PLEASE  ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR THE SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

**CIVIL CASE TYPE**

*Please select the appropriate civil case code and case type (e.g., CODE - AADM and TYPE - Administrative Agency) from the list below. Enter this information in the designated spaces on the Case Information Statement* APPEALS

AADM - Administrative Agency
ACER – Certiorari
ACCP - Court of Common Pleas
AIAB - Industrial Accident Board
APSC - Public Ser No vice Commission
AUIB - Unemployment Insurance Appeal Board

*COMPLAINTS*

CASB – Asbestos
CAAA - Auto Arb Appeal *
CMIS – Civil Miscellaneous
CACT - Class Action
CCON – Condemnation
CDBT - Debt/Breach of Contract *
CDEF - Defamation *
CDEJ - Declaratory Judgment
CEJM - Ejectment
CATT - Foreign & Domestic Attachment
CFJG - Foreign Judgment *
CFRD - Fraud Enforcement
CINT – Interpleader
CLIB - Libel *
CMAL - Malpractice *
CPIN - Personal Injury *
CPIA - Personal Injury Auto *
CPRL - Products Liability *
CPRD - Property Damage *
CRPV – Replevin
CSBI - Silicone Breast Implant
CSPD – Summary Proceedings Dispute
CTAX - Tax Appeal
CCCP - Transfer from CCP *
CCHA - Transfer from Chancery *

*INVOLUNTARY COMMITMENTS*

INVC - Involuntary Commitment

*MISCELLANEOUS*

MAFF - Application for Forfeiture
MAAT - Appointment of Attorney
MGAR - Appointment of Guardianship
MCED - Cease and Desist Order
MCON – Civil Contempt/Capias
MCVP - Civil Penalty
MSOJ - Compel Satisfaction of Judgment
MCRO - Complaint Requesting Order
MCTO - Consent Order
MIND - Destruction of Indicia of Arrest
MHAC - Habeas Corpus
MTOX - Hazardous Substance Cleanup
MFOR - Intercept of Forfeited Money
MISS - Issuance of Subpoena/Material Witness
MMAN - Mandamus
MOUT - Out of State Deposition
MROP - Petition for Return of Property
MROD - Road Resolution
MSAM - Satisfy Mortgage
MSEL – Sell Real Estate for Property Tax
MSEM – Set Aside Satisfaction of Mortgage
MSSS – Set Aside Sheriff's Sale
MSET – Structured Settlement
MTAX - Tax Ditches
MREF - Tax Intercept
MLAG – Tax Lagoons
MVAC - Vacate Public Road
MPOS – Writ of Possession
MPRO – Writ of Prohibition

*MORTGAGES*

MORT - Mortgage

*MECHANICS LIENS*

LIEN - Mechanics Lien *

*Case Types Subject To Arbitration Rule 16.1 – Alternative Dispute Resolution

## DUTY OF THE PLAINTIFF

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

## DUTY OF THE DEFENDANT

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her          )
Capacities as Surviving Spouse of John Deuley,     )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of      )
Amberlye Marie Deuley, Justin Andrew Deuley, and   )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY                    )
GIBSON, Individually, and in her Capacities as     )
Surviving Spouse of Gerald Gibson and as           )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                   )
            Plaintiffs,                            )
                                                   )
        v.                                         )        C.A. No. 06C-08-188 (RRC)
                                                   )
DYNCORP INTERNATIONAL, INCORPORATED,               )        NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as                )
DI Acquisition Corp; DYNCORP INTERNATIONAL         )        TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly             )
known as Dyncorp Technical Services, LLC, a        )
Delaware Limited Liability Corporation,            )
                                                   )
            Defendants.                            )

## **COMPLAINT**

### NATURE OF THE CASE

1.    Plaintiffs' decedents and plaintiff Joseph Dickinson are former civilian

police officers who were killed or seriously injured in an attack by Al Qaeda while performing

their employment duties in support of the United States Department of State Civilian Police

("CIVPOL") mission in Afghanistan.  Plaintiffs assert these claims against the general

contractors to the CIVPOL mission, defendants DYNCORP International, Incorporated

("DYNCORP"), DYNCORP International LLC ("DI LLC"), and CSC Applied Technologies

LLC ("CSC") regarding the housing, logistical support, protection, and supervision plaintiffs received. Plaintiffs seek compensatory and punitive damages for the injuries, damages, and losses they suffered as a proximate result of defendants' negligent, intentional, reckless, and willful and wanton conduct.

## PARTIES

2.     Plaintiff Michelle Deuley is a resident of the State of Arkansas. She is the surviving spouse and Executrix of the Estate of decedent John Deuley, and mother, guardian and next friend of Justin Andrew Deuley and Jordan Aubrey Deuley and next friend of Amberlye Marie Deuley, the minor children of John Deuley. John Deuley was killed on August 29, 2004 in Kabul, Afghanistan, while performing employment duties derived from a subcontract with respect to a contract awarded by the Department of State in support of the CIVPOL mission in Afghanistan. Plaintiff John Deuley was killed when the building where he was stationed, a highly symbolic target for Al Qaeda that was formerly used by Osama Bin Laden, was attacked by Al Qaeda operatives through the use of a Vehicle-Borne Improvised Explosive Device ("VBIED") driven up to and detonated in front of the building.

3.     Plaintiffs Joseph and Kim Dickinson are residents of the Commonwealth of Virginia. Plaintiff Joseph Dickinson was seriously and permanently injured in the same incident referenced in the preceding paragraph on August 29, 2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in the preceding paragraph.

4.     Plaintiff Kathy Gibson is a resident of the State of Missouri. She is the surviving spouse and Executrix of the Estate of decedent Gerald Gibson. Decedent Gerald Gibson was killed in the same incident referenced in the preceding two paragraphs on August 29,

2

2004, in Kabul, Afghanistan, while performing employment duties derived from the same subcontract referenced in those paragraphs.

5.     Plaintiffs are joining in one action pursuant to Del. Super. Ct. Civ. R. 20, because each plaintiff individually asserts at least one right to relief arising out of the same series of occurrences as at least one right to relief asserted by all the other plaintiffs individually, and at least one question of law or fact common to all plaintiffs will arise in the action.

6.     Defendant DYNCORP, formerly known as DI Acquisition Corp., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Reston, Virginia. "DYNCORP" refers to DYNCORP International, Inc. and to "DI Acquisition Corp." DYNCORP'S agent for service of process is The Corporation Trust Company.

7.     Defendant DI LLC is a limited liability corporation organized and existing under the laws of the State of Delaware. DI LLC is wholly owned by defendant DYNCORP, and has its principal place of business in Fort Worth, Texas. Defendant DI LLC's Registered Agent for service of process is The Corporation Trust Company.

8.     Defendant CSC, formerly DYNCORP Technical Services, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware. CSC is wholly owned by DYNCORP, and maintains an office in New Castle, Delaware. "CSC" refers to CSC Applied Technologies LLC and to DYNCORP Technical Services, LLC. Its Registered Agent for service of process is The Corporation Trust Company.

9.     Defendants DYNCORP, DI LLC, and CSC, before any plaintiff entered into any agreement with any defendant entity, contracted with the Department of State to provide services, including to recruit, select, equip, and deploy civilian police officers in support of a

3

CIVPOL mission to help the democratic government of Afghanistan develop a modern, indigenous police force to maintain peace and stability.

10. Defendants DYNCORP, DI LLC, and CSC were, at all times relevant hereto, the general contractors with regard to the CIVPOL contract.

11. Defendants DYNCORP, DI LLC, and CSC subcontracted with a Dubai corporation, DynCorp International FZ-LLC (hereinafter "FZ-LLC Dubai") to hire personnel and provide services in support of the CIVPOL contract.

12. At all times relevant hereto, FZ-LLC Dubai was the employer of decedent John Deuley.

13. At all times relevant hereto, FZ-LLC Dubai was the employer of plaintiff Joseph Dickinson.

14. At all times relevant hereto, FZ-LLC Dubai was the employer of decedent Gerald Gibson.

15. Pursuant to 42 U.S.C. § 1651(a)(4) of the Defense Base Act ("DBA"), which applies 33 U.S.C. § 904(a) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") to any employment under a contract (or subcontract with respect to such contract) entered into by the United States for engaging in public works abroad, subcontractor employer FZ-LLC Dubai secured DBA coverage for its employees, John Deuley, Joseph Dickinson, and Gerald Gibson.

16. Pursuant to 33 U.S.C. § 905(a) of the LHWCA, because subcontractor employer FZ-LLC Dubai did not fail to secure DBA coverage, general contractor defendants DYNCORP, DI LLC, and CSC cannot be deemed the employers of John Deuley, Joseph

4

Dickinson, or Gerald Gibson. Thus, pursuant to 33 U.S.C. § 904(a), defendants DYNCORP, DI LLC, and CSC have none of the immunities of an employer under the DBA or LHWCA.

17.    Each and every defendant is liable for the acts of its agents, servants, and/or employees, such as Herbert Lloyd and Richard Cashon, who, at all times relevant hereto, were acting in the course and scope of their employment.

## FACTS

A.    Defendants' CIVPOL Contract And the Use Of Foreign Company
      FZ-LLC Dubai For Liability, Tax, And Business Purposes.

18.    Defendants DYNCORP, DI LLC and CSC were awarded contracts with the Department of State in support of the CIVPOL mission to assist the democratic government of Afghanistan in developing a modern, indigenous police force to maintain peace and stability.

19.    Upon information and belief, the CIVPOL contracts included requirements provided by the Department of State for defendants to follow as they recruited, selected, equipped, and deployed civilian police officers from the United States.

20.    Upon information and belief, the CIVPOL contract included provisions relating to employment agreements, including but not limited to, requirements that subcontractor employers secure Defense Base Act coverage for their employees. Upon information and belief, the CIVPOL contract explicitly paid for such coverage.

21.    Upon information and belief, said contract also included provisions relating to employee safety, including but not limited to, requirements that the general contractor and any subcontractors maintain a minimal standard of security described by the contract.

22.    Upon information and belief, the general contractor defendants DYNCORP, DI LLC, and CSC transferred some or all of the duties under the CIVPOL contract to subcontractor FZ-LLC Dubai for liability, tax, and business purposes.

23.    In support of said contract, defendants conducted a nationwide recruitment effort to hire experienced civilian police officers in the United States for work in support of the CIVPOL contract.  The recruitment materials represented that FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that FZ-LLC Dubai would supply housing, logistics support, and supervision.  Defendants named their support of the CIVPOL mission the Afghanistan International Police Program ("AIPP").

B.    Plaintiffs' Recruitment, Defendants' Misrepresentation As To The Nature Of The Work, And Plaintiffs' Employment Agreements.

24.    Plaintiff Joseph Dickinson and Decedents John Deuley and Gerald Gibson became aware of the AIPP through the above-mentioned recruitment.  Per the recruitment materials, they submitted their applications to defendant DI LLC.

25.    Defendants repeatedly represented to plaintiff Dickinson and decedents that subcontractor FZ-LLC Dubai would be the employer, that United States federal taxes did not apply, that the work was of a civilian nature, and that subcontractor FZ-LLC Dubai would supply housing, logistics support, and supervision.

26.    Defendants presented to the plaintiff Dickinson and decedents pre-printed Employment Agreements which represented that subcontractor FZ-LLC Dubai was the employer and that FZ-LLC Dubai, as their employer, would provide housing, logistics support, and supervision.

27.    In reliance upon such representations and others, plaintiff Joseph Dickinson and decedents signed their respective Employment Agreements.

6

28.    In violation of 33 U.S.C. § 915(b), the Employment Agreements purported to waive "any claim for death, injury or disability against Employer and its affiliates" in consideration for an Additional Death and Dismemberment policy ("AD&D policy") referred to in the Employment Agreement as "Attachment A."

C.    Defendants' Improper Bidding Of Security Costs For The CIVPOL Contract And Subsequent Intentional Failure To Provide Adequate Security.

29.    Upon information and belief, defendants DYNCORP, DI LLC, and CSC, when negotiating for the contracts with the Department of State, which was originally billed on a "cost plus" basis, represented to the Department of State a cost for security purchases and personnel below what they knew or should have known would be required for adequate security.

30.    Upon information and belief, such misrepresentation regarding security purchases and personnel was intentionally made to induce the Department of State to award defendants DYNCORP, DI LLC, and CSC the CIVPOL contracts on defendants' mistaken belief the DBA would shield them and their subcontractor from liability for any harm which resulted from intentionally providing inadequate security.

31.    Upon information and belief, after plaintiff Joseph Dickinson and decedents entered into an Employment Agreement with subcontractor employer FZ-LLC Dubai, defendants DYNCORP, DI LLC, and CSC's contracts with the Department of State were modified, in part or in whole, from billing on a "cost plus" basis to a more lucrative "time and materials" basis.

32.    In Afghanistan, the security employees, who were paid annual salaries, typically worked in excess of 16 hours every day, far more than defendants had represented would be required. Despite defendants' representations that employer FZ-LLC Dubai would provide supervision, defendants had not prepared any security guidelines, forcing decedents and plaintiff Dickinson to create their own.

33.    Defendants maximized profits by initiating new projects under the "time and materials" contract terms while keeping as profit funds which should have been used for security arrangements.

34.    After the contract was modified, several CIVPOL and other projects for the United States were begun. Defendants chose to "secure" these projects by spreading the security personnel thinner and denying all requests, until after the attack, for significant security purchases.

35.    Upon information and belief, defendants, through their agents, servants and/or employees such as Herbert Lloyd and Richard Cashon, acted together to allow the AIPP to suffer major setbacks, including the injury or death of its employees, to extend the time and materials needed to fulfill the contract, which were then billed to the Department of State.

36.    Upon information and belief, despite all previous representations made by defendants that subcontractor employer FZ-LLC Dubai would provide housing, logistical support, and supervision, FZ-LLC Dubai's budget for the AIPP was sufficient only to cover employee payroll.

065122.1001

37.    Upon information and belief, all other costs, including costs for security measures, had to be specifically approved by defendants through their respective employees, Richard Cashon, then employed as a Senior Vice President, and Herbert Lloyd, then employed as Program Manager.

38.    In every instance, defendants chose the cheapest and least secure option available.  Defendants headquartered the AIPP's operations in a dense urban area on a little patch of ground that had in it no benefit but the name:  the apartment was formerly used by Osama Bin Laden to house visitors.  Al Qaeda's former logistics center was adjacent.  Defendants renamed the apartment "DynHouse."

39.    Decedent John Deuley, who supervised the Close Protection Unit, and plaintiff Joseph Dickinson, who was the Program Security Manager, repeatedly warned, in writing and in person, defendants, through their respective employees Richard Cashon and Herbert Lloyd, of the insecure nature of DynHouse and recommended moving operations to a more secure location and, if such relocation was not possible, deploying specific cost-effective measures, such as vehicle barriers, in order to provide basic security for the employees.

40.    Each time, defendants rebuffed the recommendations and chose the less secure option, which was usually to allow DynHouse to remain insecure while continuing to bill the Department of State for time and materials on other projects less open to Department of State auditing and/or more likely to have larger costs approved by the Department of State.

41.    For example, decedent John Deuley and plaintiff Joseph Dickinson attempted to protect DynHouse by deploying vehicles in strategic locations outside the building but defendants demanded they be moved, thus providing Al Qaeda direct and unfettered access to complete their threatened attack with a VBIED.

9

D.   Defendants' Substantial Certainty Of An Imminent Attack
     And Their Failure to Implement Minimal Precautions.

42.   On August 28, 2004, the International Security Assistance Force ("ISAF") based in Kabul, which was organized by the United Nations and commanded by the North Atlantic Treaty Organization, issued a warning for an attack on coalition targets in downtown Kabul over the next 48 hours utilizing either a Body-Borne or Vehicle-Borne Improvised Explosive Device. Defendants received this warning, as did Herbert Lloyd.

43.   As part of the procedures the security employees had developed without guidance from any of the defendants, decedent Deuley and plaintiff Joseph Dickinson canceled all unnecessary movements and alerted the foreign guards and all employees of the possibility of an attack.

44.   Despite the substantial certainty of an imminent attack on a symbolic coalition target lacking basic building security measures, defendants, through their agents, servants, and/or employees such as Herbert Lloyd and Richard Cashon, still did not allow the security employees to take even minimal measures to protect DynHouse, including closing the adjacent street and/or deploying vehicle barricades.

45.   Said defendants rejected the use of any additional security measures or changes in procedure, despite their awareness of the insecurity of DynHouse and the substantial certainty of an attack in the next 48 hours. On August 29, 2004, within 24 hours of the ISAF warning, an Al Qaeda operative detonated a VBIED immediately adjacent to the entrance to DynHouse, severely injuring plaintiff Joseph Dickinson and severely injuring and killing John Deuley and Gerald Gibson.

DB02:5445368.1                                                    065122.1001

E.    Allegations Of Wrongdoing On The Part Of Defendants.

46.    The injuries sustained by plaintiff Dickinson, and the deaths of decedents John Deuley and Gerald Gibson, were the direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants DYNCORP, DI LLC, and CSC, which acted negligently, intentionally, willfully, wantonly, and recklessly, in that they:

(a)    Unreasonably denied its employees' requests for security purchases;

(b)    Failed to provide basic security to its employees;

(c)    Failed to heed its employees' warnings that the location of the headquarters of the AIPP's operations was dangerous and should be moved;

(d)    Instructed that vehicle barriers which were deployed in strategic locations outside AIPP headquarters be moved;

(e)    Refused to allow its employees to take even minimal steps to protect DynHouse, including closing the adjacent street and/or deploying vehicle barriers, despite awareness of the insecurity of DynHouse and the substantial certainty of an imminent attack in the area where DynHouse was located; and

(f)    Disregarded credible warnings of an imminent attack in the area where DynHouse was located.


SURVIVAL AND WRONGFUL DEATH ACTIONS
ON BEHALF OF PLAINTIFF DEULEY

47.    Plaintiffs incorporate by reference Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

11

48.    A claim for damages sufficient to compensate decedent John Deuley for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Michelle Deuley, as Surviving Spouse and Executrix of the Estate of John Deuley.

49.    Plaintiff Michelle Deuley has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

50.    Plaintiffs Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, as decedent John Deuley's surviving children, hereby bring this claim for the wrongful death of their father, and for their past and future loss of parental services, pecuniary support, and mental anguish.

WHEREFORE, plaintiff Michelle Deuley, individually, and in her capacities as Surviving Spouse, mother, Guardian, and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley, and Executrix of the Estate of John Deuley, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## SURVIVAL AND WRONGFUL DEATH ACTIONS
### ON BEHALF OF PLAINTIFF GIBSON

51.    Plaintiffs incorporate by reference Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

12

52.    A claim for damages sufficient to compensate decedent Gerald Gibson for his pain and suffering, medical expenses, and pecuniary losses, has survived to plaintiff Kathy Gibson, as Surviving Spouse and Executrix of the Estate of Gerald Gibson.

53.    Plaintiff Kathy Gibson has suffered a loss of her husband, by means of his wrongful death, and, as a consequence, has experienced, and will continue to experience, severe mental and emotional distress, deprivation of expectation of pecuniary benefits to her that would have resulted from decedent's continued life, loss of spousal and household services, and the loss of reasonable funeral expenses, and has incurred, and will in the future incur, other losses and expenses.

WHEREFORE, plaintiff Kathy Gibson, individually, and in her capacities as Surviving Spouse and Executrix of the Estate of Gerald Gibson, demands judgment against defendants individually, jointly and severally, for general, special, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

## PERSONAL INJURY CLAIMS ON BEHALF OF
## PLAINTIFFS JOSEPH AND KIM DICKINSON

54.    Plaintiffs incorporate by reference Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.    As a direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson sustained severe personal injuries.

13

56.    As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has endured, and will in the future continue to endure, pain, suffering, and discomfort, both mental and physical in nature.

57.    As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has incurred, and will continue to incur, medical expenses for the treatment of his injuries.

58.    As a further direct and proximate result of the negligent, intentional, willful, wanton, and reckless conduct of defendants, plaintiff Joseph Dickinson has suffered, and will in the future continue to suffer, a loss of earnings and/or earning capacity.

59.    As a consequence of her husband's injuries, plaintiff Kim Dickinson has suffered, and will in the future continue to suffer, a loss of her husband's society, comfort, companionship, and consortium.

WHEREFORE, plaintiffs Joseph and Kim Dickinson demand judgment against defendants, individually, jointly and severally, for their general and special damages, and punitive damages, in such amount as justice and the nature of the case require, together with interest, costs, and such other relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neill Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

14

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06        Attorneys for Plaintiffs

15

## CERTIFICATION OF VALUE

I hereby certify in good faith at this time in my opinion that the sum of damages of the plaintiffs is in excess of $100,000, exclusive of interest and costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Neilli Mullen Walsh*

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618
Attorneys for Plaintiffs

Dated:  8/22/06

16

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. *06C-08-188(RRC)*

NON-ARBITRATION CASE

TRIAL BY JURY DEMANDED

APPLICATION FOR APPOINTMENT OF NEXT FRIEND

STATE OF DELAWARE    )
                       ) SS.
NEW CASTLE COUNTY   )

       BEN T. CASTLE, ESQUIRE, being duly sworn, does depose and say that:

       1.     I am a member of the bar of the Supreme Court of the State of Delaware

and of the law firm of Young Conaway Stargatt & Taylor, LLP, attorneys for plaintiffs in this

action.

065122 1001

2.    I am submitting this Affidavit in support of the Complaint which is being filed on behalf of plaintiffs contemporaneously herewith.

3.    Michelle Deuley is the parent and Next Friend of Justin Andrew Deuley and Jordan Aubrey Deuley, and they reside in Van Buren, Arkansas. She brings this action on their behalf.

4.    Plaintiff Michelle Deuley is the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such brings this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

5.    Plaintiff Michelle Deuley brings this action on behalf of these individuals, and the Estate of John Deuley for damages arising out of the conduct of defendants.

6.    Plaintiff Michelle Deuley has no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, in this action.

7.    Plaintiff Michelle Deuley requests the Court enter an Order appointing her Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above-captioned action.

_____
BEN T. CASTLE

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this 22 day of Aug , 2006.

_____(SEAL)
Notary Public
My Commission Expires: _____

KAREN C. KOCHANSKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 19, 2008

EFiled: Aug 22 2006 12:44PM EDT
Transaction ID 12144164

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                                                    )
                  Plaintiffs,                                                 )
                                                                                    )
         v.                                                                       )    C.A. No. O6C-08-188(RRC)
                                                                                    )
DYNCORP INTERNATIONAL, INCORPORATED, )    NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )    TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
                                                                                    )
                  Defendants.                                               )

## ORDER

AND NOW, to wit this 29th day of August_____, 2006, upon reviewing the

attached Application for Appointment of Next Friend,

IT IS HEREBY ORDERED, that plaintiff Michelle Deuley is appointed as Next

Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the

prosecution of the above-captioned action.

_____
                                                            J.

FILED PROTHONOTARY
2006 AUG 31 PM 1:43
065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her ) <br> Capacities as Surviving Spouse of John Deuley, ) <br> As Executrix of the Estate of John Deuley, Deceased, ) <br> And as Mother, Guardian and/or Next Friend of ) <br> Amberlye Marie Deuley, Justin Andrew Deuley, and ) <br> Jordan Aubrey Deuley, Minor Children of John Deuley;) <br> JOSEPH AND KIM DICKINSON; KATHY ) <br> GIBSON, Individually, and in her Capacities as ) <br> Surviving Spouse of Gerald Gibson and as ) <br> Executrix of the Estate of Gerald Gibson, Deceased, ) <br> ) <br>      Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> DYNCORP INTERNATIONAL, INCORPORATED, ) <br> a Delaware Corporation, Parent of the co-defendant ) <br> DYNCORP entities, formerly known as ) <br> DI Acquisition Corp; DYNCORP INTERNATIONAL ) <br> LLC, a Delaware Limited Liability Corporation; and ) <br> CSC APPLIED TECHNOLOGIES LLC, formerly ) <br> known as Dyncorp Technical Services, LLC, a ) <br> Delaware Limited Liability Corporation, ) <br> ) <br>      Defendants. ) | C.A. No. *06C-08-188(RRC)* <br><br> NON-ARBITRATION CASE <br><br> TRIAL BY JURY DEMANDED |

**AFFIDAVIT OF CONSENT**

STATE OF Arkansas )
                   )    SS.
COUNTY OF Crawford )

MICHELLE DEULEY, being duly sworn, does depose and say that:

1.     I am the parent and Next Friend of Justin Andrew Deuley, and Jordan

Aubrey Deuley and reside in Van Buren, Arkansas and bring this action on their behalf.

2.    I am the Executrix of the Estate of John Deuley and Next Friend of Amberlye Marie Deuley and as such I bring this action on behalf of John Deuley's daughter, Amberlye Marie Deuley, as she is a potential beneficiary.

3.    I bring this action on behalf of these individuals, for damages arising out of the conduct of defendants.

4.    I have no adverse interest to the said Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley in this action.

5.    I consent to the filing of this action and the Application for Appointment of Next Friend to which this Affidavit is attached.

6.    I request that the Court enter an order appointing me Next Friend for these three individuals, Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, for the prosecution of the above captioned action.

MICHELLE DEULEY

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this ⎯⎯ day of ⎯⎯⎯⎯⎯, 2006.

(SEAL)

Notary Public
My Commission Expires: ⎯⎯⎯⎯⎯

DB02:5462269.1                                                                065122.1001

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _O6C-08-188(RRC)_ |
| DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, | ) ) ) ) ) ) ) ) ) ) ) | NON-ARBITRATION CASE

TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

PLAINTIFFS' ANSWERS TO FORM 30 INTERROGATORIES

      1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

    ANSWER:

      At this stage of the litigation, this information is better known to

defendants than to plaintiffs, and upon receipt of this information, this response will be

supplemented.

                                                                

By way of further answer, plaintiff Joseph Dickinson, 203 Dillwyn Drive, Chesapeake, VA 23322, was a witness to the event in question.

2.    Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:

See answer to Interrogatory No. 1.

For further answer:

The following former or current agents, servants, and employees of the defendant's Afghanistan International Police Program, the addresses and phone numbers of whom are available to the defendants, may have knowledge of the facts relating to the litigation:

Herbert Lloyd (unknown management rank);

Thomas Cashon (unknown management rank);

Jerry Majewski (unknown position);

William Mailer (unknown position);

Charles Fellers (unknown position);

Charles Clark (unknown position);

Ben Dolan (unknown position);

Tom Moselle (SAIC Senior Police Training Advisor);

Vern Perlinger (Business Ops Public Affairs);

Jerry Farr (RTC Construction Task Force);

Scott Simpson (Medical);

2

Andrew Sheen (Site Operations);

Shanuj Sherief (Finance);

Chris Betz (Management Assistant);

Rozana Shyti (Human Resources);

Ron Thomas (Engineering);

David Franck (Logistics);

Richard Douthit (Communications);

Bill Naylor (Tactical Operations Center);

Gam Bdr Gurung (Gurkha Force);

Tyrone Gardner (WWNS / RTT);

Larry Richards (Liason Officer Bagram Air Base);

Kevin Van Zyl (Central Training Kabul Site Coordinator);

James Marlowe (Regional Training Mazar-e-Sharif Site Coordinator);

Laurence White (RTC Konduz Site Coordinator);

Ronald Jones (RTC Bamiyan Site Coordinator);

John DeMont (RTC Gardez Site Coordinator);

Robert Bates (RTC Jalalabad Site Coordinator);

Michael Lum (RTC Kandahar Site Coordinator);

Toby Jordan (Force Protection Security);

Herbert Ward (Force Protection Security);

Glen Lewis (Force Protection Security);

Jon Tegtmeier (Force Protection Security);

Gary Bristol (Force Protection Security);

Jack House (Force Protection Security);

William Grieshaber (Force Protection Security);

Bikram Rai (Gurkha Contingent);

Damber Sing Dewan (Gurkha Contingent);

Saliendra Khadka (Gurkha Contingent);

Dawa Sherpa (Gurkha Contingent);

B K Rana (Gurkha Contingent);

Mahendra Rai (Gurkha Contingent);

Surya Gurung (Gurkha Contingent);

Jay Smith (Lead Police Training Advisor);

Del Harner (Lead Police Training Advisor);

Chris Squittieri (Lead Police Training Advisor);

Vernon Blevins (Lead Police Training Advisor);

Alfred Saucier (Lead Police Training Advisor);

Paul Scheppf (Lead Police Training Advisor).


     3.      Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, or information protected by attorney work product or attorney-

client privileges, it is objected to as calling for information beyond the scope of Rule 26.

4.    Identify all photographs, diagrams or other representations made in
connection with the matter in litigation, giving the name and present or last known
residential and employment address and telephone number of the person having the
original and copies thereof.  (In lieu thereof, a copy can be attached.)

ANSWER:

Documents will be provided to defense counsel when their identity is

known.

5.    Give the name, professional address and telephone number of all
expert witnesses presently retained by the party together with the dates of any written
opinions prepared by said expert.   If an expert is not presently retained, describe by type
the experts whom the party expects to retain in connection with the litigation.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not

be called to testify at trial, it is objected to as calling for information beyond the scope of

Rule 26.  However, without waiving this objection, counsel for plaintiffs anticipate

retaining security experts, medical experts, and treating physicians.

Plaintiffs have not yet decided whom they will call as trial experts; these

identities will be made known in accordance with this Court's scheduling order.

6.    Give a brief description of any insurance policy, including excess
coverage, that is or may be applicable to the litigation, including:

(a)    The name and address of all companies insuring the risk;

(b)    The policy number(s);

(c)    The type of insurance;

(d)    The amounts of primary, secondary and excess coverage.

ANSWER:

Unknown to plaintiffs.

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

ANSWER:

To be provided.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_Nulli Mullen Walsh_

Ben T. Castle (520)
Neilli MullenWalsh (2707)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: 8/22/06         Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MICHELLE DEULEY, Individually, and in her          )
Capacities as Surviving Spouse of John Deuley,     )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of      )
Amberlye Marie Deuley, Justin Andrew Deuley, and   )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY                    )
GIBSON, Individually, and in her Capacities as     )
Surviving Spouse of Gerald Gibson and as           )
Executrix of the Estate of Gerald Gibson, Deceased, )
                                                   )
            Plaintiffs,                            )
                                                   )
    v.                                             )        C.A. No. 06C-08-188(RRC)
                                                   )
DYNCORP INTERNATIONAL, INCORPORATED,               )        NON-ARBITRATION CASE
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as                )
DI Acquisition Corp; DYNCORP INTERNATIONAL         )        TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly             )
known as Dyncorp Technical Services, LLC, a        )
Delaware Limited Liability Corporation,            )
                                                   )
            Defendants.                            )

PLAINTIFFS' RESPONSES UNDER RULE 3

    1.    Photocopies of existing documentary evidence relating to special damages

(or, in lieu thereof, a brief sworn statement as to any item not included as to the reason of its non-

availability and a specific undertaking as to when it will be made available);

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants

    2.    Photocopies of pertinent portions of plaintiffs' income tax returns.

065122.1001

RESPONSE:

To be furnished when appearances have been entered on behalf of defendants.


YOUNG CONAWAY STARGATT & TAYLOR, LLP

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618

Dionysios G. Rassias (2829)
The Beasley Firm
1125 Walnut Street
Philadelphia, PA 19103
(215) 592-1000

Dated: F/22/06          Attorneys for Plaintiffs

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHELLE DEULEY, individually, and in her capacities as surviving spouse of John Deuley, as executrix of the estate of John Deuley, Deceased, as a mother, guardian and/or next friend of Amberyle Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, minor children of John Deuley; JOSEPH AND KIM DICKINSON; and KATHY GIBSON, individually, and in her capacities as surviving spouse of Gerald Gibson and as executrix of the estate of Gerald Gibson

## DEFENDANTS

DYNCORP INTERNATIONAL, INC.;
DYNCORP INTERNATIONAL, LLC;
CSC APPLIED TECHNOLOGIES LLC

(b) County of Residence of First Listed Plaintiff  Crawford County, Arkansas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Fairfax County, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)

Nelli Mullen Walsh, Ben T. Castle, Young Conawat Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391
(302) 571-6603

Attorneys (If Known)

Robert K. Beste, Smith, Katzenstein & Furlow LLP, The Corporate Plaza, 800 Delaware Avenue, Wilmington, DE 19899, (302) 652-8400

## II. BASIS OF JURISDICTION (Place an "✓" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | **X** 3 Federal Question (U.S Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties In Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "✓" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | **X** 4 |
| Citizen of Another State | **X** 2 | ☐ 2 | Incorporated and Principal Place Of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "✓" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>**X** 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | **X** 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    **X** Yes    ☐ No

242527.1

**VIII. RELATED CASE(S)** (See instructions)
**IF ANY**                                    JUDGE _____    DOCKET NUMBER _____

DATE                                          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

242527.1

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.        (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place a "✓" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place a "✓" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below-, federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place a "✓" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place a "✓" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U. S. C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place a "✓" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

242527.1

AO FORM 85 RECEIPT (REV. 9/04)

## United States District Court for the District of Delaware

Civil Action No. _06 - 605_ _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

_9/27/06_
(Date forms issued)

_____
(Signature of Party or their Representative)

_Wes Troyan_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action