## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, as Executrix of the Estate of John Deuley, Deceased And as Mother, Guardian and/or Next Friend of Amberyle Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased )))))))))))) | C. A. No. 06-cv-605 |

      Plaintiffs,                  )

      v.                          )

DYNCORP INTERNATIONAL, INCORPORATED, )
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp.; DYNCORP INTERNATIONAL )
LLC; a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )

      Defendants.            )

## MOTION FOR EXTENSION OF TIME TO FILE
## ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

COME NOW Defendants DynCorp International, Inc., DynCorp International LLC, and

CSC Applied Technologies LLC (hereinafter "Defendants"), by and through their attorneys,

Smith, Katzenstein & Furlow LLP, and hereby move this Court for an extension of time to file

an Answer or otherwise respond to the Complaint by twenty-one days.[1]  In support of their

motion, Defendants state the following:

---

[1] Pursuant to Local Rule 7.1.2(a), Defendants waive the right to file a brief in support of this motion, and instead rely upon this motion alone.

1.      Plaintiffs originally filed the Complaint in the Superior Court of the State of Delaware, In and for New Castle County, on or about August 22, 2006.

2.      Defendants were served with the Complaint on or about September 7, 2006, through their registered agents in the State of Delaware.

3.      On September 27, 2006, Defendants timely removed the state court action to this Court pursuant to, *inter alia*, the federal officer/agent removal statute, 28 U.S.C. § 1442(a)(1), based on federal statutory and common law defenses, including the exclusivity of remedies under the Defense Base Act, 42 U.S.C. §§ 1651, *et seq.*, which incorporates and applies the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, *et seq.*, the government contractor defense, and the doctrine of political question. *See McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1195-1196 (M.D. Fl. 2006) (holding that the federal question jurisdictional requirement is met under the federal officer removal statute if the defense depends on federal law, as held in *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999)).

4.      Pursuant to Federal Rule of Civil Procedure 81(c), Defendants are required to file an answer or otherwise respond within five (5) days after the filing of their petition for removal.

5.      Due to the nature of the claims alleged in the Complaint, Defendants will not have sufficient time to adequately investigate all of the allegations and answer or otherwise respond to those allegations, especially in light of the fact that the events underlying the allegations in the Complaint occurred in Afghanistan, which continues to be a hostile and challenging environment, and involve complicated interactions among Defendants, its subcontractors, the United States Government, and possibly foreign governments and entities.

6.      A statement pursuant to Local Rule 7.1.1 is attached hereto.

7.      This is the first extension of time sought by the Defendant.

8.    No Scheduling Order has yet been issued and discovery deadlines have not been scheduled; thus, this requested extension of time would not impact on the progress of the litigation.

WHEREFORE, for the reasons stated above, Defendants respectfully requests that this Court grant this Motion for Extension of Time to File Answer or Otherwise Respond to the Complaint.

|  |  |
|---|---|
|  | SMITH, KATZENSTEIN & FURLOW LLP |
| *Of Counsel*: |  |
| Robert B. Wallace |  |
| Kevin P. Farrell | _/s/_    *Robert K. Beste*          . |
| Yoora Pak | Robert J. Katzenstein (Del. ID No. 378) |
| WILSON, ELSER, MOSKOWITZ, | Robert K. Beste, III (Del. ID No. 3931) |
| EDELMAN & DICKER LLP | 800 Delaware Avenue, 7th Floor |
| The Colorado Building | P.O. Box 410 |
| 1341 G Street, N.W., 5th Floor | Wilmington, DE 19899 (Courier 19801) |
| Washington, DC 20005 | Telephone:    302.652.8400 |
| Telephone:    (202) 626-7660 | Facsimile:    302.652.8405 |
| Facsimile:    (202) 628-3606 |  |

*Attorneys for Defendants*
*CSC Applied Technologies LLC, DynCorp*
*International, Inc., and DynCorp International LLC*

October 3, 2006

## LOCAL RULE 7.1.1 STATEMENT

Counsel for Defendants has attempted to contact Plaintiffs' counsel in Philadelphia to discuss the extension sought in this motion. Despite several phone calls and messages left on counsel's voicemail and with his assistant, Plaintiffs' counsel has not returned any calls. Counsel for Defendants has spoken with Plaintiffs' local counsel in Wilmington, Delaware, Ms. Nelli Walsh, but she represented that she was not authorized to consent to an extension without consulting with Plaintiffs' counsel in Philadelphia.



/s/    *Robert K. Beste* .
Robert K. Beste, III

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the **MOTION FOR EXTENSION OF**

**TIME TO FILE ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** was

sent, via e-filing, on this 3rd day of October, 2006, to:


    Neilli Mullen Walsh
    Ben T. Castle
    Young Conaway Stargatt & Taylor, LLP
    The Brandywine Building
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE 19899-0391

and by first class mail to:

    Dionysios G. Rassias
    The Beasley Firm
    1125 Walnut Street
    Philadelphia, PA 19103




        /s/ *Robert K. Beste* .
        Robert K. Beste, III