IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation, <br><br> Defendants. | C.A. No. 06-605 (GMS) <br><br><br> TRIAL BY JURY DEMANDED |

PLAINTIFFS' MOTION FOR REMAND TO THE SUPERIOR COURT
OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

1. On August 22, 2006, plaintiffs filed their Complaint in the Superior Court of the State of Delaware in and for New Castle County. Plaintiffs served this Complaint upon all defendants on or about September 7, 2006.

2. Plaintiffs and/or their decedents are/were former civilian police officers hired by DynCorp International LLC-FZ, a Dubai corporation (hereinafter "FZ-Dubai"), to

provide civilian police training and security services in Afghanistan. FZ-Dubai is not a defendant in this action.

3. Plaintiffs aver that FZ-Dubai employed the plaintiffs and/or their decedents for work in Afghanistan to help perform FZ-Dubai's contractual duties with defendants DynCorp International LLC, DynCorp International, Inc. and/or CSC Applied Technologies LLC.

4. Plaintiffs aver that defendants DynCorp International LLC, DynCorp International, Inc. and/or CSC Applied Technologies LLC subcontracted with Dubai-FZ to help perform defendants' duties under a Civilian Police ('CIVPOL") contract with the United States Department of State.

5. Plaintiffs alleged numerous instances of tortuous conduct by the defendants in support of plaintiffs' claims for survival, wrongful death, and personal injury.

6. On September 27, 2006, the day on which responsive pleadings were due in the Superior Court, defendants submitted a Notice of Removal "pursuant to 28 U.S.C. § § 1331, 1441, 1442 and 1446."

7. Defendants' Notice of Removal fails on its face to meet the requirements for removal, as described below and in Plaintiffs' Memorandum of Law, herein incorporated by reference.

8. 28 U.S.C. § 1331 provides for the original jurisdiction of the Untied States District Courts; removals cannot be made pursuant to it. Defendants thus have no objectively reasonable basis for removal pursuant to 28 U.S.C. § 1331.

9. 28 U.S.C. § 1441 provides for removal for claims arising under the Constitution, treaties or laws of the United States or actions in which no defendant is a citizen of

the state in which the action was brought. Neither is applicable here. In fact, defendants make no such contention. Rather, defendants simply rely on a federal statute, which they allege provides a defense to plaintiffs' claims, in support of removal. The Fifth Circuit, in reviewing that statute, held it was "nothing more than a statutory defense to a state-court cause of action – the classic circumstance of non-removability." Defendants thus have no objectively reasonable basis for removal pursuant to 28 U.S.C. § 1441.

10. In support of their Notice of Removal, defendants provided five paragraphs of averments, unsupported by documentation, regarding their relationship to the United States Government. *See Notice of Removal*, ¶¶ 13, 15, 16, 17 and 18. Defendants cite one case in their Notice of Removal, Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Boyle itself does not discuss removal and controlling precedent in this Court and in the Third Circuit establishes that, while a Boyle analysis is similar to the analysis for removal pursuant to 28 U.S.C. § 1442(a)(1), Boyle does not provide the standard for removal. Defendants thus have no objectively reasonable basis for removal under Boyle.

11. 28 U.S.C. § 1442(a)(1) provides for removal for claims against persons acting under officers of the United States. The Third Circuit and this Honorable Court apply a clear four-point test when a private party wishes to use § 1442(a)(1) to remove an action. Defendants have not acknowledged that the test exists, described the application of the test to the Court, introduced evidence in support of their claim, applied the test to the evidence, or distinguished the unanimous precedent in opposition to removal. Defendants thus have no objectively reasonable basis for removal pursuant to 28 U.S.C. § 1442(a)(1).

12. 28 U.S.C. § 1446 is a procedural statute regarding the timing of removal. It does not provide an independent basis for removal.

13. Defendants have burdened this Court's time and energy with a removal that does not conform to the well-established requirements of this Court and the Thrid Circuit. In the absence of specific evidence establishing that the conduct about which plaintiffs complain was done under direct and specific orders from a Federal officer, defendants lack an objectively reasonable basis for removal. There can be no better example of frivolous removals warranting an assessment of costs and fees than the instant removal, and, therefore, an assessment of attorneys' fees and costs against defendants is warranted.

WHEREFORE, plaintiffs respectfully request this Court remand the action to the Superior Court of the State of Delaware in and for New Castle County, and award plaintiffs reasonable costs and attorneys' fees.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Neilli Mullen Walsh*
Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603
Attorneys for Plaintiffs

Dated: 10/12/06

Dion G. Rassias (2829)
James E. Beasley, Jr. (Of Counsel)
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, Individually, and in her Capacities as Surviving Spouse of John Deuley, As Executrix of the Estate of John Deuley, Deceased, And as Mother, Guardian and/or Next Friend of Amberlye Marie Deuley, Justin Andrew Deuley, and Jordan Aubrey Deuley, Minor Children of John Deuley; JOSEPH AND KIM DICKINSON; KATHY GIBSON, Individually, and in her Capacities as Surviving Spouse of Gerald Gibson and as Executrix of the Estate of Gerald Gibson, Deceased,<br><br>        Plaintiffs,<br><br>    v.<br><br>DYNCORP INTERNATIONAL, INCORPORATED, a Delaware Corporation, Parent of the co-defendant DYNCORP entities, formerly known as DI Acquisition Corp; DYNCORP INTERNATIONAL LLC, a Delaware Limited Liability Corporation; and CSC APPLIED TECHNOLOGIES LLC, formerly known as Dyncorp Technical Services, LLC, a Delaware Limited Liability Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-605 (GMS)<br>)<br>)<br>)<br>)<br>)   TRIAL BY JURY DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiffs' Motion To Remand To The Superior Court Of The State Of Delaware In And For New Castle County, and for costs and attorneys' fees, and any response thereto,

IT IS HEREBY ORDERED AND DECREED that Plaintiffs' Motion is GRANTED as follows:

        (1)      This action is REMANDED to the Superior Court of the State of Delaware in and for New Castle County;

        (2)      Defendants are ORDERED to pay plaintiffs' costs, expenses, and attorneys' fees;

        (3)      Plaintiffs' counsel shall submit their application for fees and costs, pursuant to 28 U.S.C. § 1447(c), with supporting affidavits, on or before _____, 2006; and

        (4)      A certified copy of this Order will be mailed by the Clerk of this Court to the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County pursuant to 28 U.S.C. § 1447(c).

_____
THE HONORABLE GREGORY M. SLEET

## CERTIFICATE OF SERVICE

I hereby certify that on ___October 12___, 2006, I caused copies of the within Plaintiffs' Motion for Remand To The Superior Court Of the State of Delaware In And For New Castle County to be served electronically and by hand or mail on attorneys of record, as follows:

    Robert J. Katzenstein, Esquire
    Robert K. Beste, III, Esquire
    Smith, Katzenstein & Furlow LLP
    800 Delaware Avenue, 7th Floor
    P. O. Box 410
    Wilmington, DE 19899

    Robert B. Wallace, Esquire
    Kevin P. Ferrell, Esquire
    Yoora Pak, Esquire
    Wilson, Elser, Moskowitz,
    Edelman & Dicker LLP
    The Colorado Building
    1341 G Street, N.W., 5th Floor
    Washington, DC 20005

                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                      /s/ Neilli Mullen Walsh
                      Neilli Mullen Walsh (2707)
                      Ben T. Castle (520)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      P. O. Box 391
                      Wilmington, DE 19899-0391
                      (302) 571-6618/6603
                      Attorneys for Plaintiffs

Dated: 10/12/06