IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased,<br>And as Mother, Guardian and/or Next Friend of<br>Amberlye Marie Deuley, Justin Andrew Deuley, and<br>Jordan Aubrey Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-605 (GMS) |
| DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation, | ) ) ) ) ) ) ) ) ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR REMAND TO THE SUPERIOR COURT OF THE
<u>STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY</u>**

I.      **BACKGROUND**

Plaintiffs are former civilian police officers and their decedents hired to provide

services to a subcontractor to the United States Department of State's Civilian Police

("CIVPOL") training program in Afghanistan.  Plaintiffs allege several state law tort claims

against the general contractors, including survival, wrongful death and personal injury. Aside from defendants' vague allusions to "uniquely federal interests" and "the political question doctrine", neither of which are relevant to private parties, the defendants argue two unavailing issues: Defendants argue, <u>as defenses</u>, that the Defense Base Act preempts plaintiffs' claims, and that defendants' conduct is shielded from tort liability by the government Contractor Defense. Plaintiffs, of course, dispute both conclusions. Furthermore, even if defendants are correct, their defenses provide no basis for removal.

Defendants must recognize that a defense based on Federal law does not create subject matter jurisdiction, and so, even though they cite 28 U.S.C. §§ 1331 and 1441 at the beginning, they save this baseless argument for the end of their Notice of Removal. <u>Louisville & N. R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908); *see Notice of Removal*, ¶ 18. Defendants instead rely on a single-sentence application of 28 U.S.C. § 1442(a)(1), and a vague, single-sentence reference to <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500 (1988). Unfortunately, defendants inexplicably fail to address the Third Circuit's four-part test for exactly these types of removals by private parties pursuant to 28 U.S.C. § 1442(a)(1). Defendants also apparently have not reviewed this Court's precedent where it applied that test and specifically held that, while a colorable defense under Boyle was part of the analysis, it was by no means the whole analysis. <u>Feidt v. Owens Corning Fiberglas Corp.</u>, 153 F.3d 124, 127 (3d Cir., 1998); <u>Megill v. Worthington Pump, Inc.</u>, 1999 U.S. Dist. LEXIS 4433 * 6 (D. Del)(attached as Exhibit A). Moreover, the <u>Boyle</u> court limited its own application to situations in which the defendant was <u>specifically directed</u> to engage in the conduct about which plaintiffs' complain. Such a limitation was, in fact, the basis for this Court's remand in <u>Megill</u>. It should serve as a basis for this Court's remand today.

065122.1001

## II.    LEGAL ARGUMENT

It is well-settled that "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, <u>the removal statute should be strictly construed and all doubts should be resolved in favor of remand.</u>" <u>Abels v. State Farm Fire & Casualty Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985), *citing* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Proce*dure § 3642, at 149 (2d ed. 1985) (emphasis added).  Further, "[a] party who urges jurisdiction on a federal court bears the burden of proving that federal jurisdiction exists . . . ." <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3rd Cir. 1990). Defendants have failed to meet this burden.

To reiterate, the only grounds defendants have provided for removal are:

1.    "[Defendants] submit this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446." *Notice of Removal, preamble*.

2.    "Defendants' performance under the CIVPOL Government Contract was directed and monitored by the United States Department of State ("DOS"). The CIVPOL Government Contract dictated, for example, the hiring qualifications and training requirements for personnel and what equipment was to be issued all personnel.  In addition, the Contractor Officer ("CO") for the CIVPOL Government Contract at the State Department has the authority to direct Defendants to remove any personnel." *Notice of Removal*, ¶ 13.

3.    "Defendants will assert, and have a colorable basis for asserting, *inter alia*, federal common law defenses, including the Government Contractor Defense ..." *Notice of Removal*, ¶ 17.

4.    "In additional, Defendants will assert, inter alia, a defense based on the exclusivity of remedies ... as established by the Defense Base Act ... and the Longshore and Harbor Workers' Compensation Act." *Notice of Removal*, ¶ 18.

DB02:5556482.1                                                          065122.1001

Since defendants failed to state their grounds for removal with any specificity, plaintiffs must address all possible grounds that could be recognized in that Notice, including 28 U.S.C. § § 1331, 1441, 1442 and <u>Boyle</u>.

**A.    28 U.S.C. § 1331 Does Not Confer Jurisdiction Upon This Court Because None of Plaintiffs' Claims Arise under the Constitution, Laws, or Treaties of the United States.**

28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs have not alleged any causes of actions arising under the Constitution, laws, or treaties of the United States. Defendants admit as much when they declare they "will assert ... federal common law **defenses**, including the Government Contractor Defense" and "will assert, *inter alia*, a **defense** based upon ... the Defense Base Act ... and the Longshore and Harbor Workers' Compensation Act, ... a federal statute." *See Notice of Removal*, ¶¶ 17-18, (emphasis added).

An anticipated defense based upon federal law does not create subject matter jurisdiction. <u>Mottley</u>, 211 U.S. at 152. Rather, "In order for a case to be removable under §§1441 and 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." <u>Railway Labor Executives Ass'n v. Pittsburgh & L.E.R.R.</u>, 858 F.2d 936, 939 (3d Cir. 1988) (citation omitted); *see* <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). "Nonetheless, under an exception to the well-pleaded complaint rule known as the complete preemption doctrine, the preemptive force of a statute can be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" <u>Krashna v. Oliver Realty, Inc.</u>, 895 F.2d 111, 113 (3d Cir. 1990).

4

065122.1001

Defendants have not properly pled the two-part test for complete preemption in Krashna. Plaintiffs, however, anticipate that Defendants will now use Plaintiffs' research to invent a pre-emption claim for their Response, and so Plaintiffs add this background. In establishing the test for pre-emption, Krashna approvingly cited Aaron v. National Union Fire Ins. Co., 876 F.2d 1157, (5th Cir. 1989). The Defense Base Act, to which Defendants vaguely allude in ¶ 18, applies the Longshore and Harbor Workers' Compensation Act (hereinafter "LHWCA") to persons working abroad under government contracts or subcontracts. *See* 42 U.S.C. § 1651(a). The LHWCA, in turn, does not provide any direct causes of action, does not pre-empt state tort law, and has already been held to be "nothing more than a statutory defense to a state-court cause of action -- **the classic circumstance of non-removability**." Aaron, 876 F.2d at 1166, (emphasis added). Aaron is good law, with no precedent anywhere in the United States questioning its conclusion about the non-removability of claims for which the Defense Base Act is anticipated as a defense. Thus, even after Defendants invent or allude to a new argument, this case unambiguously fails the "well-pleaded complaint" rule for "arising under" subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and so this action is not removable and should be remanded.

**B.     28 U.S.C. § 1441(b) is Inapplicable Because Plaintiffs' Claims Do Not Arise Under the Constitution, Treaties or Laws of the United States and Because At Least One of the Parties in Interest is a Citizen of Delaware, the State in Which the Action Was Brought.**

28 U.S.C. § 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the

5

parties. Any other such action shall be removable only if none of
the parties in interest properly joined and served as defendants is a
citizen of the State in which such action is brought.

As addressed above, under the well-pleaded complaint rule, none of Plaintiffs'

claims arise under the laws of the United States. To avoid state court prejudice, Congress has

provided another avenue for removal pursuant to § 1441(b), so long as none of the defendants

are citizens of the State in which the action is brought. Defendants, however, are citizens of the

State of Delaware, the State in which Plaintiffs' action was brought. Defendants' Notice of

Removal thus fails 28 U.S.C. § 1441(b)'s requirements for removal based upon diversity, and

this action should be remanded.

**C.      28 U.S.C. § 1442(a)(1) Is Inapplicable Because Defendants Have Failed To Plead
         Properly Within This Court's And The Third Circuit's Well-Established Standards
         And Because Defendants Have Not Even Averred, Much Less Produced Evidence,
         That Their Conduct Was Specifically Directed By A Federal Officer**

28 U.S.C. § 1442(a)(1) provides:

(a)      A civil action or criminal prosecution commenced in a
state court against any of the following may be removed by them
to the district court of the United States for the district and division
embracing the place wherein it is pending:

(1)      The United States or any agency thereof or any
officer (or any person acting under that officer) of the United
States or of any agency thereof, sued in an official or individual
capacity for any act under color of such office or on account of any
right, title or authority claimed under any Act of Congress for the
apprehension or punishment of criminals or the collection of the
revenue.

In the Third Circuit, claims for removal pursuant to 28 U.S.C. § 1442(a)(1) are evaluated under

the Feidt test, which requires the Defendant establish that:

(1)      it is a "person" within the meaning of the statute;

6

(2)    the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office;

(3)    it raises a colorable federal defense; and

(4)    there is a causal nexus between the claims and the conduct performed under color of a federal office.

Feidt, 153 F.3d at 127.  *See also* Megill, 1999 U.S. Dist. LEXIS 4433 * 6 (D. Del.)(Exhibit A);

N.J. Dep't of Envtl. Prot. v. Dixo Co., 2006 U.S. Dist. LEXIS 68288 * 5-7 (D. N.J.)(attached as

Exhibit B); Guckin v. Nagle, 259 F. Supp. 2d 406, 416 (E.D. Pa. 2003).

> As the District Court for the District of New Jersey made clear recently,
>
> Because the action at bar involves a private party's attempt to remove under the federal officer removal statute, the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable here. To the contrary, **a private party seeking to assert the right of federal officer removal bears a special burden of establishing the official nature of its activities**.

N.J. Dep't of Envtl. Prot., 2006 U.S. Dist LEXIS 68288 * 6, (internal citations and quotations

omitted, emphasis added).    As the District Court for the Eastern District of Pennsylvania wrote

(and was quoted by N.J. Dep't of Envtl. Prot.),

> **Removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations**. By contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal.

Good v. Armstrong World Indus., 914 F. Supp. 1125, 1128 (E.D.Pa. 1996), (emphasis added).

The cases in N.J. Dep't of Envtl. Prot. and Good were both remanded.  So were Megill and

7

Guckin, cited above.  Plaintiffs have not found **any** cases in which a private party successfully removed under the Feidt test.

Defendants cite only one case in support of their Notice of Removal, Boyle v. United Technologies Corp., 487 U.S. 500 (1988).  Boyle is instructive about the policies implicated by state tort suits that involve government contractors:

> Here the state-imposed duty of care that is the asserted basis of the contractor's liability (specifically, the duty to equip helicopters with the sort of escape-hatch mechanism petitioner claims was necessary) is precisely contrary to the duty imposed by the Government contract (the duty to manufacture and deliver helicopters with the sort of escape-hatch mechanism shown by the specifications). Even in this sort of situation, it would be unreasonable to say that there is always a "significant conflict" between the state law and a federal policy or interest. **If, for example, a federal procurement officer orders, by model number, a quantity of stock helicopters that happen to be equipped with escape hatches opening outward, it is impossible to say that the Government has a significant interest in that particular feature.** That would be scarcely more reasonable than saying that a private individual who orders such a craft by model number cannot sue for the manufacturer's negligence because he got precisely what he ordered.

Boyle, 487 U.S. at 509 (emphasis added).  Boyle is in consonance with the Feidt case law: in order for a private party government contractor to enjoy the benefits of government jurisdictional preference and immunity from liability, that private party must demonstrate, at a minimum, that the conduct complained of was **specifically directed** by the government.  Such a conclusion was already reached by this Court in Megill, which held:

> A crucial element of both the Boyle defense and the removal requirements is missing if the contractor fails to establish a causal connection between the conduct being supervised by the federal officer/government and the conduct deemed offensive in the plaintiff's complaint.

Megill, 1999 U.S. Dist. LEXIS 4433 * 11-12.  Megill involved a suit for a failure to warn against a manufacturer who had used asbestos – pursuant to specific Navy standards – in vessels upon which the Plaintiffs had served.  Megill, too, remanded the case, despite the specific contractual requirements, because the Navy had not required the manufacturer not to warn users of the dangers of asbestos.

Defendants' Notice of Removal provides **no evidence whatsoever of specific government direction**: no direct orders, no comprehensive and detailed regulations, no affidavits, not even general communications from government officers.  The only support provided at all is ¶ 13, which merely asserts the United States Department of State "directed and monitored" the CIVPOL contract, providing only three examples of such direction and monitoring: "hiring qualifications," "training requirements," and "the authority to direct Defendants to remove any personnel."

Such averments of general direction by the Department of State, especially when unsupported by evidence, are not sufficient to meet parts (2), (3) or (4) of the Feidt test.  Far superior arguments to the Defendants' Notice of Removal have already been held insufficient for removal pursuant to 28 U.S.C. § 1442(a)(1).  *See, e.g.,* Good, 914 F. Supp. 1125, 1128-1129 (holding that "acting under the direction of the Navy" was **not** sufficient for removal, which required acting under "direct and detailed control of a federal officer"); *see also* Megill, described two paragraphs above.  Unless and until Defendants can assert, and provide evidence of, the government **specifically directing them** to engage in the tortuous conduct alleged in Plaintiffs' Complaint, removal is not allowed under § 1442(a)(1), and this case should be remanded.

9

**D.    28 U.S.C. § 1447(c) and Controlling Supreme Court Precedent Provides that Costs and Attorney's Fees Should be Awarded When Defendants Did Not Have an Objectively Reasonable Basis for Removal, as is Clear on the Face of Defendants' Notice Which was Improperly Pled and is Unsupported by Any Evidence of the Sort Required by This Court and This Circuit**

28 U.S.C. § 1447(c) provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Chief Justice Roberts recently wrote for the Supreme Court the purposes of 28 U.S.C. § 1447(c):

> Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (holding that courts may award costs and attorney's fees when "the removing party lacked an objectively reasonable basis for seeking removal"). A showing of bad faith is not required to recover attorney's fees. Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). Further, "[t]his **award is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research**." Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997).

Defendants filed their Notice of Removal on September 27, 2006, exactly 20 days after service was effectuated (the limit imposed by Delaware Rules of Civil Procedure), presumably for the sole purpose of prolonging Plaintiffs' litigation as much as possible. Moreover, the Notice of Removal's sole basis, "Defendants' performance under the CIVPOL

10

Government Contract was directed and monitored by the United States Department of State," is directly in opposition to all of the existing precedent, provides no grounds for overruling or distinguishing that precedent, and does not even conform to the pleading requirements set by the Third Circuit in <u>Feidt</u> and recognized by this Court in <u>Megill</u>. As such, Defendants clearly lacked an "objectively reasonable basis for seeking removal," and costs and attorneys' fees should be awarded to Plaintiffs to deter these defendants and future defendants from wasting this Court's time and energy in an attempt to increase plaintiffs' costs and delay a fair disposition of Plaintiffs' claims.

For the foregoing reasons, plaintiffs respectfully request this Court remand the action to the Superior Court of the State of Delaware in and for New Castle County, and award plaintiffs reasonable costs and attorneys' fees.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


Neilli Mullen Walsh (2707)
Ben T. Castle (520)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6603/6618
Attorneys for Plaintiffs

Dion G. Rassias (2829)
James E. Beasley, Jr. (Of Counsel)
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA  19107
(215) 592-1000
Attorneys for Plaintiffs

Dated: 10/12/06

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHELLE DEULEY, Individually, and in her )
Capacities as Surviving Spouse of John Deuley, )
As Executrix of the Estate of John Deuley, Deceased, )
And as Mother, Guardian and/or Next Friend of )
Amberlye Marie Deuley, Justin Andrew Deuley, and )
Jordan Aubrey Deuley, Minor Children of John Deuley; )
JOSEPH AND KIM DICKINSON; KATHY )
GIBSON, Individually, and in her Capacities as )
Surviving Spouse of Gerald Gibson and as )
Executrix of the Estate of Gerald Gibson, Deceased, )
  )
     Plaintiffs, )
  )
     v. )     C.A. No. 06-605 (GMS)
  )
DYNCORP INTERNATIONAL, INCORPORATED, )
a Delaware Corporation, Parent of the co-defendant )
DYNCORP entities, formerly known as )
DI Acquisition Corp; DYNCORP INTERNATIONAL )     TRIAL BY JURY DEMANDED
LLC, a Delaware Limited Liability Corporation; and )
CSC APPLIED TECHNOLOGIES LLC, formerly )
known as Dyncorp Technical Services, LLC, a )
Delaware Limited Liability Corporation, )
  )
     Defendants. )

# EXHIBIT A TO MEMORANDUM OF LAW IN SUPPORT OF OF PLAINTIFFS' MOTION FOR REMAND TO THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

065122.1001

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 4433          Page 1 of 8

Case 1:06-cv-00605-GMS          Document 11-2          Filed 10/12/2006          Page 2 of 9

Service: **Get by LEXSEE®**
Citation: **1999 U.S. Dist. Lexis 4433**

*1999 U.S. Dist. LEXIS 4433, ***

DAVID E. MEGILL and JENNY LEE W. MEGILL, his wife, Plaintiffs, v. WORTHINGTON PUMP, INC., et al., Defendants.

Civil Action No. 98-76-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

1999 U.S. Dist. LEXIS 4433

March 26, 1999, Decided

**DISPOSITION:** [*1] Plaintiffs' motion to remand granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff brought an action in state court against defendant, who supplied equipment to United States Navy vessels, alleging that he was injured by exposure to asbestos in the equipment through defendant's' negligence. Defendant filed a notice of removal from state to federal court pursuant to 28 U.S.C.S. § 1442(a)(1), and plaintiff filed a motion to remand.

**OVERVIEW:** Plaintiff brought an action in state court alleging that he was injured through exposure to asbestos manufactured by defendant while working on board United States Navy vessels. Plaintiff asserted that defendant was negligent in failing to substitute other materials for asbestos, to warn, and to adequately research the dangers of asbestos. Defendant filed a notice of removal pursuant to 28 U.S.C.S. § 1442(a)(1). Plaintiff filed a motion to remand to state court, which the court granted. It held that to establish removal jurisdiction under 28 U.S.C.S. § 1442(a), a defendant must establish that it was a person within meaning of the statute, that plaintiff's claims were based upon defendant's conduct acting under a federal office, that it raised a colorable federal defense, and that there was a causal nexus between claims and the conduct performed under color of a federal office. The court concluded that because defendant had not established that the U.S. Navy prohibited it from effecting product safety, there was no causal connection between plaintiff's claims and the conduct performed under color of a federal office and thus there was no colorable federal defense.

**OUTCOME:** The court granted plaintiff 's motion to remand his action, in which he alleged exposure to asbestos containing-equipment on United States Navy vessels, to state court, after defendant removed the action to federal court. The court held that because there was no causal connection between plaintiff's claims and the conduct performed under color of a federal office, there was no colorable federal defense.

**CORE TERMS:** asbestos, contractor, specifications, removal, federal officer, warning, pump, federal office, state law, colorable, asbestos-containing, manufacture, distribute, color, causal connection, state tort, regulations, vessel, military, supplied, gasket, military equipment, failure to warn, supervised, discovery, removing, supplier, similarly situated, reasons stated, drawing

### LexisNexis(R) Headnotes ❖ Hide Headnotes

Civil Procedure > Removal > Basis > General Overview 🔖

*HN1* ⬇ See 28 U.S.C.S. § 1442(a)(1).

Civil Procedure > Removal > Basis > Cases Involving Federal Officers 🔖

Governments > Federal Government > Claims By & Against 🔖

Governments > Federal Government > Employees & Officials 🔖

*HN2* ⬇ Where a defendant attempts to remove litigation from state to federal court pursuant to the federal officer removal statute, 28 U.S.C.S. § 1442(a)(1), it is defendant's burden to demonstrate that subject matter jurisdiction exists and that removal is proper. There is a distinction between the removal provisions of § 1441, which are to be strictly construed against removal and pursuant to which all doubts should be resolved in favor of remand, and the provisions of § 1442(a), the federal officer removal statute, which are to be broadly construed. More Like This Headnote

Civil Procedure > Removal > Basis > General Overview 🔖

Governments > Federal Government > Claims By & Against 🔖

*HN3* ⬇ To establish removal jurisdiction under 28 U.S.C.S. § 1442(a), a defendant must establish that: (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office. More Like This Headnote

Torts > Products Liability > Design Defects 🔖

Torts > Products Liability > Duty to Warn 🔖

Torts > Public Entity Liability > Immunity > Sovereign Immunity 🔖

*HN4* ⬇ Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. The first two of these conditions assure that the suit is within the area where the policy of the discretionary function would be frustrated - i.e., they assure that the design feature in question was considered by a government officer, and not merely by the contractor itself. The third condition is necessary because, in its absence, the displacement of state tort law would create some incentive for the manufacturer to withhold knowledge of risks, since conveying that knowledge might disrupt the contract but withholding it would produce no liability. This analysis has been applied in failure to warn cases. More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Erie Doctrine 🔖

Torts > Products Liability > Duty to Warn 🔖

Torts > Public Entity Liability > Liability > General Overview 🔖

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 4433

Case 1:06-cv-00605-GMS   Document 11-2   Filed 10/12/2006   Page 4 of 9   Page 3 of 8

*HN5* The government contractor defense pre-empts state tort law when the state-imposed duty of care that is the asserted basis of the contractor's liability is precisely contrary to the duty imposed by the government contract. In order to establish that this displaces any state law duty to warn, defendant must show that the applicable federal contract includes warning requirements that significantly conflict with those that might be imposed by state law. Moreover, it seems clear that the requirement of government approval of reasonably precise specifications mandates that the federal duties be imposed upon the contractor. The contractor must show that whatever warnings accompanied a product resulted from a determination of a government official, and thus that the government itself dictated the content of the warnings meant to accompany the product.  More Like This Headnote

**COUNSEL:** For plaintiffs: Robert Jacobs, Esquire, Vincent J.X. Hedrick, II, Esquire, Jacobs & Crumplar, Wilmington, Delaware.

For Worthington Pump, Inc., defendant: Christian J. Singewald, Esquire, White & Williams, Wilmington, Delaware.

**JUDGES:** Sue L. Robinson, District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION: MEMORANDUM OPINION**

Dated: March 26, 1999

Wilmington, Delaware

Sue L. Robinson, District Judge

## I. INTRODUCTION

Plaintiffs David E. Megill and Jenny Lee W. Megill brought suit against numerous defendants in the Superior Court of the State of Delaware in and for New Castle County. In their complaint, it is alleged that plaintiff David E. Megill was exposed to asbestos and asbestos-containing products and that plaintiffs were injured thereby. The complaint contains allegations that Worthington Pump, Inc. ("Worthington") and other defendants were

> at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, **[*2]** licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

(D.I. 2, Ex. A, 8) Plaintiffs further allege that

> the defendants were negligent in conducting the above activities in that despite the fact that the defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

>> (a) Failed to substitute, suggest, promote or require the substitution

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 4433

Case 1:06-cv-00605-GMS    Document 11-2    Filed 10/12/2006    Page 5 of 9

Page 4 of 8

of materials other than asbestos;

(b) Failed to adequately warn all the potential victims of asbestos including the plaintiff as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c) Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, as to use, and/or exposure of the plaintiff and others similarly situated;

(d) Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the plaintiff and others similarly situated;

(e) Failed **[*3]** to take adequate steps to remedy the above failure, including but not limited to recall of asbestos and asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

(D.I. 2, Ex. A, 13)

Through preliminary discovery, defendant Worthington determined that plaintiff David Megill was exposed to its products while working on board United States Navy vessels. Based on this information, Worthington filed a notice of removal in February 1998 pursuant to *HN1* 28 U.S.C. § 1442(a)(1), which provides in relevant part that

[a] civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

Plaintiffs responded thereto by filing a motion to remand. Following limited **[*4]** discovery, briefing was completed.

For the reasons stated below, plaintiffs' motion to remand (D.I. 5) shall be granted.

## II. FACTS

The relevant facts of record are not in dispute. Defendant Worthington supplied various pumps to the U.S. Navy for use on naval vessels. As averred by John P. McAdams,

all Navy combat vessel equipment, including Worthington pumps, were built according to U.S. Navy and Military specifications under the supervision of Naval officers and civilian employees. Such equipment was approved for installation aboard these vessels exclusively by the Navy and its designated officers and employees.

(D.I. 2, Ex. G, 13) According to the military specifications included in the record, asbestos was specifically mentioned twice: 1) paragraph 3.2.8 provides that "all packing and gaskets shall be in accordance with Drawing B-153" which in turn, specifies "asbestos metallic cloth, sheet" and "asbestos metallic cloth, gasket;" and 2) paragraph 3.3.9.14 provides that "pump casing joints shall be made up using compressed asbestos sheet gaskets." (See. e.g., D.I. 2, Ex. D to Ex. F and Ex. A to Ex. G) The court has discerned no evidence that the specifications **[*5]** address the issues of product research (aside from quality assurance and performance testing), packaging, labels, and warnings as they relate to asbestos. Similarly, there is no evidence of record that Worthington's commercial products (which comport with commercial specifications) in any way deviated from the products sold to the Navy (which comported with military specifications). (D.I. 44 at 38-39, 115, 124)

## III. ANALYSIS

As noted above, _HN2_ defendant Worthington has removed this litigation from state to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Consequently, it is Worthington's burden to demonstrate that subject matter jurisdiction exists and that removal was proper. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In this regard, the Third Circuit apparently has drawn a distinction between the removal provisions of [section] 1441, which "'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" id. (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)), and the provisions of the federal officer removal statute, which **[*6]** are to be "broadly construed." Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994). _HN3_ To establish removal jurisdiction under § 1442(a), a defendant such as Worthington must establish that:

> (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998). See Mesa v. California, 489 U.S. 121, 129, 103 L. Ed. 2d 99, 109 S. Ct. 959 (1989).

With respect to the first of the above requirements, the court finds that, as a corporation, defendant Worthington is a "person" within the meaning of the federal officer removal statute. See Good v. Armstrong World Indus., Inc., 914 F. Supp. 1125, 1127-28 (E.D. Pa. 1996).

The second factor has been described as requiring "a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations." **[*7]** Id. at 1128. In Good, as in the case at bar, the removing defendant offered evidence that it "manufactured and supplied the equipment pursuant to strict direction and control of the United States Navy/Department of the Navy" through "contract documents, design and construction drawings, written specifications, and personal oversight of Westinghouse's work by Naval officers and by civilian employees of the U.S. Navy." Id. at 1128-29. Recognizing that "the United States Navy and many individuals employed by the Navy worked with Westinghouse," the court in Good nevertheless concluded

that Westinghouse had not demonstrated "that the Secretary of the Navy or any other federal officer directly controlled and supervised the work of Westinghouse." Id. The court in Good further found that none of the documents relied on by Westinghouse even mentioned asbestos, bolstering the court's conclusion in that case that no federal officer had "specified the use of asbestos in the design and manufacture" of the Westinghouse products at issue. Id. at 1130.

Following the Third Circuit's mandate to broadly construe the federal officer removal statute, the court finds that Worthington **[*8]** has "set forth the substance of the regulations and specifications" which required "the use of asbestos in the design and manufacture" of its pumps supplied to the Navy. Id. at 1130. Under these circumstances, the court concludes that defendant has adequately demonstrated that it acted "pursuant to an officer's direct orders or comprehensive and detailed regulations." Id. at 1128.

The third factor requires a removing defendant to show that there is a colorable federal defense to a plaintiff's claims. Defendant Worthington asserts the federal common law government contractor defense, as enunciated by the Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500, 101 L. Ed. 2d 442, 108 S. Ct. 2510 (1988). n1 The Supreme Court, in deciding when a contractor providing military equipment to the Federal Government can be held liable under state tort law for injury caused by a design defect, held in Boyle that

> HN4⚓
>
> liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United **[*9]** States about the dangers in the use of the equipment that were known to the supplier but not to the United States. The first two of these conditions assure that the suit is within the area where the policy of the "discretionary function" would be frustrated - *i.e.*, they assure that the design feature in question was considered by a Government officer, and not merely by the contractor itself. The third condition is necessary because, in its absence, the displacement of state tort law would create some incentive for the manufacturer to withhold knowledge of risks, since conveying that knowledge might disrupt the contract but withholding it would produce no liability.

Id. at 512.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 The record contains no evidence that the pumps sold by Worthington to the U.S. Navy were different from those pumps sold commercially. Because the Third Circuit in Carley v. Wheeled Coach, 28 V.I. 310, 991 F.2d 1117 (3d Cir. 1993), concluded that the government contractor defense should be available to all contractors who are "compelled by a contract to perform an obligation for the United States," even where a nonmilitary product is at issue, 991 F.2d at 1120, the Boyle analysis is still appropriate.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*10]**

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 2433
Case 1:06-cv-00605-GMS    Document 13-2    Filed 10/12/2006    Page 8 of 9
Page 7 of 8

The Boyle analysis has been applied in failure to warn cases, such as the one at bar. See e.g., In re Hawaii Fed. Asbestos Cases, 960 F.2d 806 (9th Cir. 1992); In re Joint E. & S. Dist. New York Asbestos Litig., 897 F.2d 626 (2d Cir. 1990). Indeed, the determination of whether defendant has demonstrated a colorable defense under Boyle collapses into the analysis required for determining whether defendant has shown a causal connection between plaintiffs' claims and the conduct performed under color of a federal office.

The Supreme Court in Boyle held that $^{HN5}$the government contractor defense pre-empts state tort law when "the state-imposed duty of care that is the asserted basis of the contractor's liability . . . is **precisely contrary** to the duty imposed by the Government contract. . . ." Boyle, 487 U.S. at 509 (emphasis added). As recognized by the courts above, in order to establish that Boyle displaces any state law duty to warn, defendant

> must show that the applicable federal contract includes warning requirements that significantly conflict with those that might be imposed by state law. Moreover, it seems clear to us that Boyle's requirement **[*11]** of government approval of "reasonably precise specifications" mandates that the federal duties be **imposed** upon the contractor. The contractor must show that whatever warnings accompanied a product resulted from a determination of a government official, . . . and thus that the Government itself "dictated" the content of the warnings meant to accompany the product.

In Re Joint E. & S. Dist. New York Asbestos Lit., 897 F.2d at 630. In In Re New York, as well as in In Re Hawaii, the respective courts found that the government in no way had prohibited the contractors from placing warnings on their asbestos-containing products. Both courts concluded that "there thus existed no conflict between [the contractors'] state law duty to provide adequate warnings to the users of their [products] and the [product design] conditions imposed on them pursuant to the agreements they had entered into with the Government." In Re Hawaii, 960 F.2d at 812. To put the point differently, a crucial element of both the Boyle defense and the removal requirements is missing if the contractor fails to establish a causal connection between the conduct being supervised by the federal **[*12]** officer/government and the conduct deemed offensive in the plaintiff's complaint.

In the case at bar, plaintiffs assert liability based on the following conduct: 1) failure to substitute other materials for asbestos; 2) failure to warn; 3) failure to adequately research the dangers of asbestos; 4) failure to adequately package, distribute and use asbestos; and 5) failure to remedy the above failures. Worthington has not established that the U.S. Navy prohibited it from substituting materials or otherwise changing the specifications, so long as protocol was followed. (D.I. 44 at 25-32, 41-6) Likewise, there is no evidence of record that the U.S. Navy prohibited defendant from, or otherwise directed defendant in, issuing warnings or researching and effecting product safety. Under these circumstances, the court concludes that there is no causal connection between plaintiffs' claims and the conduct performed under color of a federal office; thus, there is no colorable federal defense.

## IV. CONCLUSION

For the reasons stated, plaintiffs' motion to remand is granted.

An order shall issue.

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 4433

Case 1:06-cv-00605-GMS    Document 5142    Filed 10/12/2006    Page 9 of 9    Page 8 of 8

Service: **Get by LEXSEE®**
Citation: **1999 U.S. Dist. Lexis 4433**
View: Full
Date/Time: Thursday, October 12, 2006 - 4:39 PM EDT

* Signal Legend:

- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
(A) - Citing Refs. With Analysis Available
(i) - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

 **LexisNexis**

About LexisNexis  | Terms & Conditions
Copyright ©  2006 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELLE DEULEY, Individually, and in her<br>Capacities as Surviving Spouse of John Deuley,<br>As Executrix of the Estate of John Deuley, Deceased,<br>And as Mother, Guardian and/or Next Friend of<br>Amberlye Marie Deuley, Justin Andrew Deuley, and<br>Jordan Aubrey Deuley, Minor Children of John Deuley;<br>JOSEPH AND KIM DICKINSON; KATHY<br>GIBSON, Individually, and in her Capacities as<br>Surviving Spouse of Gerald Gibson and as<br>Executrix of the Estate of Gerald Gibson, Deceased, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 06-605 (GMS) |
| DYNCORP INTERNATIONAL, INCORPORATED,<br>a Delaware Corporation, Parent of the co-defendant<br>DYNCORP entities, formerly known as<br>DI Acquisition Corp; DYNCORP INTERNATIONAL<br>LLC, a Delaware Limited Liability Corporation; and<br>CSC APPLIED TECHNOLOGIES LLC, formerly<br>known as Dyncorp Technical Services, LLC, a<br>Delaware Limited Liability Corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | TRIAL BY JURY DEMANDED |
| Defendants. | )<br>) | |

# EXHIBIT B TO MEMORANDUM OF LAW IN SUPPORT OF
# OF PLAINTIFFS' MOTION FOR REMAND TO THE
# SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

065122.1001

Service:  Get by LEXSEE®
Citation:  2006 u.s. Dist. Lexis 68288

*2006 U.S. Dist. LEXIS 68288, ***

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., Plaintiffs, v. DIXO COMPANY, INC., et al., Defendants.

View the Full Docket from LexisNexis CourtLink for 2:06cv1041
Civil Action No. 06-1041 (SRC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2006 U.S. Dist. LEXIS 68288

September 22, 2006, Decided

**NOTICE: [*1]** NOT FOR PUBLICATION

**CORE TERMS:** removal, federal officer, recommendation, thorium, federal jurisdiction, hazardous, memorandum, burden of establishing, burden of proof, federal office, jurisdictional, complained-of, litigated, complain, removing, standard of review, retain jurisdiction, discovery, site, subject matter jurisdiction, reasons discussed, party asserting, federal agency, private party, set forth, contractor, correctly, auspices, notice, color

**COUNSEL:** For NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Plaintiff: BARRY A KNOPF, COHN, LIFLAND, PEARLMAN, HERRMANN & KNOPF, ESQS, SADDLE BROOK, NJ; BRENDAN E. RUANE, OFFICE OF THE NJ ATTORNEY GENERAL, TRENTON, NJ; LEONARD Z. KAUFMANN, COHN, LIFLAND, PEARLMAN, HERRMANN & KNOPF, LLP, SADDLE BROOK, NJ.

For THE ADMINSTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, Plaintiff: BARRY A KNOPF, COHN, LIFLAND, PEARLMAN, HERRMANN & KNOPF, ESQS, SADDLE BROOK, NJ; BRENDAN E. RUANE, OFFICE OF THE NJ ATTORNEY GENERAL, TRENTON, NJ.

For DIXO COMPANY, INC., SANDRA AND JERRY CORPORATION, Defendants: DAMON R. SEDITA, SEDITA, CAMPISANO & CAMPISANO, LLC, FAIRFIELD, NJ.

For STEPAN COMPANY, Defendant: JOHN MCGAHREN, STEPHANIE REBECCA FEINGOLD, PATTON BOGGS, LLP, NEWARK, NJ US.

For E.I. DUPONT DE NEMOURS & COMPANY, Defendant: EUGENE J. KUZINSKI, BALLARD SPAHR ANDREWS & INGERSOLL, LLP, VOORHEES, NJ.

For DOW CHEMICAL COMPANY, Defendant: LINDA J. MACK, FOX ROTHSCHILD LLP, LAWRENCEVILLE, NJ.

For PPG INDUSTRIES, INC., Defendant: JOSEPH F. LAGROTTERIA, ST. JOHN & WAYNE, ESQS., NEWARK, NJ.

For CHEMICAL LEAMAN TANK LINES, INC., Defendant: LAURIE ANN POULOS, **[*2]** HOLLAND & KNIGHT LLP, NEW YORK, NY.

For STEPAN COMPANY, Counter Claimant: JOHN MCGAHREN, PATTON BOGGS, LLP, NEWARK, NJ US.

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 68288

Case 1:06-cv-00605-GMS    Document 41-3    Filed 10/12/2006    Page 3 of 8    Page 2 of 7

For NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Counter Defendant: BRETT D. RICKMAN, OFFICE OF NJ ATTORNEY GENERAL, TRENTON, NJ.

For JAMES J. KEATING, INC., Cross Claimant: KERRY E. HIGGINS, MCKENNA, DUPONT, HIGGINS & BYRNES, P.C., RED BANK, NJ.

**JUDGES:** Stanley R. Chesler, United States District Judge.

**OPINION BY:** Stanley R. Chesler

**OPINION:**

**CHESLER,** District Judge

This matter comes before the Court upon Plaintiffs' Motion To Remand this action (docket item # 6) to the Superior Court of New Jersey, Law Division, and upon the Report and Recommendation (docket item # 37) issued by United States Magistrate Judge Patty Shwartz pursuant to 28 U.S.C. § 636(b)(1) on June 12, 2006. Defendant Stepan Company n1 ("Stepan") submitted a timely objection to the Report and Recommendation, and Plaintiffs thereafter submitted a brief in response to Stepan's objection. This Court has considered the papers submitted by the parties in connection with the motion to remand and with Judge Shwartz's Report and Recommendation. It has also examined **[*3]** the analysis of the Magistrate Judge, set forth in the Opinion delivered on the record on June 12, 2006, recommending that this action be remanded to state court. Following a *de novo* review of those matters in the Report and Recommendation to which objection has been filed, and for the reasons discussed below, this Court adopts the June 12, 2006 Report and Recommendation and grants Plaintiffs' motion to remand this action.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Stepan Company owns the Maywood Chemical Company site, one of the properties involved in this action for natural resource damages. Stepan Company acquired Maywood Chemical Company in 1959. For purposes of simplicity, this Court will refer to the entity as "Stepan" regardless of whether the conduct examined occurred before or after 1959.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## I. STANDARD OF REVIEW OF THE REPORT AND RECOMMENDATION

Title 28 U.S.C. § 636(b)(1) authorizes a district judge to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations **[*4]** for the disposition of certain motions. 28 U.S.C. § 636(b)(1) Within ten days of being served with the magistrate judge's Report and Recommendation, any party may file objections to the Report and Recommendation. Id. The statute provides that, in the event an objection is submitted,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive farther evidence or recommit the matter to the magistrate judge with instructions.

Id.

## II. BACKGROUND

This Court adopts the magistrate judge's recitation of the factual and procedural background of this action, set forth in the transcript of proceedings before Judge Shwartz on June 12, 2006. (Transcript of Motion Before the Honorable Patty Shwartz ("Tr.") dated June 12, 2006 at 25:15-29:17.)

## III. LEGAL ANALYSIS

### A. Federal Officer Removal Statute

Defendant Stepan's removal petition asserts that this **[*5]** Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which provides that actions against the "United States or any agency thereof or any officer **(or any person acting under that officer)** of the United States or of any agency thereof sued in an official or individual capacity for any act under color of such office . . ." may be removed to federal court. 28 U.S.C. § 1442(a)(1) (emphasis added). As the language of the statute makes clear, a private party may remove an action based on this "federal officer" removal statute. Id.; New Jersey Department of Environmental Protection v. Exxon Mobil Corp. ("Exxon Mobil"), 381 F.Supp.2d 398, 401 (D.N.J. 2005). To establish federal officer jurisdiction, a defendant must demonstrate that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998). **[*6]** This standard is known as the "Feidt test."

As with removal petitions based on other statutes, the burden of establishing the propriety of removal and the existence of federal jurisdiction under section 1442(a)(1) is upon the removing party. Feidt, 153 F.3d at 127; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991); Gilberg v. Stepan Co., 24 F.Supp.2d 325, 330 (D.N.J. 1998). Because the action at bar involves a private party's attempt to remove under the federal officer removal statute, the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable here. Exxon Mobil, 381 F.Supp.2d at 403 n. 5. To the contrary, a private party seeking to assert the right of federal officer removal "'bear[s] a special burden of establishing the official nature of [its] activities.'" Id. (quoting Freiberg v. Swinerton & Walberg Prop. Svcs., Inc., 245 F.Supp.2d 1144, 1150 (D.Colo. 2002)).

### B. Application of the Feidt Test

Based upon its review of plaintiffs' motion to remand **[*7]** and Stepan's objection to the Report and Recommendation under the Feidt test and under the applicable burden of proof, this Court holds that defendant has failed to meet its burden of establishing the official nature of the conduct of which plaintiffs complain. Magistrate Judge Shwartz properly applied the Feidt test to evaluate the existence of jurisdiction under section 1442(a)(1) and correctly concluded that defendant had failed to satisfy the second and fourth prongs of that test. n2 This Court finds, as the magistrate judge did, that Stepan simply has not provided sufficient evidence to establish that its discharges of hazardous substances were controlled or directed by the government.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 In Exxon Mobil, the court noted that "many courts combine the second and fourth components [of the Feidt test] into one analysis" and elected to follow suit. Exxon Mobil, 381 F.Supp.2d at 403 n. 7. This Court will likewise analyze the second and fourth prongs together.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

To establish that **[*8]** it was "acting under" a federal officer within the meaning of section 1442(a)(1), the private actor defendant must demonstrate that it performed the complained-of activity at the direction of official federal authority. Willingham v. Morgan, 395 U.S. 402, 409, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969); Exxon Mobil, 381 F.Supp.2d at 404; Arness v. Boeing North American, Inc., 997 F.Supp. 1268, 1273 (C.D. Cal. 1998). Moreover, courts generally require that the private actor defendant demonstrate that the federal officer had "direct and detailed control" over the litigated activity. Exxon Mobil, 381 F.Supp.2d at 404; Arness, 997 F.Supp. at 1273; Reed v. Fina Oil & Chem. Co., 995 F.Supp. 705, 710 (E.D.Tex. 1998). The analysis can be summed up as follows:

> Removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations. By contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal. **[*9]**

Good v. Armstrong World Indus., Inc., 914 F.Supp. 1125, 1128 (E.D.Pa. 1996) (citations omitted).

The Court takes notice and accepts as true that Stepan manufactured radiological and chemical products for use by, and pursuant to contracts with, the United States government and its agencies. (Certification of John McGahren in Support of Stepan Company's Brief In Opposition to Plaintiffs' Motion To Remand ("McGahren Cert.") Ex. 1-10.) The fact that Stepan was a government contractor at the relevant time that the allegedly wrongful conduct occurred is, however, unavailing under the Feidt test. Cf. Virden v. Altria Group, Inc., 304 F.Supp.2d 832, 845 (N.D.W.V. 2004) (observing that "paradigm cases in which private actors have succeeded in removing cases under the statute have involved government contractors with *limited discretion*") (emphasis added)). Stepan must demonstrate that the government had "direct and detailed control" over the *litigated activity*.

In this case, insofar as the claims against Stepan are concerned, the litigated activity is Stepan's discharges n3 of hazardous substances on Stepan's Maywood, New Jersey property. **[*10]** (Complaint, PP 68, 70, 73, 75, 81, 86.) In support of its position that the government did in fact direct and control discharges of hazardous material at the Maywood site, Stepan cites two items. (Defendant Stepan's Brief in Opposition to Plaintiffs' Motion For Remand at 12.) One of these is a September 21, 1987 Administrative Order, issued by the United States Environmental Protection Agency ("EPA"), which states in its findings of fact and conclusions of law that "the Atomic Energy Commission (AEC) issued a license to the Maywood Chemical Co. for the possession of thorium wastes stored on the property" and that the "AEC approved the cleanup and burial of wastes on company property." (Notice of Removal, Ex. F, PP 11-12.) The other item is an October 22, 1963 internal company memorandum discussing the thorium waste pile on the Maywood property. In relevant part, that memorandum states as follows:

Get a Document - by Citation - 2006 U.S. Dist. LEXIS 68288

Case 1:06-cv-00605-GMS   Document 16-8   Filed 10/12/2006   Page 6 of 8

Page 5 of 7

However, in 1947 the AEC prompted us to collect the thorium wastes separately and store them for possible emergency use in the future. Therefore, we contend that the AEC prevented Maywood from solving its problem (waste) concurrent with operating the thorium plant and especially prior **[\*11]** to the AEC act [sic] of 1954. For this reason, we intend to approach the AEC when we are ready to move on the thorium dike asking their [sic] financial help in correcting the situation.

(McGahren Cert., Ex. 13.)

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n3 Under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq., "discharge" means "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of hazardous substances into the waters or onto the lands of the State, or into waters outside the jurisdiction of the State when damage may result to the lands, waters or natural resources within the jurisdiction of the State." N.J.S.A. 58:10-23.11b

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Neither of these two documents satisfies Stepan's burden of demonstrating that it acted under the direction of a federal officer in discharging hazardous substances. The AEC's approval of cleanup and burial of waste on the **[\*12]** property does not establish that the United States or one its agencies or departments exercised direct and detailed control over the discharges of which plaintiffs complain. Even viewing this evidence in the light most favorable to Stepan, this Court concludes that, at best, it may be interpreted as showing that Stepan was acting under the general auspices of the government, a showing which falls far short of what is required to establish federal officer removal jurisdiction. The internal memorandum provides no support for Stepan's position. The opinion of an employee of the company that the AEC "prompted" Stepan to collect and store thorium waste and that it is therefore to blame for Stepan's thorium waste problem does not demonstrate that Stepan performed the complained-of discharges at the direction of federal officials.

An opinion brought to the Court's attention by Stepan in a supplemental letter brief dated July 27, 2006 does not alter this Court's analysis. That opinion, in the case of Pierce Morgan v. Ford Motor Co., Civil Action No. 06-1080, concerned a motion for remand based on the failure to meet the requirements of the federal officer removal statute. (Transcript **[\*13]** of Proceedings Before the Honorable Joel A. Pisano dated July 5, 2006 ("Pierce Morgan Tr.") at 3:4-18: attached to July 27, 2006 Supplemental Letter Brief as Ex. 2.) The gravamen of the Pierce Morgan Complaint was that defendant were negligent in their performance of an environmental clean-up as directed by an Administrative Consent Order issued by the EPA. (Pierce Morgan Tr. at 50:4 - 51:5.) The Court found, therefore, that defendants were acting under a federal office with respect to the complained-of conduct. (Id. at 51:22-52:2.) For the reasons discussed above, that is plainly not the case in the action at bar, in which the gravamen of the Complaint does not relate to any activity that Stepan has shown was undertaken under the government's detailed direction.

In short, Stepan has failed to present evidence that the government directed and controlled any aspect of Stepan's disposal of hazardous substances or the associated discharges. n4 It has not met its burden of demonstrating that federal jurisdiction exists under the federal officer removal statute.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 In support of its objections to the magistrate judge's Report & Recommendation, Stepan also submitted the Declaration of Robert Zoch, which it purports constitutes "additional facts and evidence concerning the wartime and post-war control of the federal government over the disposal of waste materials at the Maywood site and the resulting discharges." (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs' Motion For Remand at 14.) This "additional evidence" reiterates that the AEC directed Stepan to segregate and store thorium and lithium waste. It does not, however, touch upon the facts crucial to the analysis of federal officer subject matter jurisdiction in this case. Specifically, like the EPA Administrative Order and internal company memorandum discussed above, it does not provide any indication that the government controlled the discharges of which plaintiff complains.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*14]**

C. Standard of Review of Remand Motion

Stepan also objects to the magistrate judge's Report & Recommendation on the ground that, according to Stepan, Magistrate Judge Shwartz did not apply the correct standard of review to plaintiffs' motion to remand. In particular Stepan asserts that the magistrate judge incorrectly required that Stepan, as the removing party, prove the facts substantiating federal officer removal, rather than accepting as true its allegations of those facts as stated in the Notice of Removal. Stepan argues, in sum, that "the magistrate judge applied a burden of proof . . . that was far more demanding than what is required for a motion to remand under federal officer jurisdiction." (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs' Motion For Remand at 10.) Stepan's position is incorrect and finds no support in our jurisprudence.

Once jurisdiction is challenged, the party invoking federal jurisdiction bears the burden of proving that jurisdiction is proper. Corwin Jeep Sales v. American Motors Sales, 670 F.Supp. 591, 595 (M.D.Pa.1986); see also Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) **[*15]** (holding, in the context of a removal under 28 U.S.C. § 1441, that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court"). While this Court will accept all well-pleaded allegations as true, it need not credit a party's "bald assertions" or "legal conclusions." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). In Gilberg, this Court held that "[a] defendant cannot establish that it was a federal agency or employee, by merely alleging in its Notice, as Stepan does, that it was an 'agent or employee of the United States Government.'" Gilberg, 24 F.Supp.2d at 347. With respect to Stepan's removal petition, Stepan cannot establish that it was acting under the direction of a federal agency or officer by merely alleging that the "harm alleged by Plaintiffs is directly related to the actions taken both by the government itself and pursuant to detailed direction from the government . . ." (Notice of Removal P 26.) The position taken by Stepan, in which it urges that the Court must accept as true its allegations that **[*16]** the criteria for federal officer removal are met, would render the well-established burden of proof on the party asserting federal jurisdiction empty and artificial. This Court concludes that the magistrate judge applied the correct standard and properly looked to Stepan to present evidence supporting the jurisdictional averments of its removal petition.

D. Stepan's Request for Limited Jurisdictional Discovery

During oral argument before Magistrate Judge Shwartz on the motion for remand, Stepan

requested that the Court retain jurisdiction over this case to permit the parties to conduct discovery on the merits of the claims for use of that discovery in the remanded state action. (Tr. 21:14 - 22:19, 23:20 - 24:4.) The magistrate judge was clearly correct in denying that application. If this Court does not have jurisdiction, it cannot "retain jurisdiction" and allow this action to develop in federal court without any basis of authority to adjudicate this controversy. Stepan did not present at oral argument, and does not cite in its brief objecting to the Report & Recommendation, any legal authority for this Court to retain non-existent jurisdiction.

As for its revised request that **[*17]** the Court retain jurisdiction to allow the parties to conduct jurisdictional discovery (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs' Motion For Remand at 20), Stepan correctly recites the law, but its request will not be granted. The District Court "has inherent power and jurisdiction to decide whether it has jurisdiction." In Re Automotive Refinishing Paint Antitrust Lit., 358 F.3d 288, 303 (3d Cir. 2004) (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). The Court may, in its discretion, order discovery to ascertain facts that bear on whether the Court has jurisdiction to entertain the merits of the action. Openheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253, n. 13 (1978); Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455-56 (3d Cir. 2003). The Court, however, declines to order such jurisdictional discovery in this case. Stepan requests this relief for the first time in its brief objecting the Report & Recommendation, and the Court will therefore not entertain it.

## IV. CONCLUSION

For the foregoing **[*18]** reasons, the Court adopts Magistrate Judge Shwartz's Report & Recommendation and accordingly grants Plaintiffs' motion to remand. An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler

United States District Judge

DATED: September 22, 2006

Service:    **Get by LEXSEE®**
Citation:   **2006 u.s. Dist. Lexis 68288**
View:   Full
Date/Time:  Thursday, October 12, 2006 - 4:43 PM EDT

 LexisNexis®

About LexisNexis  |  Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on $\underline{\text{October 12}}$ , 2006, I caused copies of the

within Memorandum of Law In Support Of Plaintiffs' Motion For Remand To The Superior

Court Of The State of Delaware In and For New Castle County to be served electronically and

by hand or mail on attorneys of record, as follows:


       Robert J. Katzenstein, Esquire
       Robert K. Beste, III, Esquire
       Smith, Katzenstein & Furlow LLP
       800 Delaware Avenue, 7th Floor
       P. O. Box 410
       Wilmington, DE 19899

       Robert B. Wallace, Esquire
       Kevin P. Ferrell, Esquire
       Yoora Pak, Esquire
       Wilson, Elser, Moskowitz,
       Edelman & Dicker LLP
       The Colorado Building
       1341 G Street, N.W., 5th Floor
       Washington, DC 20005


                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                *Neilli Mullen Walsh*

                Neilli Mullen Walsh (2707)
                Ben T. Castle (520)
                The Brandywine Building
                1000 West Street, 17th Floor
                P. O. Box 391
                Wilmington, DE 19899-0391
                (302) 571-6618/6603
                Attorneys for Plaintiffs


Dated: *10/12/06*