**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MICHELLE DEULEY**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **C.A. No. 06-605 (GMS)** |
| **v.** | ) |
| | ) |
| **DYNCORP INTERNATIONAL, INC.,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants**. | ) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

COME NOW Defendants DynCorp International, Inc., DynCorp International LLC, and

CSC Applied Technologies LLC (hereinafter "Defendants"), by and through their attorneys,

Smith, Katzenstein & Furlow LLP, and hereby move this Court for an extension of time to file

an Opposition to Plaintiff's Motion for Remand by fourteen (14) days.  In support of their

motion, Defendants state the following:

1.      Plaintiffs originally filed the Complaint in the Superior Court of the State of

Delaware in and for New Castle County on or about August 22, 2006.

2.      Defendants were served with the Complaint on or about September 7, 2006,

through their registered agents in the State of Delaware.

3.      On September 27, 2006, Defendants timely removed the state court action to this

Court pursuant to the federal officer/agent removal statute, 28 U.S.C. § 1442(a)(1), based on

federal statutory and common law defenses, including the exclusivity of remedies under the

Defense Base Act, 42 U.S.C. §§ 1651, *et seq.*, which incorporates and applies the Longshore and

Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, *et seq.*, the government contractor

defense, and the doctrine of political question.  See McMahon v. Presidential Airways, Inc., 410

10019112.DOC

F. Supp. 2d 1189, 1195-1196 (M.D. Fl. 2006) (holding that the federal question jurisdictional requirement is met under the federal officer removal statute if the defense depends on federal law).

4.    Plaintiffs filed a Motion to Remand this action back to the state court on or about October 12, 2006.  Thus, Defendants' Opposition to the Motion for Remand is due on Monday, October 30, 2006.

5.    Defendants filed a Motion to Dismiss on October 25, 2006 as their responsive pleading to the Complaint.

6.    Because of the short time between the date by which Defendants had to file their responsive pleading and the deadline for filing an opposition to the Motion for Remand, Defendants will not have sufficient time to fully address all of the issues raised in Plaintiff's Motion for Remand.  Because the issues raised in Plaintiff's Motion for Remand will determine this Court's jurisdiction, Defendants would like the opportunity to fully address those issues.

7.    Counsel for Defendants has attempted to contact Plaintiff's counsel in Philadelphia several times to discuss the extension for time to file Defendants' Opposition. Counsel for Defendants called Plaintiffs' counsel James Beasley and Dion Rassias on October 17, 2006 at approximately 11:00 a.m. Defendants' counsel spoke with assistant Susan, who informed us that Messrs. Beasley and Rassias were not available.  Counsel for Defendants left a message with Susan, and sent her a follow up email later that day at 3:27 p.m. reminding her about our request to speak with Messrs. Beasley or Rassias.  Counsel for Defendants called for Mr. Rassias on Friday, October 20, but he was again not available.  Finally, counsel for Defendants called Mr. Rassias again on October 24, left another verbal message, and followed

up the verbal message with an email to Susan and Mr. Rassias requesting a return call. Neither

Mr. Rassias nor Mr. Beasley returned any of our phone calls or email message. See Exhibit 1.

8.    This is the first extension of time sought by the Defendants with respect to its

Opposition to Plaintiffs' Motion for Remand.

9.    A Scheduling Order has not yet been issued and discovery deadlines have not

been scheduled; thus, this requested extension of time would not impact on the progress of the

litigation.

WHEREFORE, for the reasons stated above, Defendants respectfully requests that this

Court grant this Motion for Extension of Time to File an Opposition to Plaintiffs' Motion for

Remand.

SMITH, KATZENSTEIN & FURLOW LLP

*Of Counsel*:
Robert B. Wallace
Kevin P. Farrell                          /s/    *Robert K. Beste*          .
Yoora Pak                              Robert J. Katzenstein (Del. ID No. 378)
WILSON, ELSER, MOSKOWITZ,    Robert K. Beste, III (Del. ID No. 3931)
EDELMAN & DICKER LLP         800 Delaware Avenue, 7th Floor
The Colorado Building              P.O. Box 410
1341 G Street, N.W., 5th Floor      Wilmington, DE 19899 (Courier 19801)
Washington, DC 20005             Telephone:    302.652.8400
Telephone:    (202) 626-7660     Facsimile:    302.652.8405
Facsimile:    (202) 628-3606

*Attorneys for Defendants*
*CSC Applied Technologies LLC, DynCorp*
*International, Inc., and DynCorp International LLC*

October 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that Defendants' **MOTION FOR EXTENSION OF TIME TO FILE**

**AN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** was sent via ECF on this

26th day of October, 2006, to:


Neilli Mullen Walsh
Ben T. Castle
Young Conawat Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391


                              /s/     *Robert K. Beste*         .
                              Robert K. Beste, III


10019112.DOC

4

## LOCAL RULE 7.1.1 STATEMENT

Counsel for Defendants has attempted to contact Plaintiffs' counsel in Philadelphia to discuss the extension sought in this motion. Despite several phone calls and messages as detailed in the motion, Plaintiffs' counsel has not returned any calls.


       /s/   *Robert K. Beste*    .
Robert K. Beste, III (Del. ID No. 3931)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MICHELLE DEULEY**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | )  **C.A. No. 06-605 (GMS)** |
|     **v.** | ) |
| | ) |
| **DYNCORP INTERNATIONAL, INC.,** | ) |
| *et al.*, | ) |
| | ) |
|     **Defendants**. | ) |

## <u>ORDER</u>

Upon consideration of Defendants' Motion for Extension of Time to an Opposition to Plaintiffs' Motion for Remand in the above-captioned matter, it is hereby GRANTED. Defendants shall file the Opposition on or before November 13, 2006.

_____

United States District Judge

So Ordered:

_____

Date

10019112.DOC