UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DYNCORP INTERNATIONAL, INC., )<br>*et al.*, )<br>)<br>Defendants. )<br>_____ ) | C.A. No. 06-cv-605 (GMS) |

## DEFENDANTS' REPLY
## TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendants DynCorp International, Inc., DynCorp International LLC, and CSC Applied Technologies LLC (hereinafter "Defendants"), respectfully submit this Reply to Plaintiffs' Response to Defendants' Motion to Dismiss, or in the alternative, Motion to Transfer Venue (D.I. 19) [hereinafter referred to as "Plaintiffs' Response"]. Defendants' filed their Motion to Dismiss or, in the alternative, Motion to Transfer Venue (D.I. 14) [hereinafter referred to as "Defendants' Motion to Dismiss"] as a responsive motion in accordance with Federal Rule of Civil Procedure 81(c) upon proper removal of this case. In further support of this Reply, Defendants state the following:

1. Rule 81(c) of the Federal Rules of Civil Procedure provides in pertinent part: "In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules . . . within 5 days after the filing of the petition for removal . . . ." Fed. R. Civ. P. 81(c).

2. In this case, Defendants removed this action from the Superior Court of the State of Delaware in and for New Castle County ("State Court") before filing an answer or other

responsive motion in that court. D.I. 14, ¶ 21.    Thus, Defendants had five (5) days after removal in which to file an answer or other responsive motion with this Court.  In order to comply with Fed. R. Civ. 81(c), and because Defendants did not have sufficient time to investigate Plaintiffs' claims in order to fully draft an answer or a responsive motion within five (5) days, Defendants filed a Motion for Extension of Time to File Answer or Otherwise Respond to the Complaint.  (See D.I. 6.)  As stated in the Local Rule 7.1.1 Statement attached to the motion for extension, counsel for Defendants repeatedly attempted to contact Plaintiffs' counsel to obtain their consent, but Plaintiffs' counsel did not respond to multiple phone calls or emails.  (See D.I. 6.)  This Court granted Defendants' motion for extension and ordered Defendants to file an answer or responsive motion to Plaintiffs' Complaint by October 25, 2006.  (D.I. 8.)  In compliance with the Court's order, Defendants' filed their responsive a Motion to Dismiss on October 25, 2006.  (See D.I. 14.)

       3.      Plaintiffs filed their Motion for Remand on October 12, 2006.  (D.I. 10 and 11). Plaintiffs do not cite any authority for the proposition that their Motion for Remand discharges Defendants' obligation to file an answer or responsive motion to their Complaint, and to our knowledge there is no such authority.  Rather, Rule 81(c) explicitly provides that the Federal Rules of Civil Procedure apply upon removal. Absent a stay by the Court, Defendants remained obligated to file an answer or responsive motion upon removal in accordance with Rule 81(c). See 14 *Moore's Federal Practice* §§ 81.04[3] and 81.04[4] [b] (Matthew Bender 3d ed. 1997).

       4.      Consequently, Plaintiffs' assertion that Defendants' Motion to Dismiss was "entirely inappropriate and premature" is simply wrong.   In fact, it was required by Rule 81(c).

5.  Plaintiffs have styled their submission (D.I. 19) as "Plaintiffs' Response to Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer Venue."[1] They have not moved this Court for a stay of the briefing schedule with respect to Defendants' Motion to Dismiss. Accordingly, Plaintiffs are responsible for filing a response to Defendants' Motion to Dismiss. If Plaintiffs fail to reply substantively to Defendants' Motion to Dismiss, they risk waiving their right to do so at a later date. See Brooks v. Purcell, 2002 U.S. App. LEXIS 27415 at **10 (3d Cir. Dec. 23, 2002) (Ex. A) (holding that the plaintiff "acted at his on peril when he did not oppose the motion to dismiss" when the district court had not stayed the proceedings).

6.  In the event that the Court considers Plaintiffs' Response as a motion to stay the briefing schedule with respect to Defendants' Motion to Dismiss, Defendants submit that such relief is not necessary. The Court may consider and analyze both motions in a single decision. See Minnis v. Baldwin Bros. Inc., 2005 U.S. App. LEXIS 17655 at **2-3 (3d Cir. 2005) (Ex. B) (noting that the district court conducted one hearing on both the motion to remand and motion to dismiss); Brooks, 2002 U.S. App. LEXIS 27415 at **3-10 (holding that motion to dismiss had not been stayed while motion for remand was pending); Kordus v. Biomark Int'l LLC, 224 F.R.D. 590, 591-592 (D. Del. 2004) (considering both motions for remand and to dismiss in one proceeding). As this Court observed in Kordus, both the motion for remand and the motion to dismiss focus on this Court's subject matter jurisdiction. Kordus, 24 F.R.D. at 592 (comparing the purposes of a motion for remand and a motion to dismiss). In this case, many of the arguments and legal principles raised in Defendants' Motion to Dismiss are inextricably intertwined with the arguments and legal principles raised in Defendants' Opposition to

---

[1] On November 7, 2006, Plaintiffs called to request an extension of time to file their Response to Defendants' Motion to Dismiss. Before Defendants could respond to Plaintiffs' request for an extension, Plaintiffs filed this instant Response instead. Defendants would not have opposed Plaintiffs' request for an extension.

Plaintiffs' Motion for Remand. Thus, in the interest of judicial economy, the Court could address the pending motions together in one decision.

7. In the event the Court decides to stay the briefing schedule with respect to Defendants' Motion to Dismiss, when this stay is lifted and should the Court allow Plaintiffs to submit an Opposition to Defendants' Motion to Dismiss, Defendants respectfully request permission to file a proper Reply Brief addressing the merits of the arguments raised in Plaintiffs' anticipated Opposition.

Defendants respectfully request that this Court deny Plaintiffs' request to stay the briefing schedule with respect to Defendants' Motion to Dismiss, deny Plaintiffs' request to file their opposition to Defendants' Motion to Dismiss until some time after this Court resolves the pending Motion for Remand, and order Plaintiffs to file their opposition by November 20, 2006 (or ten days from its ruling on Plaintiffs' request for a stay).

Dated: November 9, 2006

Respectfully submitted,

SMITH, KATZENSTEIN & FURLOW LLP

*Of Counsel*:
Robert B. Wallace (admitted *pro hac vice*)
Kevin P. Farrell
Yoora Pak
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, N.W., 5th Floor
Washington, DC 20005
Telephone:    (202) 626-7660
Facsimile:    (202) 628-3606

/s/ Robert K. Beste
Robert J. Katzenstein (Del. ID No. 378)
Robert K. Beste, III (Del. ID No. 3931)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone:    (302) 652-8400
Facsimile:    (302) 652-8405

*Attorneys for Defendants*
*DynCorp International, Inc., DynCorp*
*International LLC, and CSC Applied Technologies*
*LLC*

5

246642.2

# EXHIBIT A

LEXSEE

DAVID C. BROOKS, ESQUIRE, PRO SE, Appellant v. PHILIP J. PURCELL, Chairman and Chief Executive Officer; ROBERT G. SCOTT, President and Chief Operating Officer Morgan; Stanley Dean Witter & Co.; MORGAN STANLEY DEAN WITTER & CO.; DAVID NELMS, Chairman of the Board Discover Financial Services, Inc.; DISCOVER FINANCIAL SERVICES, INC.; BRICE BROWN, Executive Inquiry Specialist; SUE DOE; JENNIFER DOE; OZZIE DOE; JANE DOE COOK; JOHN DOES, ONE THROUGH NINE; JANE DOES, ONE THROUGH NINE

No. 02-2370

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

57 Fed. Appx. 47; 2002 U.S. App. LEXIS 27415

December 17, 2002, Submitted under Third Circuit LAR 34.1(a)
December 23, 2002, Decided
December 23, 2002, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C. Civ. No. 02-00882). Honorable Marvin Katz, District Judge.

**DISPOSITION:** Affirmed.

**COUNSEL:** David C. Brooks, Appellant, Pro se, Glenside, PA.

William T. Hangley, Hangley, Aronchick, Segal & Pudlin, Philadelphia, PA, for Appellee.

**JUDGES:** BEFORE: SLOVITER, RENDELL, and GREENBERG, Circuit Judges.

**OPINION BY:** Morton I. Greenberg

**OPINION:**

[*48] OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on plaintiff David C. Brooks' appeal from orders dated April 16, 2002, and April 17, 2002, respectively entered on April 16, 2002, and April 18, 2002, in this civil action arising from a dispute regarding Brooks' dealings with Discover Financial Services. As Brooks explains in his brief, "this case revolves around a series of irregular and unfortunate events which began in February 2001 when the computer network of [his] solo law practice was incapacitated by an insidious computer virus which corrupted all of [his] [**2] information, correspondence, pleadings, financial information and on-line banking software." Appellant's br. at 5. According to Brooks, one consequence of this unfortunate turn of events was that Brooks' account on his Discover card became delinquent following which Discover card reported the delinquency to credit rating agencies. Brooks explains that this information negatively affected his creditworthiness "thus disqualifying him for a loan he needed to finish construction of an (income-producing) day care center and leaving him teetering on the brink of insolvency." Id. at 6.

By reason of the foregoing circumstances, Brooks instituted an action in the Montgomery County, Pennsylvania, Common Pleas Court against Discover Financial Services, Inc., apparently the issuer of his Discover card, as well as certain named and fictitious individuals. The gravamen of the complaint was that the defendants engaged in various wrongful acts against Brooks arising out of his inadvertent delinquency in his Discover card account. The case then went through convoluted twists and turns including being removed to the district court on diversity of citizenship grounds, being remanded to the state [**3] court, and then being removed again. Follow-

ing the second removal, Brooks moved on February 25, 2002, to remand the case again to the state court but the district court on March 12, 2002, entered an order denying the motion "without prejudice to [Brooks] filing an appropriate motion when diversity n1 [sic] has ascertained whether the Doe defendants affect this court's diversity jurisdiction." On February 27, [*49] 2002, the defendants moved for an order postponing their deadline for filing an answer or motion in response to the complaint until after the court ruled on the motion to remand. On March 22, 2002, the court granted the motion and provided that the defendants "shall have until ten days after this Court issues an Order granting or denying Plaintiff's pending Motions for Remand . . . in which to plead or move with respect to the Amended Complaint in this matter." In entering this order, the district court apparently overlooked its March 12, 2002 order that already denied Brooks' second motion to remand.

n1 We believe that the court meant "discovery."

[**4]

Subsequently, the proceedings leading directly to the orders on appeal ensued. On March 26, 2002, the defendants served and filed a motion to dismiss the complaint pursuant to *Fed. R. Civ. P. 12(b)(6)* on the ground that it failed to state a claim on which relief could be granted. Under Local R. Civ. P. 7(1)(c) in the Eastern District of Pennsylvania Brooks had 14 days to respond to this motion but *Fed. R. Civ. P. 6(e)* extended this period three days until April 12, 2002, because the defendants served the motion to dismiss by mail. In the Eastern District of Pennsylvania it is critical that a plaintiff respond to a motion to dismiss because Local R. Civ. P. 7(1)(c) provides with respect to most motions that "in the absence of timely response, the motion may be granted as uncontested . . . ." Brooks, however, did not respond. Accordingly, as authorized by the local rule, the district court granted the motion as uncontested on April 16, 2002, stating in the order, "See Local Rule 7.1(c)." Thus, the court did not rule on the merits and did not determine that the complaint failed to state a claim on which relief could be granted.

Brooks, however, did not ignore completely the defendants' [**5] motion to dismiss, for on April 15, 2002, after the time to respond had expired, he filed a motion seeking to postpone the time for filing his response to the motion to dismiss "until discovery is completed and [the court] has ruled on the pending Motion for Remand to the Court of Common Pleas of Montgomery County." On April 17, 2002, the court denied Brooks' motion as moot because it already had dismissed the case. The court entered the order, however, "without prejudice to the filing of a timely Motion for Reconsideration."

Thereafter on April 26, 2002, Brooks filed a motion for reconsideration of the April 16, 2002 and April 17, 2002 orders. He indicated in his motion that the "grounds for his reconsideration are: (1) the jurisdiction issue is still pending per the Order dated March 22, 2002, (2) discovery, which has a direct bearing [on] this Honorable Court's jurisdiction, is not complete, and (3) Plaintiff's motion to Postpone Response Deadline should have been considered before the Court signed the Order dated April 16, 2002." On May 14, 2002, the district court denied the motion for reconsideration following which Brooks appealed.

On this appeal Brooks contends that the [**6] defendants did not demonstrate that the district court had jurisdiction because the citizenship of what he characterizes as "partially named Defendants" was not established. He thus argues that the district court erred in granting the motion to dismiss before the presence of complete diversity of citizenship was demonstrated. He also maintains that he demonstrated that his neglect in failing to respond to the motion to dismiss was excusable. Finally, he contends that the order of March 22, 2002, granting defendants' motion to postpone their deadline to answer or otherwise move as to the complaint pending the ruling on the motion to remand conveyed the [*50] impression that the jurisdictional issue still was pending and "that all other proceedings were temporarily stayed." Appellant's br. at 3.

After carefully considering this appeal we have concluded as follows. First, the question of whether a motion for remand still was pending when defendants filed their motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* is in a sense immaterial for with or without a motion to remand, *28 U.S.C. § 1447*(c) provides with respect to a removed case that "if at any time before final judgment [**7] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, effectively a case that has been removed to the district court from a state court is subject to an ongoing *constructive* motion to remand. Moreover, a court of appeals on an appeal must inquire into the subject matter jurisdiction of the district court so the constructive ongoing motion to remand survives when the case is appealed. See *Torkelsen v. Maggio (In re Guild & Gallery Plus Inc.), 72 F.3d 1171, 1176 (3d Cir. 1996)*. Thus, without regard for what happened in the district court unless we were satisfied that the district court had jurisdiction we would vacate its order dismissing this matter and remand the case to the district court with instructions to remand it in turn to the state court.

In fact, however, making a plenary determination, see *In re Phar-Mor, Inc. Securities Litigation, 172 F.3d 270, 273 (3d Cir. 1999)*, we find that the district court had jurisdiction. Brooks names three categories of defendants, the specifically named defendants, the John Doe and Jane Doe defendants, and the "partially named" defendants, in particular Sue Doe, Jennifer [**8] Doe, Ozzie Doe, and Jane Doe Cook. The parties agree that there is complete diversity of citizenship between Brooks on the one hand and the specifically named defendants on the other hand. Moreover, there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as *28 U.S.C. § 1441*(a) provides that for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, inasmuch as Brooks is seeking damages in excess of $ 75,000 there can be no doubt that in the absence of the four "partially named" defendants the district court would have had removal jurisdiction under *28 U.S.C. § 1441*(a).

The question then is whether Sue Doe, Jennifer Doe, Ozzie Doe, and Jane Doe Cook have been sued "under fictitious names." In his brief Brooks indicates that "for all we know, at this juncture" their names may be the ones he has specified. Appellant's br. at 14. Plainly, however, unless Brooks can represent that the names are entirely real, and he does not do so, then we must regard the names as at least partially fictitious. [**9] Accordingly, we must determine whether these at least partially fictitious four names must be regarded as fictitious for purposes of *28 U.S.C. § 1441*(a).

Certainly, a name will not be treated as fictitious merely because the name varies from that on a person's birth certificate. Thus, a person named "William" at birth may be known as "Bill" and if so may be sued in that name. Moreover, frequently at marriage a wife will take a husband's name in part. Here, however, Brooks has used names that he has no reason to believe are those of real people and allocated them to the partially named defendants. Moreover, he did not supply sufficient information for the district court to know the specific identity of the four partially named defendants. While it is conceivable that the named defendants could have [*51] identified these defendants they were under no obligation to do so before moving to dismiss. See *Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998)*. Thus, we conclude that we must regard the four names as fictitious for purposes of *28 U.S.C. § 1441*(a) as we believe that Congress intended parties to be disregarded [**10] unless they were identified so that their citizenship could be ascertained. Consequently, we conclude that the district court properly exercised jurisdiction on the basis of diversity of citizenship.

Having reached the merits of the appeal with respect to the granting of the motion to dismiss we will affirm. While we do not doubt that Brooks had some reason to believe that the district court ultimately might remand the case in view of its March 22, 2002 order suggesting that the motion for remand was open, so that to this extent the question of whether the motion to remand was pending is material, the district court nevertheless did not stay the proceedings before it. Furthermore, Brooks should have understood that the proceedings were not stayed. Thus, Brooks acted at his own peril when he did not oppose the motion to dismiss and we cannot say that the district court abused its discretion in dismissing the action. See *Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 516 (3d Cir. 1988)*. Accordingly, we will affirm for this procedural reason.

We close with the following observation. Brooks indicates in his brief that we exercise plenary review on this appeal, citing [**11] *Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000)*. But Doug Grant dealt with a situation in which the district court had made a determination on the merits. Here the court granted a Rule 12(b)(6) motion but did not do so on the basis of its considered determination that the complaint did not state a claim on which relief could be granted. Thus, Doug Grant is not an apposite citation.

For the foregoing reasons we will affirm the orders entered on April 16, 2002, and April 18, 2002.

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg

Circuit Judge

DATED: December 23, 2002

# EXHIBIT B

Case 1:06-cv-00605-GMS   Document 20-2   Filed 11/09/2006   Page 5 of 7

LEXSEE

ROBERT C. MINNIS, SR., Appellant v. BALDWIN BROS. INC.

NO. 04-4103

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

150 Fed. Appx. 118; 2005 U.S. App. LEXIS 17655

April 14, 2005, Submitted Under Third Circuit LAR 34.1(a)
August 18, 2005, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal From the United States District Court For the Western District of Pennsylvania. (D.C. Civ. No. 04-cv-00194E). District Judge: Honorable Sean J. McLaughlin.

**COUNSEL:** ROBERT C. MINNIS, SR., Appellant, Pro se, Erie, PA.

For BALDWIN BROS INC, Appellee: Richard A. Lanzillo, Knox, McLaughlin, Gornall & Sennett, Erie, PA.

**JUDGES:** Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES.

**OPINION:** [*118] PER CURIAM

The appellant, Robert C. Minnis, Sr., appeals pro se from the order of the United States [*119] District Court for the Western District of Pennsylvania dismissing his complaint. We will affirm.

As we write for the parties, we need only review the pertinent facts and procedural history of the underlying matter. On June 21, 2004, Minnis filed a complaint in the Court of Common Pleas of Erie County seeking to recover "pension" benefits from Baldwin Brothers, Inc. ("Baldwin Brothers"). According to Minnis' complaint, before he died in August 1995, J. Robert Baldwin, the former president of Baldwin Brothers, promised Minnis [**2] a $ 400.00 per month pension. Minnis alleged in his complaint that the monthly pension payments were to begin on September 1, 1995, and continue until his death. According to Minnis, Baldwin Brothers has refused to pay the benefits owed to him. Minnis sought damages in the amount of five million dollars.

On July 9, 2004, Baldwin Brothers removed the case to the District Court for the Western District of Pennsylvania on the ground that the state law breach of contract claim asserted in Minnis' complaint was actually a claim for the denial of benefits due to him under the terms of an employee benefits plan and, as such, was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). See *29 U.S.C. § 1132(a)(1)(B)*. Shortly thereafter, Minnis filed a motion to remand. Baldwin Brothers then filed a motion to dismiss pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, arguing that Minnis' ERISA claim was barred by the applicable statute of limitations. On September 29, 2004, the District Court conducted a hearing on the pending motions. At the conclusion of the hearing, the District Court denied Minnis' [**3] motion to remand and granted Baldwin Brothers' motion to dismiss. This timely appeal followed.

Our standard of review of the District Court's dismissal under *Rule 12(b)(6)* is plenary. See *Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998)*. "We must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)*. Moreover, as Minnis filed his complaint pro se, we must liberally construe his pleadings and apply the applicable law, irrespective of whether he has mentioned it by name. See *Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)*.

ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce." *29 U.S.C. § 1002(2)(A)*. ERISA itself does not provide a definition of the term "plan." However, the "term is clearly not intended as a requirement of a writing." *Deibler v. Local Union 23, 973 F.2d 206, 209*

*(3d Cir. 1992)*. [**4] Instead, "the crucial factor in determining whether a 'plan' has been established is whether the employer has expressed an intention to provide benefits on a regular and long-term basis." *Id.* (quotations and citation omitted). In short, a plan under ERISA "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982)*; see also *Henglein v. Informal Plan for Plant Shutdown Ben. for Salaried Employees, 974 F.2d 391, 399 (3d Cir. 1992)*; *Deibler, 973 F.2d at 209* (quoting Donovan as the "prevailing standard for determining whether a 'plan' within the meaning of ERISA has been established"). "Whether a plan exists within the meaning of ERISA is 'a question of fact, to be answered in light of all [*120] the surrounding facts and circumstances and from the point of view of a reasonable person.'" *Deibler, 973 F.2d at 209* (quoting *Wickman v. Northwestern National Ins. Co., 908 F.2d 1077, 1083 (1st Cir. 1990))*. [**5] Therefore, we will reverse the District Court's finding of an ERISA plan only if that finding is clearly erroneous. See *Deibler, 973 F.2d at 210*.

Here, the circumstances surrounding the plan are such that a reasonable person could ascertain the intended benefits and beneficiary. The plan as alleged by Minnis unambiguously provided him $ 400.00 per month for the remainder of his life. See *Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991)* ("We do not interpret Donovan's use of the word 'class' as an absolute requirement of more than one beneficiary or that a plan tailored to the needs of a single employee can not be within ERISA."). Moreover, the source of funding can be reasonably ascertained as the general assets of Baldwin Brothers. See *id.* at 1544 (concluding that "the payment of benefits out of an employer's general assets does not affect the threshold question of ERISA's coverage"). Finally, the procedure alleged by Minnis for receiving benefits is clear: Minnis was to receive a monthly payment of $ 400.00 from Baldwin Brothers until his death. See *Deibler, 973 F.2d at 210* (concluding that even when [**6] "the source of financing and procedure for receiving benefits are never made explicit, [] it is enough if these can be ascertained from the 'surrounding circumstances'"). Under these circumstances, we conclude that the District Court's determination that Minnis' complaint alleged a "plan" within the meaning of ERISA was not clearly erroneous. Accordingly, the District Court did not improperly exercise federal jurisdiction over Minnis' action. n1

n1 Moreover, because Minnis alleged an ERISA plan in his complaint, any state law claims contained therein were preempted by ERISA. See *29 U.S.C. § 1144(a)* (section 514(a)), the express preemption provision of ERISA, provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute); see also *Shaw v. Delta Airlines, 463 U.S. 85, 96-96, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983)* ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.").

[**7]

Likewise, we agree with the District Court that Minnis' ERISA claim is barred by the statute of limitations. Claims brought under ERISA are subject to the relevant state statute of limitations governing contract actions. See *Syed v. Hercules Inc., 214 F.3d 155, 159 (3d Cir. 2000)*; see also *Henglein v. Colt Indus., 260 F.3d 201, 208 (3d Cir. 2001)* (noting that ERISA does not contain its own statute of limitations and, therefore, courts should look to the most analogous state provisions). In Pennsylvania, the statute of limitations for contract actions is four years. See *42 Pa. C.S.A. § 5525(8)*. Generally, a statute of limitations begins to run under Pennsylvania law when a plaintiff's cause of action arises or accrues. See *Leedom v. Spano, 436 Pa. Super. 18, 647 A.2d 221, 226 (Pa. Super. 1994)*. Here, Minnis' cause of action accrued on September 1, 1995, when Baldwin Brothers failed to make its first monthly payment under the terms of the plan. Because Minnis did not file his complaint until June 21, 2004, well after the four year statute of limitations expired, the action is clearly time-barred. Therefore, [**8] the District Court did not err in dismissing Minnis' complaint as untimely. See *Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)* (noting that a complaint may be dismissed pursuant to *Rule 12(b)(6)* on [*121] statute of limitations grounds if the untimeliness of the complaint is apparent on its face).

Accordingly, for the reasons set forth herein and by the District Court, we will affirm the District Court's order dismissing Minnis' complaint and denying his motion to remand.

## CERTIFICATE OF SERVICE

I hereby certify that **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** was served on the following via ECF on this 9th day of November, 2006:

Neilli Mullen Walsh
Ben T. Castle
Young Conawat Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

_____
Etta R. Wolfe (ID No. 4164)

246642.2