IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 06-605 (GMS) |
| | ) |
| DYNCORP INTERNATIONAL, INC., et al., | ) TRIAL BY JURY DEMANDED |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603

Attorneys for Plaintiffs

*Of Counsel:*
James E. Beasley, Jr.
Maxwell S. Kennerly
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
(215) 592-1000

Dated: June 10, 2008

SUPPLEMENTAL ARGUMENT

After briefing was completed on plaintiffs' Motion for Remand[1], several courts, including the United States Supreme Court, have ruled on issues relevant to the remand. All rulings have been favorable to the plaintiff. Plaintiffs submit this Supplemental Memorandum of Law to update the Court accordingly.

The Supreme Court in *Watson v. Philip Morris Cos.*, 127 S. Ct. 2301 (June 11, 2007), **rejected** the use of the federal officer removal statute by a closely-regulated industry. The Court there held that the statute is only available where "the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision." *Watson*, 127 S. Ct. at 2308 (*citing* approvingly *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124-25 (2d Cir. 2007) (denying removal of complaints alleging that corporations had contaminated water supplies through release of MTBE; though defendants used MTBE to comply with Congressional Clean Air Act, defendants did not establish that they were required by the federal government to use MTBE; also requiring "that the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations").

Further, regarding Defendants' claimed federal defenses, the Fifth Circuit has since decided *Lane v. Halliburton*, 2008 U.S. App. LEXIS 11401 (5th Cir. May 28, 2008), specifically **overruling** *Lane v. Halliburton*, *Fisher v. Halliburton, Inc.*, and *Smith-Idol v. Halliburton*, all of which were relied upon heavily by the Defendants here in their Opposition to Plaintiffs' Motion for Remand. The Fifth Circuit rejected attempts at "'semantic cataloguing' of a particular matter as one implicating 'foreign policy' or 'national security,'" instead demanding a "discriminating

---

[1] The last filing was an addendum by plaintiffs filed February 27, 2007.

inquiry into the precise facts and posture of the particular case." *Lane* at * 16. The Court then went into an extended analysis as to whether the LOGCAP contract[2] rendered plaintiffs' claim nonjusticiable under the political question doctrine, holding that none of plaintiff's tort claims would actually intrude upon federal policy, and permitting the case to proceed to trial.

Other district courts have also rejected arguments substantially similar to the Defendants'. See, e.g.: *Ibrahim v. Titan Corp.*, 2007 U.S. Dist. LEXIS 81794 * 28-30 (D.D.C. Nov. 6, 2007) (in tort case against private military contractors operating in Iraq under government contract, government contractor defense available for company whose agents "performed their duties under the **direct** command and **exclusive** operational control of **military** personnel" and rejected for company whose employees retained "significant independent authority."); see also *Baragona v. Kuwait Gulf Link Transp. Co.*, 2007 U.S. Dist. LEXIS 81804 (N.D. Ga. Nov. 5, 2007)(permitting tort suit arising from events entirely in Iraq to proceed because "Iraqi law does **not** contravene Georgia public policy," and so court more than competent to interpret and apply controlling law).

---

[2] A *military* contract with far greater policy overtones than the *civilian* contract at issue here.

Plaintiffs submit that *Watson* is controlling and dispositive, while *Lane*, *Ibrahim*, and *Baragona* are persuasive on these issues. Plaintiffs thus respectfully request this Court grant Plaintiffs' Motion for Remand.

Respectfully submitted,

Neilli Mullen Walsh
by Michael A. [signature]

Neilli Mullen Walsh (2707)
Ben T. Castle (520)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603
Attorneys for Plaintiffs

*Of Counsel:*
James E. Beasley, Jr.
Maxwell S. Kennerly
THE BEASLEY FIRM, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
(215) 592-1000

Dated: June 10, 2008