UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEULEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 06-cv-605 (GMS) |
| v. | ) |
| | ) |
| DYNCORP INTERNATIONAL, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR REMAND

COME NOW, Defendants DynCorp International, Inc. ("DI Inc."), DynCorp International LLC ("DI LLC"), and CSC Applied Technologies LLC ("CSC") [hereinafter collectively referred to as "Defendants"], by and though counsel, Smith, Katzenstein & Furlow LLP, and respond to plaintiffs' Supplemental Memorandum of Law in Support of Plaintiffs' Motion for Remand (Document No. 27).

I. **DEFENDANTS ARE PRIVATE CONTRACTORS WHO WERE PERFORMING DUTIES DELEGATED BY THE U.S. DEPARTMENT OF STATE IN FURTHERANCE OF THE U.S. GOVERNMENT'S FOREIGN POLICY AND THUS, THEY WERE ACTING UNDER A FEDERAL AGENCY AND ENTITLED TO INVOKE THIS COURT'S JURISDICTION PURSUANT TO SECTION 1442(a)**

Plaintiffs' reliance on *Watson v. Philip Morris Cos.*, 127 S. Ct. 2301 (June 11, 2007), is misplaced. In fact, the Supreme Court's discussion about the federal officer removal statute, 28 U.S.C. § 1442(a), in *Watson* actually supports Defendants' arguments and justifies removal of this case to federal court. As a threshold matter, the Supreme Court in *Watson* reiterated its previous holdings that the term "acting under" is broad and to be liberally construed, *id.* at 2304-2305 (citations omitted), and that private parties are authorized to remove actions under Section

1

1442(a) "only if they were authorized to act with or for [federal officers or agents] in affirmatively executing duties under ... federal law," *id.* at 2307 (citations and quotations omitted).

As explained in the *Watson* decision, a private contractor is acting under a federal officer if it "is helping the Government to produce an item that it needs" and/or "perform[s] a job that, in the absence of a contractor with a private firm, the Government itself would have had to perform." *Id.* at 2308. In reaching its decision, the Supreme Court drew a distinction between a government contractor ("a private person act[ing] as an assistant to a federal official in helping that official to enforce federal law" or performing a function that would otherwise be performed by the Government in the absence of a contract) and individuals simply complying with federal laws, regulations and rules. *Id.* at 2307-2308. The Court held that the latter were not authorized to invoke a federal court's jurisdiction under Section 1442. *Id.* at 2308.

In this case, because Defendants were private contractors in a contractual arrangement with the U.S. Department of State to carry out the United States' mission, responsibilities, and obligations with respect to the international CIVPOL program (a vital foreign policy tool)[1] -- a function that would otherwise be performed by the U.S. Government, Defendants were acting under the direction of a federal officer or agency and are entitled to invoke a federal court's jurisdiction under Section 1442(a). *See generally* Defendants' Opposition to Plaintiffs' Motion

---

[1] It is appropriate to consider the totality of the circumstances with respect to the employment of Messrs. Deuley, Gibson and Dickinson in Afghanistan. As acknowledged by the U.S. Supreme Court, "[c]ivilian employees ... play an integral role in military activities." *United States v. Johnson*, 481 U.S. 681, 691 n.11 (1987). The U.S. Court of Appeals for the Third Circuit has taken this approach in similar circumstances involving military service personnel. *See, e.g., Ruggiero v. United States*, 162 Fed. Appx. 140 (3d Cir. 2006) (affirming dismissal of a negligence action against the United States because the decedent's "military service was the but-for cause of his presence in the [military] dorm on the night of his death"); *Richards v. United States*, 176 F.3d 652, 656 (3d Cir. 1999) (affirming dismissal of negligence claims against the United States because the decedent's "relationship with the military -- i.e., the fact that he worked on the Army base and was leaving his duty station [for a nonmilitary purpose] -- is the reason he was traveling on Kentucky Highway 1628 at the time of the accident" and that he "was not simply driving on a public road as a member of the general public").

for Remand (Document 18) and Defendants' Motion to Dismiss and Reply (Documents 13, 14 and 20).

## II.  CASE LAW CONTINUES TO SUPPORT THE ASSERTION OF THE POLITICAL QUESTION DOCTRINE AS A COLORABLE FEDERAL DEFENSE

Plaintiffs also erroneously relies on the decision by the Court of Appeals for the Fifth Circuit in *Lane v. Halliburton*, 2008 U.S. App. LEXIS 11401 (5th Cir.). Contrary to plaintiffs' assertion, the Fifth Circuit's decision in *Lane v. Halliburton* did not overturn all case law supporting the assertion of the political question doctrine as a colorable federal defense during removal under Section 1442(a), and did not completely erode all support for Defendants' position that the claims raised in this case implicate political questions, thereby rendering the claims nonjusticiable. To that end, Plaintiffs' Supplemental Argument inaccurately represents the reach of the Fifth Circuit's decision in *Lane v. Halliburton*.

In *Lane*, the Fifth Circuit consolidated the appeals of three district court decisions -- *Fisher v. Halliburton*, 454 F. Supp. 2d 637 (S.D. Tex. 2006), *Lane v. Halliburton*, 2006 U.S. Dist. LEXIS 63948 (S.D. Tex.), and *Smith-Idol v. Halliburton*, 2006 U.S. Dist. LEXIS 75574 (S.D. Tex.).[2] Without considering the merits of the tort claims raised in these three cases, the Fifth Circuit reversed the district court's dismissal of these cases to allow the parties to proceed with discovery. *See Lane*, 2008 U.S. App. LEXIS 11401, at *34-46. In doing so, the Fifth Circuit expressly recognized that "[i]t is conceivable that further development of the facts on remand will again send this case toward the political question barrier" and that "[p]ermitting this matter to proceed now does not preclude the possibility that the district court will again need to

---

[2] In support of its argument, Defendants only cited two of these three cases -- *Smith-Idol* and *Fisher* -- in a string cite that also contains three other cases (which have not been overturned) supporting Defendants' position that Plaintiffs' claims are nonjusticiable. *See* DynCorp Motion to Dismiss at 24-29; Defendants' Opposition to Motion for Remand at 22-25.

decide whether a political question inextricably arises in this suit." *Lane*, 2008 U.S. App. LEXIS 11401, at *48-49.

In reaching its conclusion, the Fifth Circuit did not hold that the political question doctrine never applied to suits brought against a government contractor. To the contrary, the Fifth Circuit specifically recognized that the district courts properly applied the political question doctrine to foreclose judicial resolution of tort claims against contractors in other cases, such as *Smith v. Halliburton Co.*, 2006 WL 2521326 (S.D. Tex.) (dismissing complaint for lack of jurisdiction based on the political question doctrine in case involving death of contractor by a suicide bomb attack on a military based in Iraq), and *Whitaker v. Kellogg Brown & Root, Inc.*, 444 F. Supp. 2d 1277 (M.D. Ga. 2006) (dismissing complaint for lack of jurisdiction based on the political question doctrine in case involving a soldier's death allegedly caused by acts of a government contractor's employee) -- both of which were cited by Defendants in their Motion to Dismiss as well as their Opposition to Plaintiffs' Motion for Remand. *See Lane*, 2008 U.S. App. LEXIS 11401, at *46; Defendants' Motion to Dismiss at 24-29; Defendants' Opposition to Plaintiffs' Motion for Remand at 24-25. *See also Woodson v. Halliburton*, 2006 WL 2796228 (S.D. Tex.) (dismissing complaint for lack of jurisdiction based on the political question doctrine after concluding that decisions about the adequacy of protection while traveling in Iraq "could not be divided into discrete parts attributable to the [contractors] and the Army"). Thus, contrary to Plaintiffs' conclusion that no precedent exists to support Defendants' assertion of the political question doctrine as a colorable federal defense and that the claims in this case should be dismissed as nonjusticiable, the Fifth Circuit's decision highlights the appropriateness of dismissal as well as the assertion of this doctrine as a federal defense in this case.

In addition, the Fifth Circuit's decision in *Lane* was not decided on any grounds concerning the district court's federal question jurisdiction or the federal officer removal statute. Thus, to the extent Plaintiffs' conclusory statement appears to rely on *Lane* in support of their Motion for Remand (*see* Supplemental Memorandum at 2), Plaintiffs have misstated the significance of the Fifth Circuit's conclusions.

### III. PLAINTIFFS MISCONSTRUE THE *IBRAHIM* AND *BARAGONA* DECISIONS

As this Court knows, Defendants are not required to "win [their] case before [they] can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). The four part test articulated in *Feidt v. Owens Corning Fiberglass Corp.*, 153 F.3d 124, 127 (3d Cir. 1998), only requires Defendants to be able to raise a colorable federal defense.

To that end, contrary to plaintiffs' contention, the U.S. District Court for the District of Columbia in *Ibrahim v. Titan Corp.*, 2007 U.S. Dist. LEXIS 81794 (D.D.C.), did not reject the government contractor defense or an argument that is similar to an argument raised by Defendants in this case. The district court in *Ibrahim* specifically acknowledged the proper assertion of the government contractor defense by a contractor, but held that the court could not grant summary judgment because of the genuine issues of material fact raised in that case. Here, in this case, Defendants submitted an affidavit from Ms. Angelic Little-Turner, the Foreign Affairs Officer assigned to manage the Afghan Police Program in the Bureau of International Narcotics and Law Enforcement Affairs ("INL") in the U.S. Department of State. As stated in her Supplemental Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Remand, Defendants were acting under direct orders from her office with ongoing and continuous oversight and directives when they, for example, conducted the Afghan police force training programs and when they were imbedded in the Afghan Ministry of the Interior (which

oversees the Afghan police force) to assess problems existing in the Ministry that were hampering the reform effort, from which a comprehensive reform plan was proposed by and accepted by the Afghan Government. *See* Defendants' Opposition to Remand, Exhibit 19. Thus, in light of the State Department's verification of Defendants' actions in this case, there can be no question that Defendants have, at a minimum, raised a colorable federal defense under the *Feidt* test to justify removal under Section 1442(a).

Plaintiffs' reliance on *Baragona v. Kuwait Gulf Link Transport Co.*, 2007 U.S. Dist. LEXIS 81804 (N.D. Ga.), is puzzling because it does not discuss whether a case should be remanded to state court because of lack of federal jurisdiction. In addition, there is no discussion about federal officer removal at all. The U.S. District Court for the Northern District of Georgia, whose jurisdiction was not questioned in *Baragona*, concluded that Iraqi law applied and granted a motion to allow affidavits discussing Iraqi law. *Id.* As Defendants have stated in their Motion to Dismiss, the laws of the Dubai Internet City of the Dubai Technology, Electronic Commerce and Media City Free Zone will apply in this case and this Court is more than competent to interpret and apply this controlling law. *See* Defendants' Motion to Dismiss at 11.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Opposition to Plaintiffs' Motion for Remand, Defendants properly removed this case under Section 1442(a). Thus, Plaintiffs' Motion for Remand should be denied.

|  |  |
|---|---|
| | SMITH, KATZENSTEIN & FURLOW LLP |
| *Of Counsel*: | |
| Robert B. Wallace (admitted *pro hac vice*) | |
| Kevin P. Farrell | /s/ Robert K. Beste |
| Yoora Pak | Robert J. Katzenstein (No. 378) |
| WILSON, ELSER, MOSKOWITZ, | Robert K. Beste, III (No. 3931) |
| EDELMAN & DICKER LLP | 800 Delaware Avenue, 10th Floor |
| The Colorado Building | P.O. Box 410 |
| 1341 G Street, N.W., 5th Floor | Wilmington, DE 19899 (Courier 19801) |
| Washington, DC 20005 | Telephone:   (302) 652-8400 |
| Telephone:   (202) 626-7660 | Facsimile:   (302) 652-8405 |
| Facsimile:   (202) 628-3606 | |
| | *Attorneys for Defendants* |
| | *DynCorp International, Inc., DynCorp International LLC, and CSC Applied Technologies LLC* |
| June 24, 2008 | |